UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC. BOND LITIGATION | MASTER FILE 08 Civ. 9522 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' <u>MOTION FOR RECONSIDERATION</u>**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brad S. Karp   (bkarp@paulweiss.com)
Richard A. Rosen  (rrosen@paulweiss.com)
Susanna M. Buergel
(sbuergel@paulweiss.com)
Karen R. King  (kking@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019-6064
Tel.  (212) 373-3000

*Attorneys for Defendants Citigroup Inc., Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew Liveris, Dudley C. Mecum, Ann C. Mulcahy, Vikram Pandit, Richard Parsons,  Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel and David Winkler*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Jay B. Kasner
(jay.kasner@skadden.com)
George A. Zimmerman
(george.zimmerman@skadden.com)

Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for the Underwriter Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARD OF REVIEW ....................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

CONCLUSION ........................................................................................................................ 12

## Table of Authorities

**Page(s)**

**CASES**

*Caiafa* v. *Sea Containers Ltd.*,
   525 F. Supp. 2d 398 (S.D.N.Y. 2007)...................................................................................3

*City of Ann Arbor Employees' Ret. Sys.* v. *Citigroup Mortgage Loan Trust Inc.*,
   No. 08 Civ. 1418, 2010 WL 1371417 (S.D.N.Y. Apr. 6, 2010)........................................ 8, 10

*In re Countrywide Fin. Corp. Sec. Litig.*,
   588 F. Supp. 2d 1132 (C.D. Cal. 2008)...................................................................................8

*DeMaria* v. *Andersen*,
   318 F.3d 170 (2d Cir. 2003) ....................................................................................................3

*In re Friedman's, Inc. Sec. Litig.*,
   385 F. Supp. 2d 1345 (N.D. Ga. 2005) .................................................................................10

*In re Global Crossing, Ltd. Sec. Litig.*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003).....................................................................................3

*Hedgeco, LLC* v. *Schneider*,
   No. 08 Civ. 494 (SHS), 2009 WL 1309782 (S.D.N.Y. May 7, 2009).............................2, 4, 8

*Herman* v. *Fashion Headquarters, Inc.*,
   No. 97 CIV. 8806 (SHS), 1998 WL 851506 (S.D.N.Y. Dec. 8, 1998)....................................2

*In re Indymac Mortgage-Backed Sec. Litig.*,
   No. 09 Civ. 4583 (LAK), 2010 WL 2473243 (S.D.N.Y. June 21, 2010) ..............................10

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) ...........................................................................................11

*In re Lehman Bros. Sec. & ERISA Litig.*,
   684 F. Supp. 2d 485 (S.D.N.Y. 2010)...................................................................................10

*Lewis* v. *Rosenfeld*,
   145 F. Supp. 2d 341 (S.D.N.Y. 2001)......................................................................................2

*Morrison* v. *Nat'l Australia Bank*,
   130 S.Ct. 2869 (2010) .............................................................................................................8

*N.J. Carpenters Health Fund* v. *DLJ Mortgage Capital, Inc.*,
   No. 08 Civ. 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ..............................10

*N.J. Carpenters Health Fund* v. *Residential Capital, LLC*,
   No. 08 Civ. 8781 (HB), 2010 WL 1257528 (S.D.N.Y. Mar. 31, 2010) ................................10

*N.J. Carpenters Vacation Fund* v. *The Royal Bank of Scotland Group, PLC*,
    No. 08 Civ. 5093 (HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ................................. 8

*NECA-IBEW Health & Welfare Fund* v. *Goldman Sachs & Co.*,
    No. 08 Civ. 10783 (MGC) ............................................................................................... 4, 8

*Ong.* v. *Sears, Roebuck & Co.*,
    388 F. Supp. 2d 871 (N.D. Ill. 2004) ................................................................................. 10

*Paracelsus Corp., Sec. Litig.*,
    6 F. Supp. 2d 626 (S.D. Tex. 1998) ................................................................................... 10

*Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*,
    658 F. Supp. 2d 299 (D. Mass. 2009) ............................................................................ 4, 10

*In re Salomon Smith Barney Mut. Fund Fees Litig.*,
    441 F. Supp. 2d 579 (S.D.N.Y. 2006) ................................................................................ 10

