UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CITIGROUP INC. BOND LITIGATION | MASTER FILE<br>08 Civ. 9522 (SHS) |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brad S. Karp   (bkarp@paulweiss.com)
Richard A. Rosen  (rrosen@paulweiss.com)
Susanna M. Buergel
(sbuergel@paulweiss.com)
Karen R. King  (kking@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019-6064
Tel.  (212) 373-3000

*Attorneys for Defendants Citigroup Inc., Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew Liveris, Dudley C. Mecum, Ann C. Mulcahy, Vikram Pandit, Richard Parsons, Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel, and David Winkler*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Jay B. Kasner
(jay.kasner@skadden.com)
George A. Zimmerman
(george.zimmerman@skadden.com)

Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for the Underwriter Defendants*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT......................................................................................................................1

I.     PLAINTIFFS LACK STANDING UNDER *DEMARIA* V. *ANDERSEN*..........................1

II.    DEFENDANTS ARE ENTITLED TO RAISE THIS ISSUE IN SEEKING RECONSIDERATION............................................................................................6

CONCLUSION.................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Citigroup Inc. Bond Litig.*,
   No. 08 Civ. 9522 (SHS), 2010 WL 2772439 (S.D.N.Y. July 12, 2010) .............................. 2, 6

*Cornwell* v. *Credit Suisse Group*,
   No. 08 Civ. 3758 (VM), 2010 WL 3069597 (S.D.N.Y. July 27, 2010) ................................... 2

*In re Countrywide Fin., Corp. Sec. Litig.*,
   588 F. Supp. 2d 1132 (C.D. Cal. 2009) ............................................................................... 3

*DeMaria* v. *Andersen*,
   318 F.3d 170 (2d Cir. 2003) ............................................................................................. 1, 2

*In re Dreyfus Aggressive Growth Mut. Fund Litig*,
   No. 98 Civ. 4318 (HB), 2000 WL 1357509 (S.D.N.Y. Sept 20, 2000) ................................. 3

*In re Global Crossing, Ltd. Sec. Litig.*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003) ............................................................................... 6, 7

*Hedgeco, LLC* v. *Schneider*,
   No. 08 Civ. 494 (SHS), 2009 WL 1309782 (S.D.N.Y. May 7, 2009) ................................... 8

*Islam* v. *Fischer*,
   No. 07 Civ. 3225 (PKC), 2008 WL 650380 (S.D.N.Y. Mar. 6, 2008) ................................... 7

*In re Lehman Bros. Sec. & ERISA Litig.*,
   684 F. Supp. 2d 485 (S.D.N.Y. 2010) ................................................................................... 5

*N.J. Carpenters Vacation Fund* v. *Royal Bank of Scotland Group*,
   No. 08 Civ. 5093 (HB), 2010 WL 1172694 (S.D.N.Y. Mar 26, 2010) .............................. 4, 5

*In re Paracelsus Corp.*,
   6 F. Supp. 2d 626 (S.D. Tex. 1998) ..................................................................................... 4

*In re Salomon Smith Barney Mut. Fund Fees Litig.*,
   441 F. Supp. 2d 579 (S.D.N.Y. 2006) ................................................................................... 5

*Shrader* v. *CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ............................................................................................. 8, 9

*Shrader* v. *CSX Transp.*,
   No. 94 Civ. 34S, 1994 WL 721364 (W.D.N.Y. Dec. 7, 1994) .............................................. 8

*Thomas* v. *United States*,
   No. 02 Civ. 6254 (WHP), 2005 WL 2104998 (S.D.N.Y. Sept. 1, 2005) .................................2

*United States* v. *Bell*,
   524 F.2d 202 (2d Cir. 1975) ..............................................................................................2

*United States* v. *Oshatz*,
   912 F.2d 534 (2d Cir. 1990) ..............................................................................................2

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
   No. 09 Civ. 01376 (SI), 2010 WL 1661534 (N.D. Cal. Apr. 22, 2010) ...................................5

