**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| IN RE CITIGROUP INC. BOND LITIGATION | Master File No. 08 Civ. 9522 (SHS) |
|  | ECF CASE |

**THE CITIGROUP DEFENDANTS' AND INDIVIDUAL DEFENDANTS'**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Citigroup, Inc. ("Citigroup"), Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, and Citigroup Capital XXI (collectively, the "Citigroup Defendants"), together with C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth T. Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew N. Liveris, Dudley C. Mecum, Anne Mulcahy, Vikram Pandit, Richard D. Parsons, Charles Prince, Roberto Hernandez Ramirez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel, and David Winkler (collectively, the "Individual Defendants"), upon personal knowledge and/or upon information and belief, answer the Consolidated Amended Class Action Complaint (the "Complaint") as follows:

Each defendant answers only those allegations that pertain specifically to it, him, or her. With respect to the allegations solely concerning other defendants, each defendant lacks knowledge or information sufficient to answer.

1. The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 1, except admit that Citigroup offered certain securities between May 2006 and August 2008 about which the plaintiffs complain (the "Bond Class Securities"), and respectfully refer the Court to the offering materials for those offerings for their actual language and complete contents.

2.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 2, except admit that certain affiliates of Citigroup, among their many, diverse business activities, engaged in the securitization of mortgages, and respectfully refer the Court to Citigroup's public disclosures and statements for a complete description of Citigroup's various business activities.

3.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 3 and respectfully refer the Court to the shelf registration statements, the prospectuses, and pricing supplements, and all SEC filings incorporated therein for all of the offerings at issue in this action (the "Public Offering Materials") for their actual language and complete contents.

4.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 4, and respectfully refer the Court to the referenced Citigroup documents for their actual language and complete contents.

5.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 5 contains allegations pertaining to Citigroup's involvement with structured investment vehicles ("SIVs") prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010. To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 5, except admit that certain affiliates of Citigroup managed certain SIVs at various points in time, and respectfully refer the Court to Citigroup's  public disclosures and statements for a complete description of Citigroup's business activities related to SIVs.

6.      The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 6 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 6, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

7.      The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 7 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 7, and respectfully refer the Court to the referenced Citigroup public disclosure and article for their actual language and complete contents.

8.      The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 8, and respectfully refer the Court to the referenced Public Offering Materials and accounting rules for their actual language and complete contents.

9.      The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 9, except admit that Citigroup conducted a public offering of preferred stock on April 28, 2008, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

10.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 10, except admit that Citigroup held a Town Hall meeting for its employees on November 17, 2008, and respectfully refer the Court to the materials presented at the Town Hall meeting and the referenced press release for their actual language and complete contents.

11.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 11, and respectfully refer the Court to the referenced article and report for their actual language and complete contents.

12.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 12, and respectfully refer the Court to the historical prices of the Bond Class Securities.

13.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 13, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

14.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 14, and respectfully refer the Court to the referenced Public Offering Materials and report for their actual language and complete contents.

15.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 15, and respectfully refer the Court to the referenced article for its actual language and complete contents.

16.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 16, and respectfully refer the Court to the referenced article for its actual language and complete contents.

17.     The Citigroup Defendants and Individual Defendants admit that plaintiffs purport to state the claims and seek the relief described in Paragraph 17, but deny that plaintiffs are entitled to recover on the claims.

18.     The Citigroup Defendants and Individual Defendants admit that the Complaint purports to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and that the Court has subject matter jurisdiction over those claims, but deny that plaintiffs are entitled to recover on the claims.

19.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 19, except admit that Citigroup's headquarters and principal offices are located at 399 Park Avenue, New York, New York 10043, and that venue is proper in this District.

20.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 20.

21.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 21, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 21, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

22.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 22, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 22, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

23.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 23, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 23, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

24.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 24, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 24, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

25.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 25, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 25, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

26.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 26, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 26, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

27.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 27, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 27, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

28.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 28, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 28, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

29.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 29, except admit that Citigroup was incorporated in 1998 under the laws of the State of Delaware, that Citigroup common stock is traded on the New York Stock Exchange under the symbol "C," and that Citigroup's principal offices are located at 399 Park Avenue, New York, New York, and respectfully refer the Court to Citigroup's public disclosures and statements for a complete description of Citigroup's various business activities.

30.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 30, except admit that Citigroup Funding Inc. is a wholly-owned subsidiary of Citigroup and that its offices are located at 399 Park Avenue, New York, New York.

31.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 31, except admit that Citigroup Capital XIV is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

32.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 32, except admit that Citigroup Capital XV is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

33.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 33, except admit that Citigroup Capital XVI is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

34.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 34, except admit that Citigroup Capital XVII is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

35.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 35, except admit that Citigroup Capital XVIII is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

36.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 36, except admit that Citigroup Capital XIX is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

37.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 37, except admit that Citigroup Capital XX is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

38.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 38, except admit that Citigroup Capital XXI is a Delaware statutory trust located at 399 Park Avenue, New York, New York.