*Thomas* v. *U.S.*,
    No. 02 Civ. 6254 (WHP), 2005 WL 2104998 (S.D.N.Y. Sept. 1, 2005) ................................ 2

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
    No. 09 Civ. 01376 (SI), 2010 WL 1661534 (N.D. Cal. Apr. 22, 2010) ................................. 9

**STATUTES**

15 U.S.C. § 77k(a) .................................................................................................................... 3

**OTHER AUTHORITIES**

17 C.F.R. § 229.512 .................................................................................................................. 4

17 C.F.R. § 230.415 .................................................................................................................. 4

Defendants Citigroup Inc. ("Citigroup"), Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, and Citigroup Capital XXI (collectively, "Citigroup Defendants"), together with Defendants C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew Liveris, Dudley C. Mecum, Ann C. Mulcahy, Vikram Pandit, Richard Parsons, Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel, and David Winkler (collectively "Individual Defendants"), and Defendants Banc of America Securities LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Citigroup Global Markets Limited, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Greenwich Capital Markets Inc., J.P. Morgan Chase & Co. (as alleged successor in liability to Bear, Stearns & Co.), Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co., Inc., UBS Securities LLC, and Wachovia Capital Securities, LLC (collectively, the "Underwriter Defendants"), respectfully submit this memorandum in support of their motion for reconsideration of this Court's July 12, 2010 Opinion and Order, to the extent that it holds that plaintiffs in this action have standing to bring claims under Section 11 of the Securities Act of 1933 (the "Securities Act") with respect to Citigroup offerings for securities that they did not purchase.

**PRELIMINARY STATEMENT**

Reconsideration is appropriate where a movant demonstrates that a court "overlooked factual matters or controlling decisions 'that might reasonably be expected to alter

1

the conclusion reached.'" *Hedgeco, LLC* v. *Schneider*, No. 08 Civ. 494 (SHS), 2009 WL 1309782, at *2 (S.D.N.Y. May 7, 2009) (Stein, J.) (citation omitted); *Lewis* v. *Rosenfeld*, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (Scheindlin, J.) (same).  In an Opinion and Order dated July 12, 2010 (the "Order"), the Court held that plaintiffs here have standing to bring claims under Section 11 of the Securities Act on behalf of purchasers of securities issued pursuant to 48 Citigroup Bond Class Securities offerings between 2006 and 2008, despite the fact that plaintiffs admittedly did not purchase securities in 29 of those offerings.  Defendants respectfully submit that the Court, in applying a rule of *constitutional* standing under Article III of the U.S. Constitution focusing on common injury, overlooked controlling Second Circuit law with respect to *statutory* standing under Section 11.  Under that law, only investors who purchased under the registration statement for a specific offering, even where part of a common shelf, may assert a claim with respect to that offering.

Accordingly,  the law of statutory standing requires dismissal of plaintiffs' claims with respect to *all* offerings in which they were not purchasers.  Because the Court's Order does not address statutory standing under Section 11 and because the consequences of its failure to do so are so significant, reconsideration is warranted here.

## STANDARD OF REVIEW

A court may grant a motion for reconsideration when necessary to "correct a clear error or prevent manifest injustice." *Thomas* v. *U.S.*, No. 02 Civ. 6254 (WHP), 2005 WL 2104998, at *2 (S.D.N.Y. Sept. 1, 2005) (Pauley, J.) (internal citations and quotation marks omitted).  "Indeed, a court *should* grant a motion for reconsideration if it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result." *Id.* (internal citations and quotation marks omitted) (emphasis added); *see also Herman* v. *Fashion Headquarters, Inc.*, No. 97 CIV. 8806 (SHS), 1998 WL 851506, at *2 (S.D.N.Y. Dec. 8,

2

1998) (Stein, J.) (granting motion to reconsider order dismissing action pursuant to automatic stay provisions of Bankruptcy Code upon consideration of statutory exceptions to automatic stay).

## ARGUMENT

Section 11(a) limits the universe of purchasers entitled to sue under its provisions:

> In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person *acquiring such security* (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue . . . ."

15 U.S.C. § 77k(a) (emphasis added). Thus, only an investor who "acquir[ed] such security" has statutory standing to sue.