**PRELIMINARY STATEMENT**

Defendants' Motion for Reconsideration argued that the Court, in holding that plaintiffs have standing to sue on behalf of investors in offerings in which they did not purchase securities, overlooked contrary, controlling language in *DeMaria* v. *Andersen*, 318 F.3d 170, 176 (2d Cir. 2003).  Rather than directly addressing that question, plaintiffs devote the bulk of their opposition to arguing that the Court should not consider its merits.  They argue that defendants failed to raise the issue in the initial briefing and, inconsistently, that the defendants raised the issue and the Court already rejected it.  Neither proposition is correct but, more importantly, plaintiffs do not even attempt to explain how this Court's ruling can be reconciled with the plain language of the Second Circuit's holding in *DeMaria*.  Instead, they urge that, because the narrow issue before the Second Circuit in *DeMaria* was distinct, this Court should ignore the Second Circuit's interpretation of the very same statutory language that is before the Court here.  The Second Circuit has repeatedly held that it is improper for a district court to do so.  Thus, defendants respectfully submit that the Court should reconsider its ruling in light of the controlling Second Circuit precedent in *DeMaria*.

**ARGUMENT**

**I.     PLAINTIFFS LACK STANDING UNDER *DEMARIA* V. *ANDERSEN***

Plaintiffs have largely avoided confronting the substantive merits of defendants' motion.  In *DeMaria*, the Second Circuit expressly stated that "'we read § 11's plain language to state unambiguously that a cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement–so long as the security was indeed issued under *that* registration statement and not another.'"  *DeMaria*, 318 F.3d at 176 (citing *Lee* v. *Ernst & Young, LLP*, 294 F.3d 969, 976–77 (8th Cir. 2002)).  As this Court properly held, each of the offerings in this case was issued pursuant to a separate

1

registration statement, regardless of whether they share a common shelf registration. *In re Citigroup Inc. Bond Litig.*, No. 08 Civ. 9522 (SHS), 2010 WL 2772439, at *13 (S.D.N.Y. July 12, 2010). It follows that plaintiffs have statutory standing only with respect to the offerings in which they purchased. Plaintiffs offer no answer to this simple proposition, because there is none.

Instead, plaintiffs argue that the Court should ignore the Second Circuit's language because the narrow issue before the Second Circuit in *DeMaria* was distinct from the issue here. (Pls.' Br. at 2, 7–8.) They correctly point out that the primary holding of *DeMaria* was that a Section 11 claim may be brought by aftermarket purchasers who could "trace" their shares to an allegedly misleading registration statement, *see DeMaria*, 318 F.3d at 178. However, the Second Circuit reached that holding by analyzing and interpreting the language of Section 11 in a manner that bears on—indeed, that disposes of—the standing issue here. The Second Circuit's plain language, which "would have mandated a different result," *Thomas* v. *United States*, No. 02 Civ. 6254 (WHP), 2005 WL 2104998, at *2 (S.D.N.Y. Sept. 1, 2005), was not directly addressed in this Court's Order.

Even if this part of the Second Circuit's opinion could be considered dictum, it "provid[es] a construction of a statute to guide the future conduct of inferior courts" and cannot be ignored. *United States* v. *Bell*, 524 F.2d 202, 206 (2d Cir. 1975); *see also United States* v. *Oshatz*, 912 F.2d 534, 540 (2d Cir. 1990) ("Even if the panel's disapproval is regarded as dictum, we think it important to make clear that this is dictum that should have been followed in this case and in subsequent cases."); *Cornwell* v. *Credit Suisse Group*, 08 Civ. 3758 (VM), 2010 WL 3069597, at *4 (S.D.N.Y. July 27, 2010) (noting that a court should not "cavalierly

disregard" dictum especially where the controlling court "is providing a construction of a statute to guide the future conduct of inferior courts" (internal quotation marks omitted)).

Similarly, plaintiffs' assertion that the Court "extensively quotes from Section 11 [and] based its holding on the plain language of the statute" is wholly off-point. (Pls.' Br. at 8.) The relevant question here is not whether the Order cited to or relied upon Section 11—which it obviously did—but whether it actually *applied* the correct statutory standing rule under Section 11. In their opening brief, defendants respectfully submitted that instead of applying the bright-line statutory standing rule under Section 11, the Court applied an element of the constitutional standing standard under Article III. (*See* Defs.' Br. at 8.) The correct statutory standing rule, as interpreted by *DeMaria*, mandates dismissal of claims pertaining to offerings in which plaintiffs did not purchase any securities.