39.     Paragraph 39 alleges no facts to which a response is necessary.  To the extent that a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 39.

40.     Paragraph 40 alleges no facts to which a response is necessary.  To the extent that a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 40.

41.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 41, except admit that C. Michael Armstrong (i) served as a member of the Board of Citigroup or its predecessor from 1989 until 2010; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

42.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 42, except admit that Alain J.P. Belda (i) has served as a member of the Board of Citigroup or its predecessor since 1997; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

43.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 43, except admit that Sir Winfried Bischoff served as a member of the Board of Citigroup from 2007 to 2009.

44.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 44, except admit that Michael Conway (i) was at certain times a Vice President and Controller of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.

45.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 45, except admit that Gary Crittenden (i) served as Chief Financial Officer of Citigroup from March 2007 to March 2009; and (ii) signed Citigroup's annual report on Form 10-K filed with the SEC dated February 22, 2008.

46.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 46, except admit that George David (i) served as a member of the Board of Citigroup from 2002 to 2008; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

47.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 47, except admit that Kenneth T. Derr (i) served as a member of the Board of Citigroup or its predecessor from 1987 to 2009; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

48.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 48, except admit that John M. Deutch (i) was a member of the Board of Citigroup or its predecessor from 1996 to 2010; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

49.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 49, except admit that Scott Freidenrich (i) at certain times served as a Director of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.

50.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 50, except admit that James Garnett (i) at certain times served as a Director of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.

51.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 51, except admit that John C. Gerspach (i) at certain times served as Controller and Chief Accounting Officer of Citigroup, a Director of Citigroup Funding, and a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

52.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 52, except admit that Ann Dibble Jordan (i) served as a member of the Board of Citigroup or its predecessor from 1989 to April 17, 2007; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

53.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 53, except admit that Klaus Kleinfeld (i) served as a member of the Board of Citigroup from 2005 to August 15, 2007; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

54.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 54, except admit that Sallie L. Krawcheck (i) at certain times served as the Chief Financial Officer of Citigroup, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

55.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 55, except admit that Andrew N. Liveris (i) has served as a member of the Board of Citigroup since 2005; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

56.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 56, except admit that Dudley C. Mecum (i) served as a member of the Board of Citigroup or its predecessor from 1986 to April 17, 2007; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

57.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 57, except admit that Ann M. Mulcahy (i) served as a member of the Board of Citigroup from 2004 to 2010; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

58.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 58, except admit that Vikram Pandit (i) has served as a member of the Board of Citigroup since December 2007; and (ii) signed Citigroup's annual report on Form 10-K filed with the SEC dated February 22, 2008.

59.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 59, except admit that Richard D. Parsons (i) has served as a member of the Board of Citigroup or its predecessor since 1996; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

60.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 60, except admit that Charles Prince (i) served as a member of the Board of Citigroup from 2003 to November 5, 2007; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

61.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 61, except admit that Roberto Hernandez Ramirez (i) served as a member of the Board of Citigroup from 2001 to 2009; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

62.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 62, except admit that Judith Rodin (i) has served as a member of the Board of Citigroup since 2004; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

63.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 63, except admit that Saul Rosen (i) at certain times served as a Director of Citigroup Funding, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

64.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 64, except admit that Robert E. Rubin (i) served as a member of the Board of Citigroup from 1999 to 2009; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

65.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 65, except admit that Robert L. Ryan has served as a member of the Board of Citigroup since 2007.

66.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 66, except admit that Franklin A. Thomas (i) served as a member of the Board of Citigroup from 1970 to 2009; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.

67.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 67, except admit that Eric L. Wentzel (i) at certain times served as Executive Vice President and Treasurer of Citigroup Funding, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.

68.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 68, except admit that David Winkler (i) at certain times served as Executive Vice President and Chief Financial Officer of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.

69.     Paragraph 69 alleges no facts to which a response is necessary.  To the extent that a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 69.

70.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 70, except admit that A.G. Edwards & Sons, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

71.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 71, except admit that ABN AMRO Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

72.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 72, except admit that Apex Pryor Securities was an underwriter of certain Bond Class Securities offerings at issue in this action.

73.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 73, except admit that B.C. Ziegler and Company was an underwriter of certain Bond Class Securities offerings at issue in this action.

74.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 74, except admit that Banc of America Securities LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

75.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 75, except admit that Barclays Bank PLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

76.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 76, except admit that Barclays Capital Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

77.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 77, except admit that BB&T Capital Markets was an underwriter of certain Bond Class Securities offerings at issue in this action.