The Second Circuit explained this rule of standing in *DeMaria* v. *Andersen*, 318 F.3d 170, 176 (2d Cir. 2003), adopting an articulation from two other circuits:

> As the Eighth Circuit recently held, 'we read § 11's plain language to state unambiguously that a cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement–so long as the security was indeed issued under *that* registration statement and not another.' *Lee v. Ernst & Young, LLP*, 294 F.3d 969, 976-77 (8th Cir. 2002); *see also Joseph v. Q.T. Wiles*, 223 F.3d 1155, 1159 (10th Cir. 2000) ('[T]he natural reading of 'any person acquiring such security' is simply that the buyer must have purchased a security issued under the registration statement at issue, rather than some other registration statement.').

(Emphasis in original.) Thus, it is settled law in this Circuit that a plaintiff has standing to sue *only* if it purchased under the specific challenged registration statement, "and not another."[1]

---

[1] *See In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003) (Lynch, J.) ("It is well established that a plaintiff seeking to represent a class must be a member of the class he purports to represent," and to possess standing to assert a claim under Section 11 on behalf of a class, "at least one named plaintiff . . . must have purchased [securities] traceable to the challenged offering."); *Caiafa* v. *Sea Containers Ltd.*, 525 F.

3

As this Court properly held, "[e]ach time an issuer makes an offering, it creates a new 'registration statement'" (Order at 27), even if it utilizes the same initial shelf registration and contains some common information.[2] The registration statement for any one such offering is legally (and factually) different from that of any other such offering, despite their shared elements. Consistent with this framework, the Second Circuit's holding in *DeMaria* dictates that a purchaser in one offering under a common shelf does not purchase under the same registration statement as a purchaser in a second offering, and therefore lacks standing to sue with respect to that second offering. Respectfully, *DeMaria* is thus a "controlling decision" that the Court's Order overlooked "'that might reasonably be expected to alter the conclusion reached.'" *Hedgeco*, 2009 WL 1309782, at *2.

---

Supp. 2d 398, 407 (S.D.N.Y. 2007) (Berman, J.) (dismissing claim under Section 11 because "it fails to specify whether [plaintiff's] stock purchase is traceable to a particular offering"); *see also NECA-IBEW Health & Welfare Fund* v. *Goldman Sachs & Co.*, No. 08 Civ. 10783 (MGC), at 40 (Oral Decision) (S.D.N.Y. Jan. 28, 2010) (Cedarbaum, J.) ("[T]he Securities Act of 1933 permits claims to be brought only by purchasers of the securities sued on. And Section 11 limits claims based on misstatements in a registration statement to 'any person acquiring such security.'") (citation omitted), attached hereto as Ex. 49 to the Rosen Declaration; *Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 304 n.3 (D. Mass. 2009) ("The court notes that plaintiffs lack statutory as well as constitutional standing to bring claims against the six Trusts from which they did not purchase securities. The Act permits claims to be brought *only by persons who purchased the securities at issue*. Because plaintiffs did not purchase securities from the six 'outlying' Trusts, they do not have statutory standing to bring suit." (citations omitted)).

[2] This reading is derived directly from Securities and Exchange Commission Rule 415, which provides the regulatory basis for shelf registrations and requires a registrant to furnish certain undertakings pursuant to 17 C.F.R. § 229.512. 17 C.F.R. § 230.415(a)(3). Section 229.512, in turn, states that the registrant undertakes "[t]o file, during any period in which offers or sales are being made, a post-effective amendment to this registration statement," and that

> *for the purpose of determining any liability under the Securities Act of 1933*, each such post-effective amendment *shall be deemed to be a new registration statement relating to the securities offered therein*, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

17 C.F.R. § 229.512(a)(1)-(2) (emphases added); *see also* S.E.C. Release No. 33-6470, n.9 (June 9, 1983) (same).

4

The Second Circuit's formulation of Section 11 standing not only comports with the express statutory text of Section 11(a), but also provides an easily applicable rule of limitation. The "common injury" rule of constitutional standing propounded by plaintiffs, by contrast, would apply broadly to many cases not contemplated by the drafters of Section 11 or the courts, creating numerous anomalies. As illustrated by this case and demonstrated in the table below, one such anomaly arises from the fact that not all offerings made pursuant to an individual registration statement were sold by the same issuer. (*See infra* pp. 6–7.) This fact leads to the incongruous result that, under the Court's ruling, plaintiffs would be allowed to bring Section 11 claims against issuers *from which no named plaintiff purchased a security* and from underwriters *that were not involved in that offering*. Here, *no named plaintiff* concededly purchased in any offering issued by Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, or Citigroup Capital XX. (*See id.*; Compl. Ex. A.) Under the Court's Order, however, plaintiffs would have standing to bring Section 11 claims against *all* of these seven issuers from which they never purchased securities, a result that is flatly inconsistent with controlling precedent.