Plaintiffs' reliance on the Court's citation of *In re Countrywide Fin., Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1164–66 (C.D. Cal. 2009), is misplaced. (*See* Pls.' Br. at 9.) Plaintiffs fail to recognize that *Countrywide*—a case that no other courts have followed on this point—*did not even cite* the Second Circuit's opinion in *DeMaria*, much less the specific argument raised by defendants here. (*See generally id.*)

With respect to plaintiffs' argument that courts "routinely" hold that purchasers of one security are able to represent purchasers of a different security, (Pls.' Br. at 11), the *only* opinion in this Circuit that plaintiffs were able to cite is Judge Baer's opinion in *In re Dreyfus Aggressive Growth Mut. Fund Litig*, No. 98 Civ. 4318 (HB), 2000 WL 1357509, at *3 (S.D.N.Y. Sept 20, 2000). Yet *Dreyfus* was a *class certification* ruling on whether the plaintiff could meet the typicality requirement of Rule 23(a) despite the fact that it had not invested in all of the securities that were the subject of the suit. *Id.* As Judge Baer himself has recognized, the

3

holding in *Dreyfus* under Rule 23 is not conclusive of the independent *standing* analysis under Section 11. *N.J. Carpenters Vacation Fund* v. *Royal Bank of Scotland Group*, No. 08 Civ. 5093 (HB), 2010 WL 1172694, at *7 n.8 (S.D.N.Y. Mar 26, 2010) (dismissing for lack of standing claims arising from offerings in which plaintiffs did not participate).

Prohibiting plaintiffs from bringing Section 11 claims pertaining to classes of securities they did not purchase or against purchasers from whom they bought no securities comports with the well-established, bright-line statutory standing rule under Section 11. Claims relating to distinct classes of securities or separate issuers arise from independent circumstances and require proof of distinct facts. Under plaintiffs' own reasoning that Section 11 standing is grounded in plaintiffs' alleged injuries, only a plaintiff who suffered injury from a particular class of security or from a particular issuer is well-positioned to aggressively prosecute claims relating to that class of security or issuer.

Additionally, plaintiffs' argument that the numerous District Court opinions in this Circuit and elsewhere rejecting standing for plaintiffs who did not purchase in a particular offering "address fundamentally different circumstances than those present here" (because they involved mortgage-backed securities) unduly limits those opinions. (Pls.' Br. at 12; *see* Defs.' Br. at 8–10 (citing cases).) *In re Paracelsus Corp.*, cited in defendants' brief, (*see* Defs.' Br. at 10 n.6), did *not* involve asset-backed securities, but corporate notes. 6 F. Supp. 2d 626, 631 (S.D. Tex. 1998) (dismissing Section 11 claims related to corporate notes that plaintiff had not purchased and stating that "a plaintiff bringing suit under either Section 11 or Section 12 of the Securities Act at least must allege that he or she purchased or acquired the security at issue"). And while the other cases cited in defendants' opening brief do involve securities backed by discrete pools of debt instruments, nothing in those opinions suggests that they are confined to

that context. *See, e.g., In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09 Civ. 01376 (SI), 2010 WL 1661534, at *4 (N.D. Cal. Apr. 22, 2010) ("Although plaintiffs have alleged that the Prospectuses and Prospectus Supplements contained some similar false statements or omissions, *the case law is clear that a named plaintiff has standing under Section 11 only as to the documents that governed his own purchase of securities*. Therefore, plaintiffs cannot gain standing purely as a result of the common Registration Statements." (emphasis added)); *N.J. Carpenters Health Fund*, 2010 WL 1257528, at *3-4 (dismissing plaintiffs' Section 11 claims for lack of standing because "a plaintiff must have purchased in the particular offering in order to have standing to challenge related material misstatements and omissions").

In any event, the rationale underpinning those opinions involving mortgage-backed securities, that offering documents for separate securities offerings contain or incorporate distinct allegedly false or misleading statements and thus give rise to distinct injuries, applies with equal force here.[1] While there is *some* overlap in content, the offering documents for the 48 Bond Class Securities offerings here did not all incorporate the same Citigroup disclosures. Indeed, as the Appendix to the Complaint clearly demonstrates, there is considerable variation. (*See* Compl. Appx. at A-1–A-23.) There is also significant variation in the *statements made in the various disclosures*, as each contained distinct allegedly false and misleading statements