78.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 78, except admit that Blaylock Robert Van, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

79.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 79, except admit that BNP Paribas Securities Corp. was an underwriter of certain Bond Class Securities offerings at issue in this action.

80.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 80, except admit that C.L. King & Associates, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

81.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 81, except admit that Cabrera Capital Markets, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

82.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 82, except admit that CastleOak Securities, L.P. was an underwriter of certain Bond Class Securities offerings at issue in this action.

83.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 83, except admit that Charles Schwab & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

84.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 84, except admit that Citigroup Global Markets Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

85.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 85, except admit that Citigroup Global Markets Limited was an underwriter of certain Bond Class Securities offerings at issue in this action.

86.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 86, except admit that Comerica Securities Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

87.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 87, except admit that Credit Suisse Securities (Europe) Limited was an underwriter of certain Bond Class Securities offerings at issue in this action.

88.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 88, except admit that Credit Suisse Securities (USA) LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

89.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 89, except admit that Crowell, Weedon & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

90.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 90, except admit that D.A. Davidson & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

91.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 91, except admit that Danske Bank A/S was an underwriter of certain Bond Class Securities offerings at issue in this action.

92.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 92, except admit that Davenport & Company LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

93.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 93, except admit that Deutsche Bank Securities Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

94.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 94, except admit that Deutsche Bank Securities Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

95.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 95, except admit that Doley Securities, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

96.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 96, except admit that Ferris, Baker, Watts, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

97.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 97, except admit that Fidelity Capital Markets was an underwriter of certain Bond Class Securities offerings at issue in this action.

98.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 98, except admit that Advisors Asset Management, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

99.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 99, except admit that Fortis Bank NV-SA was an underwriter of certain Bond Class Securities offerings at issue in this action.

100.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 100, except admit that Goldman, Sachs & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

101.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 101, except admit that Greenwich Capital Markets Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

102.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 102, except admit that Guzman & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

103.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 103, except admit that H&R Block Financial Advisers Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

104.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 104, except admit that HSBC Securities (USA) Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

105.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 105, except admit that ING Belgium, SA was an underwriter of certain Bond Class Securities offerings at issue in this action.

106.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 106, except admit that J.J.B. Hilliard, W.L. Lyons, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

107.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 107, except admit that J.P. Morgan Securities Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

108.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 108, except admit that Jackson Securities LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

109.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 109, except admit that Janney Montgomery Scott LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

110.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 110, except admit that Jeffries & Company, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

111.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 111, except admit that JPMorgan Chase & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

112.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 112, except admit that Keefe, Bruyette & Woods, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

113.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 113, except admit that KeyBanc Capital Markets was an underwriter of certain Bond Class Securities offerings at issue in this action.

114.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 114, except admit that Loop Capital Markets LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

115.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 115, except admit that Melvin Securities, L.L.C. was an underwriter of certain Bond Class Securities offerings at issue in this action.

116.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 116, except admit that Merrill Lynch, Pierce, Fenner & Smith Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

117.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 117, except admit that Mesirow Financial, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

118.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 118, except admit that Morgan Keegan & Company, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

119.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 119, except admit that Morgan Stanley & Co. Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

120.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 120, except admit that Muriel Siebert & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

121.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 121, except admit that nabCapital Securities, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

122.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 122, except admit that Oppenheimer & Co. Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

123.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 123, except admit that Pershing LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

124.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 124, except admit that Piper Jaffray & Co. was an underwriter of certain Bond Class Securities offerings at issue in this action.

125.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 125, except admit that Raymond James & Associates, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

126.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 126, except admit that RBC Capital Markets Corporation was an underwriter of certain Bond Class Securities offerings at issue in this action.

127.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 127, except admit that RBC Dain Rauscher Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

128.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 128, except admit that Robert W. Baird & Co. Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

129.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 129, except admit that Ryan Beck & Co., Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

130.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 130, except admit that Samuel A. Ramirez & Co., Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

131.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 131, except admit that Sandler, O'Neill & Partners, L.P. was an underwriter of certain Bond Class Securities offerings at issue in this action.

132.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 132, except admit that SBK-Brooks Investment Corp. was an underwriter of certain Bond Class Securities offerings at issue in this action.

133.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 133, except admit that Stifel, Nicolaus & Company, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

134.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 134, except admit that Stone & Youngberg LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

135.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 135, except admit that SunTrust Capital Markets, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

136.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 136, except admit that TD Ameritrade, Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

137.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 137, except admit that TD Securities (USA) LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

138.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 138, except admit that The Royal Bank of Scotland plc was an underwriter of certain Bond Class Securities offerings at issue in this action.

139.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 139, except admit that The Williams Capital Group, L.P. was an underwriter of certain Bond Class Securities offerings at issue in this action.