Similarly, fixed-income securities with markedly different characteristics were issued pursuant to each shelf registration statement. The securities issued under the registration statements included preferred stock and debt securities. (*See infra* pp. 6–7.) The debt securities themselves had different features: some were senior notes, others were subordinated notes, and yet others were company guarantees. (*See id.*) Also, some of the debt securities paid a rate that floated quarterly, others paid a rate that floated monthly, and still others paid a hybrid fixed/floating rate. (*See id.*) Yet *no named plaintiff* purchased any debt securities with hybrid

5

rates or floating monthly rates.  (*See id.*; Compl. Ex. A.)  Nor did any named plaintiff purchase any senior or subordinated debt securities with floating or hybrid rates.  (*See id.*; Compl. Ex. A.)

## The Bond Class Offerings[3]

| Shelf | CUSIP | Sec. Type | Offering Date | Coupon Type | Description | Issuer | Named Plaintiffs' Purchase Dates |
|---|---|---|---|---|---|---|---|
| **Group 1:  Preferred Stocks** ||||||||
| 3/2/06 | 172967ER8 | Pfd | 4/28/08 | Hybrid | Subordinated | Citigroup Inc. | 4/21/08 - 9/18/08 |
| 3/2/06 | 172967572 | Pfd | 1/25/08 | Fixed | Preferred | Citigroup Inc | 1/18/08 - 2/1/08 |
| 3/2/06 | 172967598 | Pfd | 1/23/08 | Fixed | Preferred | Citigroup Inc | 1/17/08 - 10/2/08 |
| 3/2/06 | 172967556 | Pfd | 5/13/08 | Fixed | Preferred | Citigroup Inc | 5/13/08 |
| 6/20/06 | 173101201 | Pfd | 11/22/06 | Fixed | Preferred | Citigroup Capital XVI | None |
| 6/20/06 | 17311U200 | Pfd | 8/15/07 | Fixed | Preferred | Citigroup Capital XIX | None |
| 6/20/06 | 17310G202 | Pfd | 9/15/06 | Fixed | Preferred | Citigroup Capital XV | None |
| 6/20/06 | 17311H209 | Pfd | 3/6/07 | Fixed | Preferred | Citigroup Capital XVII | None |
| 6/20/06 | 173085200 | Pfd | 11/27/07 | Fixed | Preferred | Citigroup Capital XX | None |
| 6/20/06 | 17309E200 | Pfd | 6/30/06 | Fixed | Preferred | Citigroup Capital XIV | None |
| **Group 2: Corporate Bonds with Fixed Coupons** ||||||||
| 3/2/06 | 172967EQ0 | Corp | 4/11/08 | Fixed | Senior | Citigroup Inc. | 4/4/08 - 9/25/08 |
| 3/2/06 | 172967EM9 | Corp | 11/21/07 | Fixed | Senior | Citigroup Inc. | 11/14/07 - 12/19/07 |
| 6/20/06 | 173094AA1 | Corp | 12/21/07 | Fixed | Company Guaranty | Citigroup Capital XXI | 12/17/07 - 11/3/08 |
| 3/2/06 | 172967EL1 | Corp | 10/17/07 | Fixed | Senior | Citigroup Inc | 3/6/08 - 3/27/08 |
| 3/2/06 | 172967ES6 | Corp | 5/12/08 | Fixed | Senior | Citigroup Inc | 7/18/08 |
| 3/2/06 | 172967EU1 | Corp | 8/19/08 | Fixed | Senior | Citigroup Inc | 8/12/08 |
| 3/2/06 | 172967EP2 | Corp | 3/5/08 | Fixed | Senior | Citigroup Inc | 2/27/08 |
| 3/2/06 | 172967DR9 | Corp | 8/25/06 | Fixed | Subordinated | Citigroup Inc | 8/17/06 |
| 3/2/06 | 172967DR9 | Corp | 1/16/07 | Fixed | Senior | Citigroup Inc | 1/10/07 |
| 3/2/06 | 172967EH0 | Corp | 8/15/07 | Fixed | Senior | Citigroup Inc | 8/8/07 |
| 3/2/06 | 172967EH0 | Corp | 9/14/07 | Fixed | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DZ1 | Corp | 2/27/07 | Fixed | Senior | Citigroup Inc | None |