---

[1] *See, e.g., N.J. Carpenters Vacation Fund*, 2010 WL 1172694, at *7 ("[T]he harm Plaintiffs may have suffered based on misstatements in the Offering Documents for the Certificates they purchased has no bearing on any harm suffered by other investors based on alleged misstatements in other offering documents with details about other offerings that Plaintiffs did not purchase."); *see also In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 491 (S.D.N.Y. 2010) (dismissing claims as to eighty-five offerings in which plaintiffs purchased no securities because they "have not alleged any personal injury stemming" from those offerings); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607 (S.D.N.Y. 2006) (dismissing for lack of standing claims arising out of sixty-eight funds in which no named plaintiff had an interest because they had not alleged any personal injury).

about Citigroup, its exposure to subprime-related assets, and its financial condition. For example, Citigroup's statements about its loan loss reserves, capitalization, and exposure to CDOs and SIVs, as well as the facts underlying those statements of necessity changed from quarter to quarter and year to year. Similarly, whether a particular Citigroup filing complied with GAAP or not is a question distinct from whether any other filing complied with GAAP. Thus, plaintiffs "have not alleged any personal injury stemming" from the offerings in which they purchased no securities, and lack standing under their own theory to bring claims pertaining to those offerings.[2]

## II.  DEFENDANTS ARE ENTITLED TO RAISE THIS ISSUE IN SEEKING RECONSIDERATION

Having failed to address defendants' Motion on its merits, plaintiffs instead argue that the issues raised therein were not previously before the Court and therefore cannot now be raised on a motion for reconsideration. (Pls.' Br. at 7–8; *see also id.* at 3, 10.) Plaintiffs are again wrong.

The standing analysis in *DeMaria* was before the Court on the defendants' motions to dismiss. As plaintiffs concede, the Court cited to *DeMaria* in its opinion on the motion, although it overlooked controlling language relevant to the question of standing. *See In re Citigroup Inc.*, 2010 WL 2772439, at *14. More importantly, while defendants did not cite to *DeMaria* in their briefs in support of their motions to dismiss—which totaled 117 pages and addressed numerous complex questions of fact and law—defendants did cite to *In re Global*

---

[2]  And, as with *DeMaria*, any suggestion that the Court was "aware of" this line of cases prior to issuing its decision and "perfectly understood Defendants' arguments" is unavailing. (Pls. Br. at 11–12.) The Court merely cited *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189 (S.D.N.Y. 2003), for the proposition that "to raise a Section 11 claim, 'a named plaintiff must have purchased shares traceable to the challenged offering.'" *In re Citigroup*, 2010 WL 2772439, at *13 (citing *Global Crossing*, 313 F. Supp. 2d at 207).)

6

*Crossing Sec. Litig.*, 313 F. Supp. 2d 189 (S.D.N.Y 2003), which discussed *DeMaria* at length in its standing analysis. (*See* Underwriter Defs.' Br. at 10–11.) Indeed, the court in *Global Crossing* cited *DeMaria* for the proposition that plaintiffs "may only sue 'so long as the security was indeed issued under that registration statement and not another,'" *Global Crossing*, 313 F. Supp. 2d. at 206, the very proposition defendants now raise on reconsideration. Thus, there is no question that the Second Circuit's controlling interpretation of Section 11 in *DeMaria* was before the Court on defendants' motions to dismiss.[3]

However, plaintiffs' argument that the Court "did not find [*DeMaria*] 'controlling' on the issue of standing," (Pls.' Br. at 2), flatly misreads the record. While the Court's Order generally addressed the issue of plaintiffs' standing to bring Section 11 claims pertaining to offerings in which they purchased no securities, and while it did *cite* to *DeMaria* on a wholly separate question of law, the Court decidedly did not consider the specific precedential argument brought before the Court in defendants' Motion. Indeed, plaintiffs concede that the Court only cited *DeMaria* "for the unremarkable proposition that aftermarket purchasers have standing to pursue a Section 11 claim if 'they can trace their shares to an allegedly misleading registration statement.'" (*Id.* at 7 (citing *In re Citigroup*, 2010 WL 2772439, at *14).)[4] And, as

---

[3] Likewise, the data assembled from the exhibits attached to the Complaint and the offering prospectuses were all incorporated into the Complaint and properly before the Court on defendants' motions to dismiss. (Compl. at 1, 89–95; *id.* at Exs. A–H.) These materials are thus properly considered by the Court as a basis for reconsideration. *See Islam* v. *Fischer*, No. 07 Civ. 3225 (PKC), 2008 WL 650380 (S.D.N.Y. Mar. 6, 2008) (granting motion to reconsider based upon documents incorporated by reference or integral to the complaint though not previously examined by the court).