140.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 140, except admit that Toussaint Capital Markets, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

141.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 141, except admit that UBS Securities LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

142.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 142, except admit that UBS Limited was an underwriter of certain Bond Class Securities offerings at issue in this action.

143.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 143, except admit that Utendahl Capital Partners, L.P. was an underwriter of certain Bond Class Securities offerings at issue in this action.

144.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 144, except admit that Wachovia Capital Securities, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

145.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 145, except admit that Wedbush Morgan Securities Inc. was an underwriter of certain Bond Class Securities offerings at issue in this action.

146.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 146, except admit that Wells Fargo Investments, LLC was an underwriter of certain Bond Class Securities offerings at issue in this action.

147.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 147, except admit that William Blair & Company L.L.C. was an underwriter of certain Bond Class Securities offerings at issue in this action.

148.    Paragraph 148 alleges no facts to which a response is necessary.  To the extent that a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 148.

149.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 149, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

150.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 150.

151.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 151, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

152.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 152, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

153.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 153.

154.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 154.

155.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 155.

156.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 156, except admit that collateralized debt obligations ("CDOs") may be structured from a portfolio of fixed income assets such as residential mortgage-backed securities ("RMBS"), and further admit that certain CDOs structured by affiliates of Citigroup included a "super senior" tranche.

157.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 157, except admit that certain affiliates of Citigroup securitized mortgages and issued RMBS.

158.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 158, except admit that certain CDOs structured by affiliates of Citigroup were collateralized in part by RMBS.

159.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 159, except admit that certain affiliates of Citigroup structured CDOs with collateral rated single A or better and CDOs with collateral rated BBB or less.

160.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 160.

161.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 161, and respectfully refer the Court to the referenced document for its actual language and complete contents.

162.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 162.

163.     The Citigroup Defendants and Individual Defendants deny the allegations set forth Paragraph 163, and respectfully refer the Court to the referenced articles for their actual language and complete contents.

164.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 164, and respectfully refer the Court to the referenced reports for their actual language and complete contents.

165.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 165, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

166.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 166, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

167.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 167, and respectfully refer the Court to the transcript of the referenced conference call and the referenced reports for their actual language and complete contents.

168.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 168, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

169.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 169.

170.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 170, except admit that certain affiliates of Citigroup entered into liquidity arrangements relating to certain CDOs.

171.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 171, except admit that, in certain CDO transactions structured by certain affiliates of Citigroup, the senior tranche of the CDOs was funded through the issuance of short-term commercial paper and certain affiliates of Citigroup entered into liquidity arrangements relating to that commercial paper, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

172.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 172, except admit that certain affiliates of Citigroup had exposure to certain tranches of CDOs, and respectfully refer the Court to the Public Offering Materials for their actual language and complete contents.

173.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 173.

174.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 174, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

175.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 175, except admit that Michael Raynes and Nestor Dominguez left Citigroup on October 31, 2007, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

176.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 176, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

177.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 177, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

178.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 178, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

179.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 179, and respectfully refer the Court to the transcript of the referenced conference call for its actual language and complete contents.

180.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 180, and respectfully refer the Court to the referenced reports for their actual language and complete contents.

181.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 181, and respectfully refer the Court to the referenced report for its actual language and complete contents.

182.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 182, and respectfully refer the Court to the referenced report for its actual language and complete contents.

183.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 183, and respectfully refer the Court to the referenced report for its actual language and complete contents.

184.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 184, and respectfully refer the Court to the historical prices of the Bond Class Securities.

185.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 185, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

186.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 186, and respectfully refer the Court to the referenced documents and to the transcript of the referenced conference call for their actual language and complete contents.

187.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 187, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

188.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 188, except admit that the Citigroup Defendants issued certain Bond Class Securities in 2008 with a total issue amount in excess of $30 billion.

189.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 189, except admit that in its Form 10-K for 2007 Citigroup reported that the fair value of its CDO exposures, after write-downs, was $39.8 billion, and respectfully refer the Court to the referenced Form 10-K for its actual language and complete contents.

190.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 190.

191.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 191, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

192.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 192, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

193.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 193 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 193, except admit that certain affiliates of Citigroup managed certain SIVs at various points in time.

194.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 194 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 194, and respectfully refer the Court to the Public Offering Materials for their actual language and complete contents.

195.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 195 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 195.

196.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 196 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 196, except admit that certain affiliates of Citigroup managed certain SIVs at various points in time.

197.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 197 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 197, and respectfully refer the Court to the Public Offering Materials for their actual language and complete contents.

198.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 198, and respectfully refer the Court to the referenced Public Offering Materials for their actual language and complete contents.

199.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 199 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 199.

200.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 200 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 200.

201.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 201 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 201, and respectfully refer the Court to the referenced Public Offering Materials and reports for their actual language and complete contents.

202.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 202 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 202, and respectfully refer the Court to the referenced articles for their actual language and complete contents.