---

[3]  The information contained herein is derived from the prospectuses attached to the accompanying Declaration of Richard A. Rosen in Support of Defendants' Motion for Reconsideration, dated July 26, 2010, and from the certifications contained in Exhibit A of the Consolidated Amended Class Action Complaint.  CUSIPS that are duplicated reflect separate offerings pursuant to a single CUSIP.

| Shelf | CUSIP | Sec. Type | Offering Date | Coupon Type | Description | Issuer | Named Plaintiffs' Purchase Dates |
|---|---|---|---|---|---|---|---|
| 3/2/06 | 172967DZ1 | Corp | 9/14/07 | Fixed | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DY4 | Corp | 2/12/07 | Fixed | Subordinated | Citigroup Inc | 3/14/07 - 12/14/07 |
| 3/2/06 | 172967DQ1 | Corp | 8/2/06 | Fixed | Senior | Citigroup Inc | 7/26/06 |
| 3/2/06 | 172967DQ1 | Corp | 11/7/06 | Fixed | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DU2 | Corp | 9/29/06 | Fixed | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DU2 | Corp | 11/7/06 | Fixed | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DP3 | Corp | 6/28/06 | Fixed | Senior | Citigroup Inc | 6/21/06 - 12/6/07 |
| 3/2/06 | 172967EC1 | Corp | 5/29/07 | Fixed | Senior | Citigroup Inc | 8/6/07 - 8/21/07 |
| 3/2/06 | 172967EJ6 | Corp | 8/27/07 | Fixed | Senior | Citigroup Inc | 8/20/07 |
| **Group 3: Corporate Bonds with Floating or Hybrid Coupons** | | | | | | | |
| 6/20/06 | EG5909395 | Corp | 6/28/07 | Hybrid | Company Guaranty | Citigroup Capital XVIII | None |
| 3/10/06 | 1730T0CR8 | Corp | 5/25/07 | Hybrid | N/A | Citigroup Funding | None |
| 3/2/06 | 172967EG2 | Corp | 8/13/07 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/10/06 | 1730T0FV6 | Corp | 5/7/08 | Floating Quarterly | Company Guaranty | Citigroup Funding | None |
| 3/2/06 | 172967DW8 | Corp | 12/28/06 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/10/06 | 1730T0EK1 | Corp | 10/22/07 | Floating Quarterly | Company Guaranty | Citigroup Funding | 10/19/07 |
| 3/2/06 | 172967DL2 | Corp | 5/18/06 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DL2 | Corp | 6/30/06 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DM0 | Corp | 6/9/06 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DM0 | Corp | 2/16/07 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967EA5 | Corp | 3/7/07 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967ET4 | Corp | 5/13/08 | Floating Quarterly | Senior | Citigroup Inc | None |
| 3/2/06 | 172967DS7 | Corp | 8/25/06 | Floating Quarterly | Subordinated | Citigroup Inc | None |
| 3/2/06 | 172967DS7 | Corp | 12/7/06 | Floating Quarterly | Subordinated | Citigroup Inc | None |
| 3/2/06 | 172967DS7 | Corp | 5/31/07 | Floating Quarterly | Subordinated | Citigroup Inc | None |
| 3/10/06 | 1730T0EP0 | Corp | 5/28/08 | Variable Monthly | Company Guaranty | Citigroup Funding | None |
| 3/10/06 | 1730T0GB9 | Corp | 6/26/08 | Variable Monthly | Company Guaranty | Citigroup Funding | None |

These and other anomalies are inevitable under plaintiffs' rule of standing as adopted by this Court, since it almost always is the case that, where a company issues multiple

7

securities over a period of time, some disclosures and allegedly misleading statements are incorporated in common into the offering documents of those securities. In light of these facts, reconsideration is clearly appropriate. *See Hedgeco*, 2009 WL 1309782, at *2 (determining that "the Court did not focus adequately on one element that is required for each of plaintiff's claims: evidence-or lack thereof-that plaintiff suffered monetary damages," and granting reconsideration after reexamining the facts).