[4] Perhaps recognizing this fact, plaintiffs argue that "the Court addressed in detail the very issue that Defendants are now attempting to re-litigate: the issue of Plaintiffs' standing under Section 11." (*Id.* at 4.) Yet plaintiffs' articulation of the issue before the Court fails to recognize that the very purpose of Rule 63(b) is to bring to the Court's attention authority or materials that compel a different result *on an issue already decided by the Court*. *See Shrader* v. *CSX Transp.*, No. 94 Civ. 34S, 1994 WL 721364, at *1 (W.D.N.Y. Dec. 7, 1994)

7

noted in defendants' Motion, the standing test the Court applied in its Order was the constitutional standing test under Article III, not the entirely different statutory standing test under *DeMaria*.

In any event, even if the specific authorities and arguments in defendants' Motion had not previously been before the Court, the Court would clearly have discretion to address them now to avoid clear error. The Second Circuit has recognized that consideration of new materials or arguments on a motion to reconsider is a valid exercise of a court's discretion. *See Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that "in light of [defendant's] introduction of *additional relevant case law and substantial legislative history*, we cannot say that the district court's decision to reconsider its earlier ruling was an abuse of discretion" (emphasis added)); *see id.* (noting that defendant "pointed to numerous statements in the [statute's] legislative history" that the district court had not discussed in its prior ruling, and that the district court only considered two of the circuit court decisions on the issue, but not four others contrary to its ruling); *see also Hedgeco, LLC* v. *Schneider*, No. 08 Civ. 494 (SHS), 2009 WL 1309782, at *3 (S.D.N.Y. May 7, 2009) (Stein, J.) ("Because reexamination of the facts that defendants highlight in their motion for reconsideration 'alter[s] the conclusion [previously] reached by the court,' that motion for reconsideration is granted." (citing *Shrader*, 70 F.3d at 257)); *Shrader* v. *CSX Transp.*, No. 94 Civ. 34S, 1994 WL 721364, at *1 (W.D.N.Y. Dec. 7, 1994) ("These decisions and reports of Congress are not merely wasteful repetition of argument– they are important matters this Court overlooked when it decided defendant's motion. Further, *this Court is more inclined to reconsider since the decision on defendant's motion rejected the interpretation other courts have given* section 10." (emphasis added)), *aff'd*, 70 F.3d at 257.

---

(granting reconsideration of prior decision that plaintiff stated a claim under Section 10 of the

8

Such an exercise of discretion would be particularly appropriate in this context: a large, complex litigation that is likely to proceed for years and in which these issues are likely to resurface. In the exercise of sound judicial administration, if the Court is convinced that its earlier ruling was mistaken, it clearly can and should correct that decision rather than let it stand.

---

Federal Employers' Liability Act).

**CONCLUSION**

For the reasons set forth above and in defendants' opening memorandum, defendants respectfully request that the Court reconsider its Order and dismiss plaintiffs' Complaint to the extent it purports to bring claims under Sections 11 and 15 of the Securities Act for the 29 Citigroup Bond Class Securities offerings in which no named plaintiff purchased securities.

Dated: New York, New York
August 16, 2010

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____/s/ Richard A. Rosen_____
  Brad S. Karp  (bkarp@paulweiss.com)
  Richard A. Rosen  (rrosen@paulweiss.com)
  Susanna M. Buergel  (sbuergel@paulweiss.com)
  Karen R. King  (kking@paulweiss.com)

  1285 Avenue of the Americas
  New York, New York  10019-6064
  Tel.  (212) 373-3000

  *Attorneys for Defendants Citigroup Inc., Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew Liveris, Dudley C. Mecum, Ann C. Mulcahy, Vikram Pandit, Richard Parsons, Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel, and David Winkler*

Dated: New York, New York
      August 16, 2010         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     /s/ Jay B. Kasner
    Jay B. Kasner (jay.kasner@skadden.com)
    George Zimmerman (george.zimmerman@skadden.com)

    Four Times Square
    New York, NY 10036
    (212) 735-3000

*Attorneys for Underwriter Defendants*

11