203.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 203 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 203 and respectfully refer the Court to the referenced documents for their actual language and complete contents.

204.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 204 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 204, and respectfully refer the Court to the referenced article for its actual language and complete contents.

205.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 205 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 205, and respectfully refer the Court to the referenced article for its actual language and complete contents.

206.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 206 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 206, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

207.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 207 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 207, and respectfully refer the Court to the referenced document for its actual language and complete contents.

208.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 208 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 208, and respectfully refer the Court to the referenced article for its actual language and complete contents.

209.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 209 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 209, and respectfully refer the Court to the referenced report for its actual language and complete contents, and further respectfully refer the Court to the historical prices of the Bond Class Securities.

210.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 210 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 210.

211.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 211 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 211, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

212.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 212 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 212, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

213.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 213 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 213, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

214.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 214 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 214, and respectfully refer the Court to the referenced document for its actual language and complete contents.

215.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 215 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 215, and respectfully refer the Court to the referenced articles and report for their actual language and complete contents.

216.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 216 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 216, and respectfully refer the Court to the historical prices of the Bond Class Securities.

217.     The Citigroup Defendants and Individual Defendants state that, to the extent

Paragraph 217 contains allegations pertaining to Citigroup's involvement with SIVs prior to

December 13, 2007, no response is required, because such allegations have been dismissed

pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is

required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in

Paragraph 217, except admit that, during this time period, Citigroup entered into certain financial

arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's

public disclosures describing those arrangements for their actual language and complete

contents.

218.     The Citigroup Defendants and Individual Defendants deny the allegations set

forth in Paragraph 218, and respectfully refer the Court to the referenced Public Offering

Materials for their actual language and complete contents.

219.     The Citigroup Defendants and Individual Defendants deny the allegations set

forth in Paragraph 219, except admit that CitiMortgage originated residential loans and that

certain affiliates of Citigroup purchased loans originated by third parties from time to time.

220.     The Citigroup Defendants and Individual Defendants deny the allegations set

forth in Paragraph 220, and respectfully refer the Court to the referenced documents for their

actual language and complete contents.

221.     The Citigroup Defendants and Individual Defendants deny the allegations set

forth in Paragraph 221.

222.     The Citigroup Defendants and Individual Defendants deny the allegations set

forth in Paragraph 222.

223.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 223.

224.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 224.

225.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 225.

226.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 226.

227.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 227, and respectfully refer the Court to the referenced GAAP rules and Public Offering Materials for their actual language and complete contents.

228.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 228, and respectfully refer the Court to the referenced GAAP rules for their actual language and complete contents.

229.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 229.

230.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 230, and respectfully refer the Court to the referenced GAAP rules and Citigroup public disclosure for their actual language and complete contents.

231.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 231.

232.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 232, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

233.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 233.

234.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 234, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

235.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 235.

236.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because such allegations regarding auction rate securities ("ARS") have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 236.

237.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 237.

238.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 238.

239.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 239.

240.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 240, and respectfully refer the Court to the referenced document for its actual language and complete contents.

241.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 241.

242.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 242.

243.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 243.

244.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 244, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

245.     The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 245, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

246.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 246, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

247.    The Citigroup Defendants and Individual Defendants state that no response is required to the allegations set forth in Paragraph 236, because allegations regarding ARS have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 247, except admit that in 2008 Citigroup settled certain ARS-related matters with certain regulatory agencies including the New York State Attorney General, and respectfully refer the Court to the settlement agreements for their actual language and complete contents.

248.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 248, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

249.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 249, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

250.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 249, and respectfully refer the Court to the referenced earnings release for its actual language and complete contents.

251.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 251, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

252.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 252, and respectfully refer the Court to the materials presented at the Town Hall meeting for their actual language and complete contents.

253.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 253, and respectfully refer the Court to the materials presented at the Town Hall meeting for their actual language and complete contents.

254.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 254, and respectfully refer the Court to the referenced report and article for their actual language and complete contents.

255.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 255, and respectfully refer the Court to the referenced reports and articles for their actual language and complete contents.

256.     The Citigroup Defendants and Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256, and respectfully refer the Court to the referenced article for its actual language and complete contents.

257.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 257, and respectfully refer the Court to the referenced articles for their actual language and complete contents.

258.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 258, and respectfully refer the Court to the historical prices of the Bond Class Securities.

259.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 259, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

260.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 260, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

261.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 261, and respectfully refer the Court to the referenced article for its actual language and complete contents.

262.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 262, and respectfully refer the Court to the referenced articles for their actual language and complete contents.

263.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 263 and footnote two, and respectfully refer the Court to the referenced GAAP rules for their actual language and complete contents.

264.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 264.

265.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 265, and respectfully refer the Court to Regulation S-K for its actual language and complete contents.