Instead of applying the controlling Second Circuit test for statutory standing, this Court invoked a portion of the test for Article III constitutional standing — whether purchasers in the distinct offerings "suffered from the same alleged injury." (Order at 27.) Even if plaintiffs could show Article III constitutional standing, their claim nevertheless must fail in the absence of statutory standing. *See City of Ann Arbor Employees' Ret. Sys.* v. *Citigroup Mortgage Loan Trust Inc.*, No. 08 Civ. 1418, 2010 WL 1371417, at *7 (S.D.N.Y. Apr. 6, 2010) (Wexler, J.) ("In addition to Constitutional standing, a Plaintiff alleging a violation of Sections 11 or 12 must satisfy statutory standing requirements. Section 11 requires a plaintiff to show that he was *a purchaser of the security at issue*." (emphasis added)).[4]

Both as a matter of Article III constitutional standing and statutory standing, this Court's ruling also departs from numerous other rulings in this District and other districts — many issued after the completion of briefing on defendants' Motions to Dismiss here and thus not considered in the Court's ruling.[5] For example, *N.J. Carpenters Vacation Fund* v. *The Royal*

---

[4] *See also Morrison* v. *Nat'l Australia Bank*, 130 S.Ct. 2869, 2877 (2010) (noting that the question of a court's subject matter jurisdiction "presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief").

[5] In reaching its decision, the Court relied upon *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1164 (C.D. Cal. 2008). (*See* Order at 27.) That opinion, however, conflicts with Second Circuit precedent and Section 11's plain language. *See NECA-IBEW Health & Welfare Fund*, No. 08 Civ. 10783, at 6, 40 (describing *Countrywide* as "the most

8

*Bank of Scotland Group, PLC*, No. 08 Civ. 5093 (HB), 2010 WL 1172694, at *7 (S.D.N.Y. Mar. 26, 2010) (Baer, J.), involved securities issued pursuant to two separate shelf registration statements and fifteen distinct offerings. Plaintiffs, however, only purchased in two offerings (respectively traceable to each of the two shelf registration statements). *Id.* In arguing that they possessed standing, plaintiffs "[sought] to focus on the commonality of the registration statements, and argue[d] that 'purchasers are not required for each offering where the claims arise out of common alleged misstatements and omissions.'" *Id.* The court rejected plaintiffs' reasoning, stating that

> [a]lthough the makeup of each offering in this case is similar, there is no necessary reason for this; just because one offering was comprised of Countrywide-originated subprime loans and allegedly omitted Countrywide's fraudulent lending practices, does not mean that another offering could have been structured with less risky loans and included all necessary disclosures. Put another way, the harm Plaintiffs may have suffered based on misstatements in the Offering Documents for the Certificates they purchased has no bearing on any harm suffered by other investors based on alleged misstatements in other offering documents with details about other offerings that Plaintiffs did not purchase.

*Id.*; *see In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09 Civ. 01376 (SI), 2010 WL 1661534, at *4 (N.D. Cal. Apr. 22, 2010) ("Under applicable regulations, where an offering is made pursuant to a common Registration Statement, but with an amended Prospectus, 'each such post-effective amendment shall be deemed to be a new registration statement . . . .' Although plaintiffs have alleged that the Prospectuses and Prospectus Supplements contained some similar false statements or omissions, the case law is clear that a named plaintiff has

---

criticized case in the country" and as "essentially [a] deviation from the usual rule of standing"). In any event, as the Underwriter Defendants pointed out in their Reply Memorandum of Law in further support of their Motion to Dismiss the Complaint, *Countrywide* was expressly confined to its facts, and has no application to cases like the one before the Court, where vastly disparate disclosures are incorporated into numerous offerings over a period of years. (*See* Underwriter Defs.' Reply Br. at 4–5.)