266.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 266.

267.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 267, and respectfully refer the Court to the referenced GAAP rules for their actual language and complete contents.

268.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 268, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

269.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 269, and respectfully refer the Court to the referenced GAAP rules for their actual language and complete contents.

270.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 270, and respectfully refer the Court to the referenced GAAP rule and Public Offering Materials for their actual language and complete contents.

271.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 271, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

272.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 272.

273.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 273, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

274.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 274, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

275.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 275.

276.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 276.

277.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 277 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 277.

278.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 278, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

279.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 279, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

280.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 280, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

281.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 281 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 281 and respectfully refer the Court to the referenced article for its actual language and complete contents.

282.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 282 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 282.

283.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 193 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 283.

284.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 193 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 284, and respectfully refer the Court to the referenced GAAP rule and Citigroup public disclosure for their actual language and complete contents.

285.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 285 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 285.

286.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 286 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 286, and respectfully refer the Court to the referenced reports for their actual language and complete contents.

287.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 287.

288.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 288, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

289.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 289, and respectfully refer the Court to the referenced GAAP rule and Citigroup's financial statements for their actual language and complete contents.

290.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 290, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

291.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 291, and respectfully refer the Court to the referenced GAAP rule for its actual language and complete contents.

292.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 292.

293.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 293.

294.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 294.

295.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 295.

296.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 296, and respectfully refer the Court to the historical levels of the TABX.HE 07-1 06-2 40-100.

297.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 297 and footnote three, and respectfully refer the Court to the historical levels of the TABX indices, and further respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

298.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 298, and respectfully refer the Court to the referenced publication for its actual language and complete contents.

299.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 299, and respectfully refer the Court to the referenced October 25, 2007 statements for their actual language and complete contents.

300.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 300, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

301.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 301 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 301.

302.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 302 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 302, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

303.    The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 303 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 303, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

304.    The Citigroup Defendants and Individual Defendants admit that plaintiffs purport to bring claims as described in Paragraph 304, but deny that they are entitled to recover on the claims.

305.     The Citigroup Defendants and Individual Defendants admit the allegations set forth in Paragraph 305.

306.     The Citigroup Defendants and Individual Defendants admit the allegations set forth in Paragraph 306.

307.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 307, and respectfully refer the court to the referenced prospectuses and prospectus supplements for their actual language and complete contents.

308.     The Citigroup Defendants and Individual Defendants state that Paragraph 308 contains no factual allegations to which a response is required.

309.     The Citigroup Defendants and Individual Defendants state that Paragraph 309 contains no factual allegations to which a response is required.

310.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 310.

311.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 311, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

312.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 312, and respectfully refer the Court to the referenced press releases for their actual language and complete contents.

313.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 313, and respectfully refer the Court to the referenced Form 8-K for its actual language and complete contents.

314.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 314.

315.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 315, and respectfully refer the Court to the referenced pre-November 4, 2007 public filings for their actual language and complete contents.

316.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 316 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 316.

317.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 317.

318.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 318 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 318.

319.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 319, and respectfully refer the Court to the referenced public filings for their actual language and complete contents.

320.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 320 and respectfully refer the Court to the referenced public filings for their actual language and complete contents.

321.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 321, except admit that, to the extent required under the Sarbanes-Oxley Act, Citigroup's public filings include certain certifications and respectfully refer the Court to the referenced Sarbanes-Oxley certifications for their actual language and complete contents.

322.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 322, except admit that the transcript of the October 1, 2007 conference call was attached to a Form 8-K, and respectfully refer the Court to the transcripts of the referenced July 20, 2007 and October 1, 2007 conference calls for their actual language and complete contents.

323.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 323, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

324.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 324, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

325.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 325, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

326.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 326, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

327.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 327 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 327.

328.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 328.

329.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 329, except admit that Citigroup stated that its financial statements complied with GAAP, and respectfully refer the Court to the referenced Form 10-Q and accompanying certifications for their actual language and complete contents.

330.     The Citigroup Defendants and Individual Defendants state that, to the extent Paragraph 193 contains allegations pertaining to Citigroup's involvement with SIVs prior to December 13, 2007, no response is required, because such allegations have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.  To the extent a response is required, the Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 330, except admit that in its December 14, 2007 8-K Citigroup reported that its SIVs were worth more than $49 billion, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

331.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 331, and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

332.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 332, and respectfully refer the Court to the referenced Form 10-K for its actual language and complete contents.

333.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 333.

334.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 334, except admit that the referenced Form 10-K included Sarbanes-Oxley certifications signed by Vikram Pandit and Gary Crittenden, and respectfully refer the Court to the referenced Citigroup public disclosure and accompanying certifications for their actual language and complete contents.