9

standing under Section 11 only as to the documents that governed his own purchase of securities. Therefore, plaintiffs cannot gain standing purely as a result of the common Registration Statements." (citations omitted)); *In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 491 (S.D.N.Y. 2010) (Kaplan, J.) ("Plaintiffs' argue also that they have standing to bring claims based on the eighty-five offerings because they were conducted pursuant to the same shelf registration statements that governed the nine offerings in which plaintiffs did purchase. The fact remains, however, that plaintiffs have not alleged any injury traceable to the Certificates issued in those offerings.").[6]

---

[6] *See also In re Indymac Mortgage-Backed Sec. Litig.*, No. 09 Civ. 4583 (LAK), 2010 WL 2473243, at *3 (S.D.N.Y. June 21, 2010) (Kaplan, J.) (holding that, for the reasons stated in *In re Lehman Bros.*, plaintiffs did not have standing to challenge disclosures in those offerings in which they did not participate); *N.J. Carpenters Health Fund* v. *Residential Capital, LLC*, No. 08 Civ. 8781 (HB), 2010 WL 1257528, at *4 (S.D.N.Y. Mar. 31, 2010) (Baer, J.) ("[C]ourts in the Second Circuit and elsewhere have similarly concluded that a plaintiff must have purchased in the particular offering in order to have standing to challenge related material misstatements and omissions."); *N.J. Carpenters Health Fund* v. *DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) ("Plaintiff lacks standing to bring claims arising from Offerings in which it did not participate."); *City of Ann Arbor Employees' Ret. Sys.*, 2010 WL 1371417, at *7 ("If Plaintiffs did not purchase those securities, they lack standing to make any claim of injury flowing from false statements referring to lending practices of particular institutions."); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607 (S.D.N.Y. 2006) (Crotty, J.) ("With regard to the sixty-eight funds of which Plaintiffs own no shares, Plaintiffs do not have standing to assert any claims because Plaintiffs cannot satisfy the standing requirements."); *Nomura*, 658 F. Supp. 2d at 303–04 (holding that plaintiffs have no standing to sue on behalf of "purchas[ers] of Certificates that they themselves never purchased"); *In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1371–72 (N.D. Ga. 2005) (denying standing for offerings in which plaintiffs did not participate even where the offerings at issue originated from the same shelf registration statement); *Ong.* v. *Sears, Roebuck & Co.*, 388 F. Supp. 2d 871, 890 (N.D. Ill. 2004) (denying plaintiffs Section 11 standing for offerings in which they did not participate because "a plaintiff must have purchased securities that are the 'direct subject' of the allegedly defective registration statement"); *Paracelsus Corp., Sec. Litig.,* 6 F. Supp. 2d 626, 631 (S.D. Tex. 1998) (holding that "a plaintiff bringing suit under either Section 11 or Section 12 of the Securities Act at least must allege that he or she purchased or acquired the security at issue"). *Accord In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002) (Scheindlin, J.) ("In order to maintain a class action, Plaintiffs must first establish that they have a valid claim

Because plaintiffs here indisputably did not purchase securities under the registration statements in 29 of the 48 offerings with respect to which they purport to sue, settled Second Circuit precedent requires dismissal of their Section 11 claims as to those 29 offerings. As this governing law was not considered in the Court's Order, defendants respectfully request that this Court reconsider the Order.

---

with respect to the shares that they purchased.  If the *named* plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim." (emphasis in original)).

11

## CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court reconsider its Order and dismiss plaintiffs' Complaint to the extent it purports to bring claims under Sections 11 and 15 of the Securities Act for the 29 Citigroup Bond Class Securities offerings in which no named plaintiff purchased securities.

Dated: New York, New York
      July 26, 2010

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:     /s/ Richard A. Rosen
    Brad S. Karp (bkarp@paulweiss.com)
    Richard A. Rosen (rrosen@paulweiss.com)
    Susanna M. Buergel (sbuergel@paulweiss.com)
    Karen R. King (kking@paulweiss.com)

1285 Avenue of the Americas
New York, New York 10019-6064
Tel. (212) 373-3000

*Attorneys for Defendants Citigroup Inc., Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew Liveris, Dudley C. Mecum, Ann C. Mulcahy, Vikram Pandit, Richard Parsons, Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel and David Winkler*

Dated: New York, New York
      July 26, 2010               SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     /s/ Jay B. Kasner
    Jay B. Kasner (jay.kasner@skadden.com)
    George Zimmerman (george.zimmerman@skadden.com)

Four Times Square
New York, NY 10036
(212) 735-3000

*Attorneys for Underwriter Defendants*

13