335.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 335, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

336.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 336, and respectfully refer the Court to the referenced Citigroup public disclosures for their actual language and complete contents.

337.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 337.

338.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 338, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

339.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 339 and respectfully refer the Court to the referenced Citigroup public disclosure for its actual language and complete contents.

340.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 340, and respectfully refer the Court to the referenced press release for its actual language and complete contents.

341.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 341, and respectfully refer the Court to the historical prices of the Bond Class Securities.

342.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 342, except admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language and complete contents.

343.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 343, except admit that plaintiffs purport to bring an action as described in Paragraph 343.

344.    The Citigroup Defendants and Individual Defendants deny that class certification is proper, except admit that members of the putative class as defined by plaintiffs are so numerous that joinder is impracticable.

345.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 345.

346.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 346.

347.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 347.

348.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 348.

349.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 349.

350.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 350.

351.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 351.

352.    The Citigroup Defendants and Individual Defendants repeat their responses to the allegations in Paragraphs 1 through 351.

353.    The Citigroup Defendants deny the allegations set forth in Paragraph 353, except admit that plaintiffs purport to bring a claim against the Citigroup Defendants for violations of Section 11 of the Securities Act.

354.    The Citigroup Defendants deny the allegations set forth in Paragraph 354.

355. The Citigroup Defendants deny the allegations set forth in Paragraph 355.

356. The Citigroup Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356.

357. The Citigroup Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 357, but deny that there were untrue statements of material fact or omissions of material fact in the referenced documents.

358. The Citigroup Defendants deny the allegations set forth in Paragraph 358, and respectfully refer the Court to the historical prices of the Bond Class Securities.

359. The Citigroup Defendants deny the allegations set forth in Paragraph 359.

360. The Citigroup Defendants deny the allegations set forth in Paragraph 360.

361. The Citigroup Defendants deny the allegations set forth in Paragraph 361.

362. The Citigroup Defendants and Individual Defendants repeat their responses to the allegations in Paragraphs 1 through 361.

363. The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 363, except admit that plaintiffs purport to bring a claim against the Individual Defendants other than Crittenden and Krawcheck for violations of Section 11 of the Securities Act.

364. The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 364.

365. The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 365.

366. The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 366.

367.    The Individual Defendants other than Crittenden and Krawcheck deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 367.

368.    The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 368.

369.    The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 369, and respectfully refer the Court to the historical prices of the Bond Class Securities.

370.    The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 370.

371.    The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 371.

372.    The Individual Defendants other than Crittenden and Krawcheck deny the allegations set forth in Paragraph 372.

373.    The Citigroup Defendants and Individual Defendants repeat their responses to the allegations in Paragraphs 1 through 372, and further state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

374.    The Citigroup and the Individual Defendants deny the allegations set forth in Paragraph 374, except admit that plaintiffs purport to bring a claim against the Underwriter Defendants for violations of Section 11 of the Securities Act as described in Paragraph 374.

375.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

376.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

377.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

378.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

379.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

380.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

381.    The Citigroup Defendants and Individual Defendants respectfully refer the Court to the Answer of this claim with respect to Count III.

382.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

383.    The Citigroup Defendants and Individual Defendants state that Count III does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count III.

384.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 384, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

385.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 385, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

386.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 386, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

387.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 387, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

388.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 388, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

389.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 389, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

390.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 390, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

391.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 391, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

392.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 392, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

393.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 393, because Count IV has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010.

394.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 384, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

395.     The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 395, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

396.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 396, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

397.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 397, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

398.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 398, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

399.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 399, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

400.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 400, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

401.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 401, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

402.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 402, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

403.    The Citigroup Defendants and Individual Defendants state that no response is required to Paragraph 403, because Count V has been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count V does not assert a claim against the Citigroup Defendants or Individual Defendants, and respectfully refer the Court to the Underwriters' Answer of this claim with respect to Count V.

404.    The Citigroup Defendants and Individual Defendants repeat their responses to the allegations in Paragraphs 1 through 403, and state that Count VI does not assert a claim against the Individual Defendants.

405.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 405, except admit that plaintiffs purport to bring an action as described in Paragraph 405, and state that to the extent that plaintiffs purport to assert Section 15 claims based on claims pursuant to Section 12(a)(2), no response is required because such claims have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count VI does not assert a claim against the Individual Defendants.

406.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 406 and state that Count VI does not assert a claim against the Individual Defendants.

407.    The Citigroup Defendants and Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 407, and state that Count VI does not assert a claim against the Individual Defendants.

408.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 408, and state that Count VI does not assert a claim against the Individual Defendants.

409.    The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 409, and state that to the extent that plaintiffs purport to assert Section 15 claims based on claims pursuant to Section 12(a)(2), no response is required because such claims have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count VI does not assert a claim against the Individual Defendants.

410.    The Citigroup Defendants and Individual Defendants repeat their responses to the allegations in Paragraphs 1 through 409, and state that Count VII does not assert a claim against the Citigroup Defendants.

411.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 411, except admit that plaintiffs purport to bring an action as described in Paragraph 411, and state that to the extent that plaintiffs purport to assert Section 15 claims based on claims pursuant to Section 12(a)(2), no response is required because such claims have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count VII does not assert a claim against the Citigroup Defendants.

412.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 412, and state that Count VII does not assert a claim against the Citigroup Defendants.

413.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 413, and state that Count VII does not assert a claim against the Citigroup Defendants.

414.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 414, and state that Count VII does not assert a claim against the Citigroup Defendants.

415.     The Citigroup Defendants and Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 415, and state that Count VII does not assert a claim against the Citigroup Defendants.

416.     The Citigroup Defendants and Individual Defendants deny the allegations set forth in Paragraph 416, and state that and state that to the extent that plaintiffs purport to assert Section 15 claims based on claims pursuant to Section 12(a)(2), no response is required because such claims have been dismissed pursuant to the Court's Opinion and Order dated July 12, 2010, and further state that Count VII does not assert a claim against the Citigroup Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Consolidated Amended Class Action Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are not properly maintainable as a class action.

### Third Affirmative Defense

The Public Offering Materials at issue were accurate in all material respects.

### Fourth Affirmative Defense

The alleged omissions were either disclosed or not required to be disclosed.

### Fifth Affirmative Defense

The alleged misrepresentations or omissions were not material.

### Sixth Affirmative Defense

Plaintiffs had knowledge of the alleged untruths or omissions at the time they acquired their securities.

### Seventh Affirmative Defense

The conduct of persons and/or entities other than Citigroup Defendants and Individual Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by plaintiffs or the putative class members.

### Eighth Affirmative Defense

Any loss sustained by plaintiffs was not a result of the alleged misconduct but rather superseding or intervening events.

### Ninth Affirmative Defense

Plaintiffs suffered no cognizable loss.

### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because of the lack of transaction causation and/or loss causation.

### Eleventh Affirmative Defense

Plaintiffs' damages, if any, are speculative, and thus are not recoverable.

### Twelfth Affirmative Defense

The Individual Defendants had reasonable ground to believe and did believe that the statements in the Public Offering Materials were true.

### Thirteenth Affirmative Defense

The Individual Defendants had no reasonable ground to believe that the expertised portions of the registration statements for the Public Offering Materials were untrue.

### Fourteenth Affirmative Defense

Plaintiffs lack standing to pursue any claims based on Section 11 of the Securities Act of 1933 for offerings in which they did not participate.

### Fifteenth Affirmative Defense

Plaintiffs lack standing to pursue claims based on Section 11 of the Securities Act of 1933.

### Sixteenth Affirmative Defense

Plaintiffs have waived their right to bring their claims against the Citigroup Defendants and Individual Defendants.

### Seventeenth Affirmative Defense

To the extent plaintiffs purport to request injunctive relief, any such claim is barred

because plaintiffs have an adequate remedy at law.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Nineteenth Affirmative Defense

Plaintiffs have failed to mitigate their alleged damages.

### Twentieth Affirmative Defense

Plaintiffs are not entitled to recover attorney's fees, experts' fees, or other costs and

disbursements.

### Twenty-First Affirmative Defense

The Citigroup Defendants and Individual Defendants hereby adopt and incorporate by

reference any and all other defenses asserted, or that may hereafter be asserted, by any

other defendant to the extent such defense may be available to the Citigroup Defendants

and Individual Defendants.


The Citigroup Defendants and Individual Defendants expressly reserve the right

to amend and/or supplement their answer, defenses, and all other pleadings.

The Citigroup Defendants and Individual Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

Dated:     October 8, 2010
           New York, New York

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:  _____ /s/ Richard A. Rosen _____
Brad S. Karp (bkarp@paulweiss.com)
Richard A. Rosen (rrosen@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
Karen R. King (kking@paulweiss.com)

1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants Citigroup Inc., Citigroup Funding Inc., Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, Citigroup Capital XXI, C. Michael Armstrong, Alain J.P. Belda, Sir Winfried Bischoff, Michael Conway, Gary Crittenden, George David, Kenneth T. Derr, John M. Deutch, Scott Freidenrich, James Garnett, John C. Gerspach, Ann Dibble Jordan, Klaus Kleinfeld, Sallie L. Krawcheck, Andrew N. Liveris, Dudley C. Mecum, Anne Mulcahy, Vikram Pandit, Richard D. Parsons, Charles Prince, Roberto Hernandez Ramírez, Judith Rodin, Saul Rosen, Robert E. Rubin, Robert L. Ryan, Franklin A. Thomas, Eric L. Wentzel and David Winkler*