SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Jay B. Kasner
(jay.kasner@skadden.com)
George A. Zimmerman
(george.zimmerman@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for the Underwriter Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :   Master File No. 08-cv-9522 (SHS)
IN RE CITIGROUP INC. BOND LITIGATION :
                                              :   ECF Case
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**THE UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Banc of America Securities LLC, Barclays Capital Inc., Citigroup Global Markets Inc. ("CGMI"), Citigroup Global Markets Limited ("CGML"), Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Greenwich Capital Markets Inc. (n/k/a RBS Securities Inc.), JPMorgan Chase & Co. (as alleged successor in liability to Bear, Stearns & Co.), Merrill Lynch, Pierce, Fenner & Smith Inc., Morgan Stanley & Co. Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC (incorrectly identified in the Amended Complaint as Wachovia Capital Securities, LLC) (collectively, the "Underwriter Defendants"), by their undersigned attorneys, hereby answer the Consolidated Amended Class Action Complaint, dated January 15, 2009 (the "Amended Complaint").[1]

In collectively responding to the allegations below, the Underwriter Defendants (i) answer that, in connection with their participation as members of a syndicate involved in any of the Offerings, they performed reasonable and customary due diligence and, as a result of their due diligence, had reasonable grounds to believe the statements in what Plaintiffs refer to in the Amended Complaint as the "Public Offering Materials" with respect to such Offerings to be true and complete and/or had no reasonable grounds to believe the statements in the Public Offering Materials with respect to such Offerings were untrue or not complete, as applicable; (ii) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Public Offering Materials were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with, or contrary to, the Public Offering Materials, to which the Underwriter Defendants respectfully refer the

---

[1]    Terms used in this Answer shall have the meaning ascribed to them in the Amended Complaint unless otherwise defined herein.

Court for the complete and accurate contents thereof as of the time of the respective Offerings; (iii) deny any averments in the headings and subheadings of the Amended Complaint; and (iv) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other Defendants (including other Underwriter Defendants), including as to Offerings in which a particular Underwriter Defendant did not participate.

The Underwriter Defendants deny the allegations contained on pages 1 to 2 of the Amended Complaint in unnumbered paragraphs, except deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations involving Plaintiffs' personal knowledge or the basis of Plaintiffs' information and belief, including any investigation of Plaintiffs' counsel, and admit that Plaintiffs purport to describe the nature of this action and the alleged putative class that Plaintiffs purport to represent, and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants expressly deny that Plaintiffs have standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act of 1933 ("Securities Act"). To the extent the allegations contained on pages 1 to 2 of the Amended Complaint in unnumbered paragraphs state a legal conclusion, no responsive pleading is required.

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:

1.      CGMI and CGML deny the allegations contained in paragraph 1 of the Amended Complaint, except admit that Citigroup offered certain securities between May 2006 and August

2008 about which the plaintiffs complain (the "Bond Class Securities"), and respectfully refer the Court to the offering materials for those offerings for their actual language and complete and accurate contents.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 1 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended Complaint, except CGMI and CGML admit that certain affiliates of Citigroup Inc., among their many, diverse business activities, engaged in the securitization of mortgages, and respectfully refer the Court to the full text of the relevant Citigroup public disclosures and statements for a complete and accurate description of Citigroup's various business activities.

3.      CGMI and CGML deny the allegations contained in paragraph 3 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 3 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a

3

belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of the Amended Complaint.

4.      Each Underwriter Defendant denies the allegations contained in paragraph 4 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations to the extent such allegations relate to other Offerings, and respectfully refers the Court to the Public Offering Materials and the purported Citigroup SEC filings referenced in paragraph 4 for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving statements or expressions of research analysts or the financial press and respectfully refer the Court to those purported research analyst statements and financial press reports to which Plaintiffs are referring for the complete and accurate contents thereof.

5.      CGMI and CGML deny the allegations contained in paragraph 5 of the Amended Complaint, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as members of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (ii) admit that certain affiliates of Citigroup Inc. managed certain SIVs at certain periods in time, and respectfully refer the Court to Citigroup's public disclosures and statements for a complete and accurate description of Citigroup's business activities related

to SIVs.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 5 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.      The allegations contained in paragraph 6 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML (i) deny the allegations contained in the last sentence of paragraph 6 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, (ii) deny the remaining allegations contained in paragraph 6 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of the Amended Complaint. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 6 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and

accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of the Amended Complaint.

7.      The allegations contained in paragraph 7 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML (i) deny the allegations contained in the first three sentences of paragraph 7 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Amended Complaint, and (iii) respectfully refer the Court to the *Financial Times* article referenced in paragraph 7 for the complete and accurate contents thereof.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 7 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Amended Complaint, and (iii) respectfully refer the Court to the *Financial Times* article referenced in paragraph 7 for the complete and accurate contents thereof.

8.      Each Underwriter Defendant denies the allegations contained in paragraph 8 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and

accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the Amended Complaint.

9.     Each Underwriter Defendant denies the allegations contained in paragraph 9 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the Amended Complaint.

10.     CGMI and CGML deny the allegations contained in paragraph 10 of the Amended Complaint, except admit that Citigroup Inc. held a Town Hall meeting for its employees on November 17, 2008, and respectfully refer the Court to the materials presented at the Town Hall meeting and the November 19, 2008 Citigroup press release referenced in paragraph 10 for the complete and accurate contents thereof. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 10 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Amended Complaint, and (iii) respectfully refer the Court to any materials presented at the

alleged Town Hall meeting and the November 19, 2008 Citigroup press release referenced in paragraph 10 for the complete and accurate contents thereof.

11.     CGMI and CGML (i) deny the allegations contained in the first three sentences of paragraph 11 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of the Amended Complaint, and (iii) respectfully refer the Court to the *Wall Street Journal* article and analyst report referenced in paragraph 11 for the complete and accurate contents thereof. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 11 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of the Amended Complaint, and (iii) respectfully refer the Court to the *Wall Street Journal* article and analyst report referenced in paragraph 11 for the complete and accurate contents thereof.

12.     The Underwriter Defendants deny the allegations contained in paragraph 12 of the Amended Complaint. To the extent the allegations contained in paragraph 12 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

13.     Each Underwriter Defendant denies the allegations contained in paragraph 13 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and

accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the Amended Complaint, including to the extent the allegations concern the state of mind or motive of the U.S. government, except CGMI and CGML admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.

14.    CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 14 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Amended Complaint, and (iii) respectfully refer the Court to the analyst statement referenced in paragraph 14 for the complete and accurate contents thereof.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 14 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Amended Complaint, and (iii) respectfully refer the Court to the analyst statement referenced in paragraph 14 for the complete and accurate contents thereof.

15.    CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 15 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations contained in paragraph 15 of the Amended Complaint, and (iii) respectfully refer the Court to the *Wall Street Journal* article referenced in paragraph 15 for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* article referenced in paragraph 15 for the complete and accurate contents thereof.

16.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* article referenced in paragraph 16 for the complete and accurate contents thereof.

17.    The Underwriter Defendants deny the allegations contained in paragraph 17 of the Amended Complaint, except admit that Plaintiffs purport to assert the claims and seek the relief described therein.

No response is required to the heading preceding paragraph 18 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny any allegations contained in this heading.

18.    The Underwriter Defendants deny the allegations contained in paragraph 18 of the Amended Complaint, except admit that Plaintiffs purport to base jurisdiction over the subject matter of the action on the statutes cited therein.  To the extent the allegations contained in paragraph 18 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

19.     The Underwriter Defendants deny the allegations contained in paragraph 19 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations to the extent they are directed at other parties, and admit that Plaintiffs purport to base venue on the statutes cited therein.   To the extent the allegations contained in paragraph 19 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

20.     The Underwriter Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.   To the extent the allegations contained in paragraph 20 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the headings preceding paragraph 21 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to identify the parties to this action.

21.     The Underwriter Defendants deny the allegations contained in paragraph 21 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, Minneapolis Firefighters.  The Underwriter Defendants deny that Minneapolis Firefighters has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.  To the extent the allegations contained in paragraph 21 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

22.     The Underwriter Defendants deny the allegations contained in paragraph 22 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, Louisiana Sheriffs. The Underwriter Defendants deny that Louisiana Sheriffs has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.   To the extent the allegations contained in paragraph 22 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

23.    The Underwriter Defendants deny the allegations contained in paragraph 23 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, Louisiana Police. The Underwriter Defendants deny that Louisiana Police has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.   To the extent the allegations contained in paragraph 23 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

24.    The Underwriter Defendants deny the allegations contained in paragraph 24 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, City of Tallahassee.   The Underwriter Defendants deny that City of Tallahassee has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.   To the extent the allegations

contained in paragraph 24 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

25.     The Underwriter Defendants deny the allegations contained in paragraph 25 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, City of Philadelphia.  The Underwriter Defendants deny that City of Philadelphia has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.  To the extent the allegations contained in paragraph 25 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

26.     The Underwriter Defendants deny the allegations contained in paragraph 26 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, MBERP.  The Underwriter Defendants deny that MBERP has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.  To the extent the allegations contained in paragraph 26 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

27.     The Underwriter Defendants deny the allegations contained in paragraph 27 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, SEPTA.  The

Underwriter Defendants deny that SEPTA has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.  To the extent the allegations contained in paragraph 27 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

28.     The Underwriter Defendants deny the allegations contained in paragraph 28 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint with respect to the identity of, and purported purchase of Bond Class Securities by, AEIC.  The Underwriter Defendants deny that AEIC has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for some or all of the Securities Act claims against the Underwriter Defendants.  To the extent the allegations contained in paragraph 28 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the headings preceding paragraph 29 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to identify the Defendants in this action.

29.     CGMI and CGML deny the allegations contained in paragraph 29 of the Amended Complaint, except admit that Citigroup Inc. was incorporated in 1998 under the laws of the State of Delaware, that Citigroup Inc. common stock is traded on the New York Stock Exchange under the symbol "C," and that Citigroup's principal offices are located at 399 Park Avenue, New York, New York, and respectfully refer the Court to Citigroup's public disclosures and statements for a complete description of Citigroup's various business activities.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint and,

to the extent the allegations purport to describe Citigroup's business and operations, the Underwriter Defendants respectfully refer the Court to Citigroup's public filings and disclosures for a complete and accurate description of the matters referenced in this paragraph as of the time of the respective Offerings.   To the extent the allegations contained in paragraph 29 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

30.   CGMI and CGML deny the allegations contained in paragraph 30 of the Amended Complaint, except admit that Citigroup Funding Inc. is a wholly-owned subsidiary of Citigroup Inc. and that its offices are located at 399 Park Avenue, New York, New York.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint and, to the extent the allegations purport to describe Citigroup Funding Inc.'s business and operations, the Underwriter Defendants respectfully refer the Court to Citigroup Funding Inc.'s public filings and disclosures for a complete and accurate description of the matters referenced in this paragraph as of the time of the respective Offerings.   To the extent the allegations contained in paragraph 30 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

31.   CGMI and CGML deny the allegations contained in paragraph 31 of the Amended Complaint, except admit that Citigroup Capital XIV is a Delaware statutory trust located at 399 Park Avenue, New York, New York.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.   To the extent the allegations contained in paragraph 31 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

32.     CGMI and CGML deny the allegations contained in paragraph 32 of the Amended Complaint, except admit that Citigroup Capital XV is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.  To the extent the allegations contained in paragraph 32 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

33.     CGMI and CGML deny the allegations contained in paragraph 33 of the Amended Complaint, except admit that Citigroup Capital XVI is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.  To the extent the allegations contained in paragraph 33 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

34.     CGMI and CGML deny the allegations contained in paragraph 34 of the Amended Complaint, except admit that Citigroup Capital XVII is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint.  To the extent the allegations contained in paragraph 34 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

35.     CGMI and CGML deny the allegations contained in paragraph 35 of the Amended Complaint, except admit that Citigroup Capital XVIII is a Delaware statutory trust

located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint.  To the extent the allegations contained in paragraph 35 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

36.     CGMI and CGML deny the allegations contained in paragraph 36 of the Amended Complaint, except admit that Citigroup Capital XIX is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.  To the extent the allegations contained in paragraph 36 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

37.     CGMI and CGML deny the allegations contained in paragraph 37 of the Amended Complaint, except admit that Citigroup Capital XX is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint.  To the extent the allegations contained in paragraph 37 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

38.     CGMI and CGML deny the allegations contained in paragraph 38 of the Amended Complaint, except admit that Citigroup Capital XXI is a Delaware statutory trust located at 399 Park Avenue, New York, New York.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in paragraph 38 of the Amended Complaint.  To the extent the allegations contained in paragraph 38 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

39.     Paragraph 39 of the Amended Complaint contains no factual allegations and, accordingly, no responsive pleading is required.

40.     Paragraph 40 of the Amended Complaint contains no factual allegations and, accordingly, no responsive pleading is required.

No response is required to the headings preceding paragraph 41 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to identify certain Defendants in this action.

41.     CGMI and CGML deny the allegations set forth in paragraph 41 of the Amended Complaint, except admit that C. Michael Armstrong (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 41 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 41 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

42.     CGMI and CGML deny the allegations set forth in paragraph 42 of the Amended Complaint, except admit that Alain J.P. Belda (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 42 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 42 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

43.     CGMI and CGML deny the allegations set forth in paragraph 43 of the Amended Complaint, except admit that Sir Winfried Bischoff served, at points in time, as a member of the Board of Citigroup.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Amended Complaint.   To the extent the allegations contained in paragraph 43 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

44.     CGMI and CGML deny the allegations set forth in paragraph 44 of the Amended Complaint, except admit that Michael Conway (i) served, at points in time, as a Vice President and Controller of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Amended Complaint, and respectfully refer the Court to the shelf registration statement referenced in paragraph 44 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 44 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

45.     CGMI and CGML deny the allegations set forth in paragraph 45 of the Amended Complaint, except admit that Gary Crittenden (i) served, at points in time, as Chief Financial Officer of Citigroup; and (ii) signed Citigroup's annual report on Form 10-K filed with the SEC

dated February 22, 2008. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Amended Complaint, and respectfully refer the Court to Citigroup's annual report on Form 10-K referenced in paragraph 45 and to the Public Offering Materials applicable to Offerings occurring after February 22, 2008, for the complete and accurate contents thereof.

46. CGMI and CGML deny the allegations set forth in paragraph 46 of the Amended Complaint, except admit that George David (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 46 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 46 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

47. CGMI and CGML deny the allegations set forth in paragraph 47 of the Amended Complaint, except admit that Kenneth T. Derr (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 47 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 47 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

48.     CGMI and CGML deny the allegations set forth in paragraph 48 of the Amended Complaint, except admit that John M. Deutch (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 48 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 48 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

49.     CGMI and CGML deny the allegations set forth in paragraph 49 of the Amended Complaint, except admit that Scott Freidenrich (i) served, at points in time, as a Director of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Amended Complaint, and respectfully refer the Court to the shelf registration statement referenced in paragraph 49 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 49 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

50.     CGMI and CGML deny the allegations set forth in paragraph 50 of the Amended Complaint, except admit that James Garnett (i) served, at points in time, as a Director of Citigroup Funding; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Amended

Complaint, and respectfully refer the Court to the shelf registration statement referenced in paragraph 50 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 50 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

51. CGMI and CGML deny the allegations set forth in paragraph 51 of the Amended Complaint, except admit that John C. Gerspach (i) served, at points in time, as Controller and Chief Accounting Officer of Citigroup, a Director of Citigroup Funding, and a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 51 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 51 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

52. CGMI and CGML deny the allegations set forth in paragraph 52 of the Amended Complaint, except admit that Ann Dibble Jordan (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 52 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 52 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

53.     CGMI and CGML deny the allegations set forth in paragraph 53 of the Amended Complaint, except admit that Klaus Kleinfeld (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 53 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 53 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

54.     CGMI and CGML deny the allegations set forth in paragraph 54 of the Amended Complaint, except admit that Sallie L. Krawcheck (i) served, at points in time, as the Chief Financial Officer of Citigroup, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 54 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 54 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

55.     CGMI and CGML deny the allegations set forth in paragraph 55 of the Amended Complaint, except admit that Andrew N. Liveris (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in paragraph 55 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 55 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 55 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

56.     CGMI and CGML deny the allegations set forth in paragraph 56 of the Amended Complaint, except admit that Dudley C. Mecum (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 56 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 56 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

57.     CGMI and CGML deny the allegations set forth in paragraph 57 of the Amended Complaint, except admit that Anne M. Mulcahy (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 57 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 57 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

58.     CGMI and CGML deny the allegations set forth in paragraph 58 of the Amended Complaint, except admit that Vikram Pandit (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's annual report on Form 10-K filed with the SEC dated February 22, 2008.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Amended Complaint, and respectfully refer the Court to the Citigroup annual report referenced in paragraph 58 and to the Public Offering Materials for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 58 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

59.     CGMI and CGML deny the allegations set forth in paragraph 59 of the Amended Complaint, except admit that Richard D. Parsons (i) served, at points in time, as a member of the Board of Citigroup or its predecessor; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 59 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 59 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

60.     CGMI and CGML deny the allegations set forth in paragraph 60 of the Amended Complaint, except admit that Charles Prince (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in paragraph 60 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 60 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 60 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

61.     CGMI and CGML deny the allegations set forth in paragraph 61 of the Amended Complaint, except admit that Roberto Hernandez Ramirez (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 61 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 61 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

62.     CGMI and CGML deny the allegations set forth in paragraph 62 of the Amended Complaint, except admit that Judith Rodin (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 62 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 62 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

63.     CGMI and CGML deny the allegations set forth in paragraph 63 of the Amended Complaint, except admit that Saul Rosen (i) served, at points in time, as a Director of Citigroup Funding, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 63 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 63 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

64.     CGMI and CGML deny the allegations set forth in paragraph 64 of the Amended Complaint, except admit that Robert E. Rubin (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 64 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 64 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

65.     CGMI and CGML deny the allegations set forth in paragraph 65 of the Amended Complaint, except admit that Robert L. Ryan served, at points in time, as a member of the Board of Citigroup.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the

Amended Complaint.  To the extent the allegations contained in paragraph 65 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

66.    CGMI and CGML deny the allegations set forth in paragraph 66 of the Amended Complaint, except admit that Franklin A. Thomas (i) served, at points in time, as a member of the Board of Citigroup; and (ii) signed Citigroup's Forms S-3 filed with the SEC dated March 2, 2006, March 10, 2006, and June 20, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint, and respectfully refer the Court to the shelf registration statements referenced in paragraph 66 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 66 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

67.    CGMI and CGML deny the allegations set forth in paragraph 67 of the Amended Complaint, except admit that Eric L. Wentzel (i) served, at points in time, as Executive Vice President and Treasurer of Citigroup Funding, as well as a trustee of Citigroup Trusts; and (ii) signed Citigroup's Form S-3 filed with the SEC dated March 10, 2006.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint, and respectfully refer the Court to the shelf registration statement referenced in paragraph 67 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 67 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

68.    CGMI and CGML deny the allegations set forth in paragraph 68 of the Amended Complaint, except admit that David Winkler (i) served, at points in time, as Executive Vice President and Chief Financial Officer of Citigroup Funding; and (ii) signed Citigroup's Form S-3

filed with the SEC dated March 10, 2006. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint, and respectfully refer the Court to the shelf registration statement referenced in paragraph 68 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 68 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

69. Paragraph 69 of the Amended Complaint contains no factual allegations and, accordingly, no responsive pleading is required.

No response is required to the heading preceding paragraph 70 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to identify what they refer to as the "Underwriter Defendants."

70. The allegations contained in paragraph 70 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Amended Complaint. To the extent the allegations contained in paragraph 70 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

71. The allegations contained in paragraph 71 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Amended Complaint.

To the extent the allegations contained in paragraph 71 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

72.     The allegations contained in paragraph 72 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Amended Complaint. To the extent the allegations contained in paragraph 72 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

73.     The allegations contained in paragraph 73 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Amended Complaint. To the extent the allegations contained in paragraph 73 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

74.     Banc of America Securities LLC denies the allegations in paragraph 74 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Amended Complaint.  To the extent the allegations contained in paragraph 74 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

75.     The allegations contained in paragraph 75 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Amended Complaint. To the extent the allegations contained in paragraph 75 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

76.     Barclays Capital Inc. denies the allegations in paragraph 76 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Amended Complaint.   To the extent the allegations contained in paragraph 76 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

77.     The allegations contained in paragraph 77 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Amended Complaint. To the extent the allegations contained in paragraph 77 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

78.     The allegations contained in paragraph 78 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February

17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Amended Complaint. To the extent the allegations contained in paragraph 78 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

79.     The allegations contained in paragraph 79 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Amended Complaint. To the extent the allegations contained in paragraph 79 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

80.     The allegations contained in paragraph 80 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Amended Complaint. To the extent the allegations contained in paragraph 80 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

81.     The allegations contained in paragraph 81 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in paragraph 81 of the Amended Complaint. To the extent the allegations contained in paragraph 81 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

82.     The allegations contained in paragraph 82 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Amended Complaint. To the extent the allegations contained in paragraph 82 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

83.     The allegations contained in paragraph 83 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Amended Complaint. To the extent the allegations contained in paragraph 83 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

84.     CGMI denies the allegations in paragraph 84 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Amended Complaint.   To the extent the

allegations contained in paragraph 84 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

85.     CGML denies the allegations in paragraph 85 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Amended Complaint.   To the extent the allegations contained in paragraph 85 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

86.     The allegations contained in paragraph 86 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Amended Complaint. To the extent the allegations contained in paragraph 86 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

87.     The allegations contained in paragraph 87 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Amended Complaint. To the extent the allegations contained in paragraph 87 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

88.     Credit Suisse Securities (USA) LLC denies the allegations in paragraph 88 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Amended Complaint.  To the extent the allegations contained in paragraph 88 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

89.     The allegations contained in paragraph 89 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Amended Complaint.  To the extent the allegations contained in paragraph 89 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

90.     The allegations contained in paragraph 90 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Amended Complaint.  To the extent the allegations contained in paragraph 90 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

91.     The allegations contained in paragraph 91 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February

17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint. To the extent the allegations contained in paragraph 91 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

92.    The allegations contained in paragraph 92 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Amended Complaint. To the extent the allegations contained in paragraph 92 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

93.    To the extent the allegations contained in paragraph 93 of the Amended Complaint are directed at Deutsche Bank Securities Inc., Deutsche Bank Securities Inc. denies the allegations contained in paragraph 93 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  To the extent the allegations contained in paragraph 93 of the Amended Complaint are directed at Deutsche Bank AG, London Branch, they are directed to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required; to the extent a response is required, Deutsche Bank Securities Inc. denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Amended Complaint.  To the extent a response is required, the remaining Underwriter Defendants deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Amended Complaint. To the extent the allegations contained in paragraph 93 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

94.   Deutsche Bank Securities Inc. denies the allegations in paragraph 94 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Amended Complaint. To the extent the allegations contained in paragraph 94 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

95.   The allegations contained in paragraph 95 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Amended Complaint. To the extent the allegations contained in paragraph 95 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

96.   The allegations contained in paragraph 96 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Amended Complaint.

To the extent the allegations contained in paragraph 96 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

97.     The allegations contained in paragraph 97 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Amended Complaint. To the extent the allegations contained in paragraph 97 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

98.     The allegations contained in paragraph 98 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Amended Complaint. To the extent the allegations contained in paragraph 98 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

99.     The allegations contained in paragraph 99 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Amended Complaint. To the extent the allegations contained in paragraph 99 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

100.    Goldman, Sachs & Co. denies the allegations in paragraph 100 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Amended Complaint.   To the extent the allegations contained in paragraph 100 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

101.    Greenwich Capital Markets Inc. (n/k/a/ RBS Securities Inc.) denies the allegations in paragraph 101 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Amended Complaint.   To the extent the allegations contained in paragraph 101 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

102.    The allegations contained in paragraph 102 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Amended Complaint.   To the extent the allegations contained in paragraph 102 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

103.    The allegations contained in paragraph 103 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated

February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Amended Complaint.  To the extent the allegations contained in paragraph 103 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

104.   The allegations contained in paragraph 104 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Amended Complaint.  To the extent the allegations contained in paragraph 104 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

105.   The allegations contained in paragraph 105 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Amended Complaint.  To the extent the allegations contained in paragraph 105 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

106.   The allegations contained in paragraph 106 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Amended Complaint. To the extent the allegations contained in paragraph 106 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

107. The allegations contained in paragraph 107 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Amended Complaint. To the extent the allegations contained in paragraph 107 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

108. The allegations contained in paragraph 108 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Amended Complaint. To the extent the allegations contained in paragraph 108 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

109. The allegations contained in paragraph 109 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the

Amended Complaint.  To the extent the allegations contained in paragraph 109 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

110.    The allegations contained in paragraph 110 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Amended Complaint.  To the extent the allegations contained in paragraph 110 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

111.    JPMorgan Chase & Co. denies the allegations in paragraph 111 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Amended Complaint.  To the extent the allegations contained in paragraph 111 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

112.    The allegations contained in paragraph 112 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Amended Complaint.  To the extent the allegations contained in paragraph 112 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

113.    The allegations contained in paragraph 113 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Amended Complaint.  To the extent the allegations contained in paragraph 113 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

114.    The allegations contained in paragraph 114 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Amended Complaint.  To the extent the allegations contained in paragraph 114 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

115.    The allegations contained in paragraph 115 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Amended Complaint.  To the extent the allegations contained in paragraph 115 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

116.    Merrill Lynch, Pierce, Fenner & Smith Inc. denies the allegations in paragraph 116 of the Amended Complaint, and respectfully refers the Court to the Public Offering

Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Amended Complaint.  To the extent the allegations contained in paragraph 116 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

117.    The allegations contained in paragraph 117 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Amended Complaint.  To the extent the allegations contained in paragraph 117 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

118.    The allegations contained in paragraph 118 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Amended Complaint.  To the extent the allegations contained in paragraph 118 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

119.    Morgan Stanley & Co. Inc. denies the allegations in paragraph 119 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 119 of the Amended Complaint. To the extent the allegations contained in paragraph 119 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

120. The allegations contained in paragraph 120 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Amended Complaint. To the extent the allegations contained in paragraph 120 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

121. The allegations contained in paragraph 121 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Amended Complaint. To the extent the allegations contained in paragraph 121 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

122. The allegations contained in paragraph 122 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the

Amended Complaint.  To the extent the allegations contained in paragraph 122 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

123.   The allegations contained in paragraph 123 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Amended Complaint.  To the extent the allegations contained in paragraph 123 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

124.   The allegations contained in paragraph 124 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Amended Complaint.  To the extent the allegations contained in paragraph 124 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

125.   The allegations contained in paragraph 125 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Amended Complaint.  To the extent the allegations contained in paragraph 125 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

126.    The allegations contained in paragraph 126 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.    To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Amended Complaint.    To the extent the allegations contained in paragraph 126 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

127.    The allegations contained in paragraph 127 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.    To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Amended Complaint.    To the extent the allegations contained in paragraph 127 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

128.    The allegations contained in paragraph 128 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.    To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Amended Complaint.    To the extent the allegations contained in paragraph 128 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

129.    The allegations contained in paragraph 129 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated

February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Amended Complaint.   To the extent the allegations contained in paragraph 129 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

130.    The allegations contained in paragraph 130 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Amended Complaint.   To the extent the allegations contained in paragraph 130 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

131.    The allegations contained in paragraph 131 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Amended Complaint.   To the extent the allegations contained in paragraph 131 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

132.    The allegations contained in paragraph 132 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint.  To the extent the allegations contained in paragraph 132 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

133.    The allegations contained in paragraph 133 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Amended Complaint.  To the extent the allegations contained in paragraph 133 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

134.    The allegations contained in paragraph 134 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Amended Complaint.  To the extent the allegations contained in paragraph 134 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

135.    The allegations contained in paragraph 135 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the

Amended Complaint.  To the extent the allegations contained in paragraph 135 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

136.    The allegations contained in paragraph 136 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Amended Complaint.  To the extent the allegations contained in paragraph 136 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

137.    The allegations contained in paragraph 137 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the Amended Complaint.  To the extent the allegations contained in paragraph 137 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

138.    The allegations contained in paragraph 138 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 of the Amended Complaint.  To the extent the allegations contained in paragraph 138 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

139.    The allegations contained in paragraph 139 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Amended Complaint.  To the extent the allegations contained in paragraph 139 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

140.    The allegations contained in paragraph 140 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the Amended Complaint.  To the extent the allegations contained in paragraph 140 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

141.    UBS Securities LLC denies the allegations in paragraph 141 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the Amended Complaint.  To the extent the allegations contained in paragraph 141 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

142.    The allegations contained in paragraph 142 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated

51

February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the Amended Complaint.  To the extent the allegations contained in paragraph 142 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

143.    The allegations contained in paragraph 143 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Amended Complaint.  To the extent the allegations contained in paragraph 143 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

144.    Wachovia Capital Markets, LLC, incorrectly identified in the Amended Complaint as Wachovia Capital Securities, LLC, denies the allegations in paragraph 144 of the Amended Complaint, and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Amended Complaint.  To the extent the allegations contained in paragraph 144 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

145.    The allegations contained in paragraph 145 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a

response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Amended Complaint.  To the extent the allegations contained in paragraph 145 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

146.    The allegations contained in paragraph 146 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Amended Complaint.  To the extent the allegations contained in paragraph 146 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

147.    The allegations contained in paragraph 147 of the Amended Complaint are directed solely to an entity that was dismissed from this case pursuant to the Court's Order dated February 17, 2009, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Amended Complaint.  To the extent the allegations contained in paragraph 147 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

148.    Paragraph 148 of the Amended Complaint contains no factual allegations and, accordingly, no responsive pleading is required.

No response is required to the heading preceding paragraph 149 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny any allegations contained in this heading.

149.     The Underwriter Defendants deny the allegations contained in the second sentence of paragraph 149 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 149 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  To the extent the allegations contained in paragraph 149 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

150.     CGMI and CGML deny the allegations contained in paragraph 150 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 150 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 150 of the Amended Complaint.

151.     CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 151 of the Amended Complaint, (ii) deny the allegations contained in the last sentence of paragraph 151 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup SEC filings referenced in paragraph 151 and to the Public Offering Materials for the complete and accurate

contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 151 of the Amended Complaint.  The remaining Underwriter Defendants (i) deny the allegations contained in the first and last sentences of paragraph 151 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering, and respectfully refer the Court to the Citigroup SEC filings referenced in paragraph 151 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 151 of the Amended Complaint.

152.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Amended Complaint and respectfully refer the Court to the November 1, 2007 analyst report referenced in paragraph 152 for the complete and accurate contents thereof.

153.    Each Underwriter Defendant denies the allegations contained in paragraph 153 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 153 of the Amended Complaint.

154.     Each Underwriter Defendant denies the allegations contained in paragraph 154 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the purported post-Offering disclosures referenced in paragraph 154 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 154 of the Amended Complaint.

No response is required to the heading preceding paragraph 155 of the Amended Complaint, but to the extent a response is required, CGMI and CGML deny the allegations in this heading and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in this heading to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this heading.

155.     CGMI and CGML (i) deny the allegations contained in the second sentence of paragraph 155 of the Amended Complaint, (ii) deny the remaining allegations contained in paragraph 155 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering

Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 155 of the Amended Complaint. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 155 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 155 of the Amended Complaint.

No response is required to the heading preceding paragraph 156 of the Amended Complaint, but to the extent a response is required, CGMI and CGML deny the allegations set forth in this heading and respectfully refer the Court to Citigroup Inc.'s public filings and disclosures for a complete and accurate description of the matters referenced in this heading as of the time of the respective Offerings. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading and respectfully refer the Court to Citigroup Inc.'s public filings and disclosures for a complete and accurate description of the matters referenced in this heading as of the time of the respective Offerings.

156.   CGMI and CGML deny the allegations contained in paragraph 156 of the Amended Complaint, except admit that certain CDOs structured by affiliates of Citigroup Inc. included a "super senior" tranche. The remaining Underwriter Defendants deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 156 of the Amended Complaint.

157. CGMI and CGML deny the allegations contained in paragraph 157 of the Amended Complaint, except admit that certain affiliates of Citigroup Inc. securitized mortgages and issued RMBS. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Amended Complaint.

158. CGMI and CGML deny the allegations contained in the first sentence of paragraph 158 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 158 of the Amended Complaint, except admit that certain CDOs structured by affiliates of Citigroup Inc. were collateralized in part by RMBS. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Amended Complaint.

159. CGMI and CGML deny the allegations contained in paragraph 159 of the Amended Complaint, except admit that certain affiliates of Citigroup structured CDOs with collateral rated single A or better and CDOs with collateral rated BBB or less. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Amended Complaint.

160. CGMI and CGML deny the allegations in the last sentence of paragraph 160 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 160 of the Amended Complaint. The remaining Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the Amended Complaint.

No response is required to the heading preceding paragraph 161 of the Amended Complaint, but to the extent a response is required CGMI and CGML deny the allegations in this heading. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading.

161. The Underwriter Defendants are not obligated to respond to the chart that appears after paragraph 161 of the Amended Complaint, the content of which speaks for itself. To the extent a response is required, the Underwriter Defendants deny the allegations contained in the second sentence of paragraph 161 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 161 of the Amended Complaint.

162. CGMI and CGML deny the allegations contained in the first sentence of paragraph 162 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 162 of the Amended Complaint. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Amended Complaint.

163. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* and *Barron's* articles referenced in paragraph 163 for the complete and accurate contents thereof.

164.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Amended Complaint and respectfully refer the Court to the S&P and Moody's reports referenced in paragraph 164 for the complete and accurate contents thereof.

165.    Each Underwriter Defendant denies the allegations contained in paragraph 165 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup 2006 Form 10-K referenced in paragraph 165 and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 165 of the Amended Complaint.

166.    CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 166 of the Amended Complaint and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 166 of the Amended Complaint and respectfully refer the Court to the transcript of the July 20, 2007 conference call for the complete and accurate contents thereof.  Each remaining Underwriter Defendant (i) denies the allegations contained in paragraph 166 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 166 of the

Amended Complaint and respectfully refer the Court to the transcript of the July 20, 2007 conference call for the complete and accurate contents thereof.

167.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 167 of the Amended Complaint and respectfully refer the Court to the Buckingham and Bear Stearns reports referenced in paragraph 167 for the complete and accurate contents thereof.

168.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Amended Complaint and respectfully refer the Court to the transcript of the October 15, 2007 conference call and the purported analyst statements referenced in paragraph 168 for the complete and accurate contents thereof.

169.    CGMI and CGML deny the allegations contained in paragraph 169 of the Amended Complaint.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 169 of the Amended Complaint.

170.    CGMI and CGML deny the allegations contained in paragraph 170 of the Amended Complaint, except admit that certain affiliates of Citigroup Inc. entered into liquidity arrangements relating to certain CDOs.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Amended Complaint.

171.    CGMI and CGML deny the allegations contained in paragraph 171 of the Amended Complaint, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Amended Complaint to

the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as a member of the syndicate involved in that Offering, (ii) admit that in certain CDO transactions structured by certain affiliates of Citigroup Inc., the senior tranche of the CDOs was funded through the issuance of short-term commercial paper and certain affiliates of Citigroup entered into liquidity arrangements relating to that commercial paper, and (iii) respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 171 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 171 of the Amended Complaint.

172.   CGMI and CGML deny the allegations contained in paragraph 172 of the Amended Complaint, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 172 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as a member of the syndicate involved in that Offering, (ii) admit that certain affiliates of Citigroup had exposure to certain tranches of CDOs, and (iii) respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 172 of the Amended Complaint to the

extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 172 of the Amended Complaint.

173. CGMI and CGML deny the allegations contained in the first sentence of paragraph 173 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 173 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as a member of the syndicate involved in that Offering. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 173 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 173 of the Amended Complaint. To the extent the allegations contained in paragraph 173 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 174 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this heading.

174.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Amended Complaint and respectfully refer the Court to the transcript of the October 15, 2007 conference call for the complete and accurate contents thereof.

175.    CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 175 of the Amended Complaint, except admit that Michael Raynes and Nestor Dominguez left Citigroup on October 31, 2007, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 175 of the Amended Complaint, and (iii) respectfully refer the Court to the *Wall Street Journal* article and the purported November 2, 2007 reports referenced in paragraph 175 for the complete and accurate contents thereof.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* article and the purported November 2, 2007 reports referenced in paragraph 175 for the complete and accurate contents thereof.

176.    CGMI and CGML (i) deny the allegations contained in the second sentence of paragraph 176 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 176 of the Amended Complaint, and (iii) respectfully refer the Court to the Citigroup press release

referenced in paragraph 176 for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Amended Complaint and respectfully refer the Court to the Citigroup press release referenced in paragraph 176 for the complete and accurate contents thereof.

177.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Amended Complaint and respectfully refer the Court to the Citigroup press release referenced in paragraph 177 for the complete and accurate contents thereof.

178.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 178 of the Amended Complaint and respectfully refer the Court to the transcript of the November 5, 2007 conference call for the complete and accurate contents thereof.

179.    Each Underwriter Defendant denies the allegations contained in paragraph 179 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 179 of the Amended Complaint and respectfully refer the Court to the transcript of the November 5, 2007 conference call for the complete and accurate contents thereof.

180.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Amended Complaint and respectfully refer the Court to the JP Morgan, Deutsche Bank and Buckingham reports referenced in paragraph 180 for the complete and accurate contents thereof.

181.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Amended Complaint and respectfully refer the Court to the Buckingham report referenced in paragraph 181 for the complete and accurate contents thereof.

182.    Credit Suisse Securities (USA) LLC denies the allegations contained in paragraph 182 of the Amended Complaint and respectfully refers the Court to the Credit Suisse report referenced in paragraph 182 for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Amended Complaint, and respectfully refer the Court to the Credit Suisse report referenced in paragraph 182 for the complete and accurate contents thereof.

183.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Amended Complaint.

184.    The Underwriter Defendants deny the allegations contained in paragraph 184 of the Amended Complaint.  To the extent the allegations contained in paragraph 184 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

185.    CGMI and CGML (i) deny the allegations contained in the third, fourth, fifth and sixth sentences of paragraph 185 of the Amended Complaint and (ii) deny knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 185 of the Amended Complaint, and respectfully refer the Court to Citigroup's January 15, 2008 press release referenced in paragraph 185 for the complete and accurate contents thereof. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Amended Complaint and respectfully refer the Court to the Citigroup press release referenced in paragraph 185 for the complete and accurate contents thereof.

186. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Amended Complaint, except Credit Suisse Securities (USA) LLC denies the allegations in the last sentence of paragraph 186 of the Amended Complaint, and respectfully refer the Court to Citigroup's announcement of its first quarter 2008 results, the transcript of the April 15, 2008 conference call, and the Credit Suisse report referenced in paragraph 186 for the complete and accurate contents thereof.

187. CGMI and CGML deny the allegations contained in paragraph 187 of the Amended Complaint, and respectfully refer the Court to the slide presentation and Citigroup report referenced in paragraph 187 for the complete and accurate contents thereof. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Amended Complaint and respectfully refer the Court to the slide presentation and Citigroup report referenced in paragraph 187 for the complete and accurate contents thereof.

No response is required to the heading preceding paragraph 188 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants (i) deny the

allegations contained in this heading to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this heading.

188.    CGMI and CGML deny the allegations contained in the second sentence of paragraph 188 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 188 of the Amended Complaint, except admit that the Citigroup Defendants issued certain Bond Class Securities in 2008.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 188 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 188 of the Amended Complaint, except admit that the Citigroup Defendants issued certain Bond Class Securities in 2008.

189.    Each Underwriter Defendant denies the allegations contained in paragraph 189 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup 2007 Form 10-K and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective

Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 189 of the Amended Complaint.

190.    CGMI and CGML deny the allegations contained in paragraph 190 of the Amended Complaint, and respectfully refer the Court to the Citigroup 2007 Form 10-K and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 190 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup 2007 Form 10-K and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 190 of the Amended Complaint.   To the extent the allegations contained in paragraph 190 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

191.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Amended Complaint and respectfully refer the Court to the Citigroup 2007 Form 10-K and the other purported public disclosures referenced paragraph 191 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 191 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

192.   CGMI and CGML deny the allegations contained in the third, fourth and fifth sentences of paragraph 192 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 192 of the Amended Complaint, except admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Amended Complaint.   To the extent the allegations contained in paragraph 192 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 193 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

193.   CGMI and CGML deny the allegations contained in paragraph 193 of the Amended Complaint, except admit that certain affiliates of Citigroup Inc. managed certain SIVs at various points in time.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Amended Complaint.

194.   The allegations contained in paragraph 194 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 194 of the Amended

Complaint and respectfully refer the Court to the December 13, 2007 Citigroup statement referenced in paragraph 194 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 194 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as members of the syndicate involved in that Offering.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 194 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the December 13, 2007 Citigroup statement referenced in paragraph 194 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 194 of the Amended Complaint.

195.   To the extent the allegations contained in paragraph 195 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.   To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 195 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 195 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer

the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 195 of the Amended Complaint.  To the extent the allegations contained in paragraph 195 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 196 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

196.   CGMI and CGML deny the allegations contained in paragraph 196 of the Amended Complaint except admit that certain affiliates of Citigroup Inc. managed certain SIVs at various points in time.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Amended Complaint.

197.   The allegations contained in paragraph 197 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant denies the allegations contained in paragraph 197 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup 2006 Form 10-K referenced in paragraph 197 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

paragraph 197 of the Amended Complaint.  To the extent the allegations contained in paragraph 197 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

198.    The allegations contained in paragraph 198 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant denies the allegations contained in paragraph 198 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 198 of the Amended Complaint.

199.    The allegations contained in paragraph 199 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 199 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 199 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations contained in paragraph 199 of the Amended Complaint. To the extent the allegations contained in paragraph 199 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

200.    The allegations contained in paragraph 200 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 200 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 200 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 200 of the Amended Complaint. To the extent the allegations contained in paragraph 200 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

201.    The allegations contained in paragraph 201 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, CGMI and CGML (i) deny the allegations contained in the first two sentences of

paragraph 201 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 201 of the Amended Complaint, and (iii) and respectfully refer the Court to the October 14, 2007 news reports referenced in paragraph 201 of the Amended Complaint and the Public Offering Materials for the complete and accurate contents thereof.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 201 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 201 of the Amended Complaint, and (iii) respectfully refer the Court to the October 14, 2007 news reports referenced in paragraph 201 for the complete and accurate contents thereof.

202.   The allegations contained in paragraph 202 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 202 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* and *Financial Times* articles referenced in paragraph 202 for the complete and accurate contents thereof.

203.   The allegations contained in paragraph 203 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is

required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 203 of the Amended Complaint and respectfully refer the Court to Citigroup's one-page fact sheet and the JP Morgan report referenced in paragraph 203 for the complete and accurate contents thereof.

204.    The allegations contained in paragraph 204 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 204 of the Amended Complaint and respectfully refer the Court to the Bloomberg article referenced in paragraph 204 for the complete and accurate contents thereof.

205.    The allegations contained in paragraph 205 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Amended Complaint and respectfully refer the Court to the Bloomberg article referenced in paragraph 205 for the complete and accurate contents thereof.

206.    The allegations contained in paragraph 206 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant denies the allegations contained in paragraph 206 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with

respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup Form 10-Q for the third quarter of 2007 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 206 of the Amended Complaint.

No response is required to the heading preceding paragraph 207 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

207.   The allegations contained in paragraph 207 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations set forth in paragraph 207 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 207 of the Amended Complaint, and respectfully refer the Court to the December 13, 2007 Citigroup announcement referenced in paragraph 207 and the Public Offering Materials for the complete and accurate contents thereof.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 207 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 207 of the Amended Complaint and respectfully refer the Court to the December 13, 2007 Citigroup announcement referenced in paragraph 207 for the complete and accurate contents thereof.

208.   The allegations contained in paragraph 208 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Amended Complaint and respectfully refer the Court to the purported financial press reports and *Financial Times* article referenced in paragraph 208 for the complete and accurate contents thereof.

209.   The Underwriter Defendants (i) deny the allegations contained in the last sentence of paragraph 209 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 209 of the Amended Complaint, and (iii) respectfully refer the Court to the CIBC World Markets report referenced in paragraph 209 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 209 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 210 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

210.   CGMI and CGML deny the allegations contained in paragraph 210 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining

Underwriter Defendants (i) deny the allegations contained in paragraph 210 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 210 of the Amended Complaint.

211.    The Underwriter Defendants deny the allegations contained in paragraph 211 of the Amended Complaint and respectfully refer the Court to the Citigroup press release referenced in paragraph 211 for the complete and accurate contents thereof.

212.    Each Underwriter Defendant denies the allegations contained in paragraph 212 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 212 of the Amended Complaint and respectfully refer the Court to the Citigroup April 15, 2008 announcement and the Citigroup 2008 Form 10-Q referenced in paragraph 212 for the complete and accurate contents thereof.

213.    CGMI and CGML deny the allegations contained in paragraph 213 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 213 of the Amended

Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 213 of the Amended Complaint.

214.    CGMI and CGML deny the allegations contained in paragraph 214 of the Amended Complaint and respectfully refer the Court to Citigroup's November 19, 2008 announcement referenced in paragraph 214 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 214 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 214 of the Amended Complaint and respectfully refer the Court to Citigroup's November 19, 2008 announcement referenced in paragraph 214 for a complete and accurate description of its content.

215.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 215 of the Amended Complaint and respectfully refer the Court to the Dow Jones, *Wall Street Journal*, Ladenburg

Thalman and the purported additional reports referenced in paragraph 215 for the complete and accurate contents thereof.

216.    The Underwriter Defendants deny the allegations contained in paragraph 216 of the Amended Complaint.  To the extent the allegations contained in paragraph 216 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

217.    CGMI and CGML deny the allegations contained in paragraph 217 of the Amended Complaint, except admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Amended Complaint.

No response is required to the heading preceding paragraph 218 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

218.    Each Underwriter Defendant denies the allegations contained in paragraph 218 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 218 of the Amended Complaint.

No response is required to the heading preceding paragraph 219 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading.

219.     CGMI and CGML deny the allegations contained in the fourth and fifth sentences of paragraph 219 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 219 of the Amended Complaint.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 219 of the Amended Complaint.

220.     CGMI and CGML (i) deny the allegations set forth in the first sentence of paragraph 220 of the Amended Complaint, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 220 of the Amended Complaint, and (iii) respectfully refer the Court to the *Mortgage Banking Magazine* article referenced in paragraph 220 for the complete and accurate contents thereof.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 220 of the Amended Complaint and respectfully refer the Court to the *Mortgage Banking Magazine* article referenced in paragraph 220 for the complete and accurate contents thereof.

221.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 221 of the Amended Complaint.

222.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 222 of the Amended Complaint.

223.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 223 of the Amended Complaint.

224.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 224 of the Amended Complaint.

225.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 225 of the Amended Complaint.

226.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 226 of the Amended Complaint.

No response is required to the heading preceding paragraph 227 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

227.    Each Underwriter Defendant (i) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 227 of the Amended Complaint, (ii) denies the remaining allegations contained in paragraph 227 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate

involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 227 of the Amended Complaint. To the extent the allegations contained in paragraph 227 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

228.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 of the Amended Complaint, and respectfully refer the Court to SFAS 5 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 228 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

229.    Each Underwriter Defendant denies the allegations contained in paragraph 229 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 229 of the Amended Complaint. To the extent the allegations contained in paragraph 229 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

230.    Each Underwriter Defendant denies the allegations contained in paragraph 230 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 230 of the Amended Complaint and respectfully refer the Court to SFAS 5 for the complete and accurate contents thereof.    To the extent the allegations contained in paragraph 230 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.  In addition, the Underwriter Defendants are not obligated to respond to the chart that appears after paragraph 230 of the Amended Complaint, the content of which speaks for itself.

231.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 231 of the Amended Complaint and respectfully refer the Court to Citigroup's public filings and disclosures for a complete and accurate description of Citigroup's reserves and total loans as of the periods indicated in the chart contained in paragraph 231 of the Amended Complaint.

232.    Each Underwriter Defendant denies the allegations contained in paragraph 232 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants

deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 232 of the Amended Complaint.     To the extent the allegations contained in paragraph 232 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

233.    Each Underwriter Defendant denies the allegations contained in paragraph 233 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 233 of the Amended Complaint.

234.    Each Underwriter Defendant denies the allegations contained in paragraph 234 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 234 of the Amended Complaint.

235.    Each Underwriter Defendant denies the allegations contained in paragraph 235 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and

accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 235 of the Amended Complaint.

No response is required to the heading preceding paragraph 236 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

236.   The allegations contained in paragraph 236 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 236 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 236 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 236 of the Amended Complaint.

No response is required to the heading preceding paragraph 237 of the Amended Complaint, but to the extent a response is required, CGMI and CGML deny the allegations set forth in this heading and respectfully refer the Court to Citigroup Inc.'s public filings and disclosures for a complete and accurate description of the matters referenced in this heading as of

the time of the respective Offerings.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading and respectfully refer the Court to Citigroup Inc.'s public filings and disclosures for a complete and accurate description of the matters referenced in this heading as of the time of the respective Offerings.

237.    The allegations contained in paragraph 237 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 237 of the Amended Complaint.

238.    The allegations contained in paragraph 238 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 238 of the Amended Complaint.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 238 of the Amended Complaint.

239.    The allegations contained in paragraph 239 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 239 of the Amended Complaint.  The remaining Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in paragraph 239 of the Amended Complaint.

240. The allegations contained in paragraph 240 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 240 of the Amended Complaint and respectfully refer the Court to the letter to the SEC from the Regional Bond Dealers Association referenced in paragraph 240 for the complete and accurate contents thereof. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 of the Amended Complaint and respectfully refer the Court to the letter to the SEC from the Regional Bond Dealers Association referenced in paragraph 240 for the complete and accurate contents thereof.

No response is required to the heading preceding paragraph 241 of the Amended Complaint. To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

241. The allegations contained in paragraph 241 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 241 of the Amended Complaint.

242. The allegations contained in paragraph 242 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is

required, CGMI and CGML deny the allegations contained in paragraph 242 of the Amended Complaint. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 242 of the Amended Complaint.

243.    The allegations contained in paragraph 243 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 243 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 243 of the Amended Complaint insofar as they relate to the motivations of the SEC, the New York Attorney General, or other state authorities. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 243 of the Amended Complaint.

244.    The allegations contained in paragraph 244 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required. To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 244 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 244 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as members of the syndicate involved in that Offering, and respectfully refer the Court to Citigroup's Form 10-Q for the third quarter of 2007 and its Form 10-K for 2007

referenced in paragraph 244 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   Each remaining Underwriter Defendant (i) denies the allegations contained in paragraph 244 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to Citigroup's Form 10-Q for the third quarter of 2007 and its Form 10-K for 2007 referenced in paragraph 244 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 244 of the Amended Complaint.

No response is required to the heading preceding paragraph 245 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading and respectfully refer to the Court to Citigroup's public filings and disclosures for the complete and accurate contents thereof.

245.   The allegations contained in paragraph 245 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 245 of the Amended Complaint and respectfully refer the Court to Citigroup's earnings release for the first quarter of 2008 referenced in paragraph 245 for the complete and accurate contents thereof.

246.    The allegations contained in paragraph 246 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 246 of the Amended Complaint, except Credit Suisse Securities (USA) LLC admits that Credit Suisse issued a research report on Citigroup dated April 18, 2008, and respectfully refer the Court to the Credit Suisse report and the purported analysts reports referenced in paragraph 246 for the complete and accurate contents thereof.

247.    The allegations contained in paragraph 247 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in the second and third sentences of paragraph 247 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 247 of the Amended Complaint, except admit that in 2008 Citigroup settled certain ARS-related matters with certain regulatory agencies including the New York State Attorney General, and respectfully refer the Court to the settlement agreements for their actual language and complete contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 247 of the Amended Complaint.

No response is required to the heading preceding paragraph 248 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the

allegations contained in this heading, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this heading to the extent they concern the state of mind or motive of the U.S. government.

248.  To the extent the allegations contained in paragraph 248 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 248 of the Amended Complaint and respectfully refer the Court to Citigroup's public disclosures and statements for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 248 of the Amended Complaint and respectfully refer the Court to Citigroup's public disclosures and statements for the complete and accurate contents thereof.

249.  To the extent the allegations contained in paragraph 249 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in the third and fourth sentences of paragraph 249 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 249 of the Amended Complaint, and respectfully refer the Court to Citigroup's public disclosures and statements for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 249 of the Amended Complaint and respectfully refer the

Court to Citigroup's public disclosures and statements for the complete and accurate contents thereof.

250.     Each Underwriter Defendant denies the allegations contained in paragraph 250 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to Citigroup's July 18, 2008 earnings release referenced in paragraph 250 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 250 of the Amended Complaint.

251.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 251 of the Amended Complaint, except CGMI and CGML admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.  To the extent the allegations contained in paragraph 251 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

252.     CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 252 of the Amended Complaint, (ii) deny the remaining allegations contained in paragraph 252 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective

Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 252 of the Amended Complaint, except admit that Citigroup held a Town Hall meeting for its employees on November 17, 2008, and respectfully refer to the Court to the materials presented at the Town Hall meeting for the complete and accurate contents thereof.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 252 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 252 of the Amended Complaint and respectfully refer the Court to any materials presented at the alleged Town Hall meeting referenced in paragraph 252 for the complete and accurate contents thereof.

253.   To the extent the allegations contained in paragraph 253 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 253 of the Amended Complaint, except CGMI and CGML admit that Citigroup held a Town Hall meeting for its employees on November 17, 2008, and respectfully refer the Court to the materials presented at the Town Hall meeting referenced in paragraph 253 for the complete and accurate contents thereof.

254.   To the extent the allegations contained in paragraph 254 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and

Order dated July 12, 2010, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 254 of the Amended Complaint and respectfully refer the Court to the Buckingham and *Wall Street Journal*'s Deal Journal reports referenced in paragraph 254 for the complete and accurate contents thereof.

255.   To the extent the allegations contained in paragraph 255 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required. To the extent a response is required, CGMI and CGML deny the allegations contained in the first sentence of paragraph 255 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 255 of the Amended Complaint, and respectfully refer the Court to Citigroup's November 17, 2008 disclosure and the Ladenburg Thalmann, *Dow Jones* and *Wall Street Journal* reports referenced in paragraph 255 for the complete and accurate contents thereof. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 255 of the Amended Complaint and respectfully refer the Court to Citigroup's November 17, 2008 disclosure and the Ladenburg Thalmann, *Dow Jones* and *Wall Street Journal* reports referenced in paragraph 255 for the complete and accurate contents thereof.

256.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 256 of the Amended Complaint, and respectfully refer the Court to the *Dow Jones* article and other purported unspecified reports referenced in paragraph 256 for the complete and accurate contents thereof.

257.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 257 of the Amended Complaint, and respectfully refer the Court to the *Wall Street Journal* and *New York Times* articles referenced in paragraph 257 for the complete and accurate contents thereof.

258.    The Underwriter Defendants deny the allegations contained in paragraph 258 of the Amended Complaint.   To the extent the allegations contained in paragraph 258 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

259.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 259 of the Amended Complaint and respectfully refer the Court to Citigroup's November 23, 2008 announcement, except CGMI and CGML admit that, during this time period, Citigroup entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.

260.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 260 of the Amended Complaint and respectfully refer the Court to the Term Sheet and Fox-Pitt and Oppenheimer reports referenced in paragraph 260 for the complete and accurate contents thereof.

261.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 261 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* article referenced in paragraph 261 for the complete and accurate contents thereof.

262.    CGMI and CGML deny the allegations contained in paragraph 262 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 262 of the Amended Complaint with respect to the content of the *Wall Street Journal* articles and other reports referenced in paragraph 262 and respectfully refer the Court to those *Wall Street Journal* articles and reports for the complete and accurate contents thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 262 of the Amended Complaint and respectfully refer the Court to the *Wall Street Journal* articles and reports referenced in paragraph 262 for the complete and accurate contents thereof.

No response is required to the headings preceding paragraph 263 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny the allegations contained in these headings.  To the extent the headings purport to provide background on GAAP, the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.  To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

263.    Each Underwriter Defendant denies the allegations contained in paragraph 263 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants

deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 263 of the Amended Complaint, including the footnote thereto. To the extent the allegations contained in paragraph 263 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

264. CGMI and CGML deny the allegations contained in paragraph 264 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 264 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they did not serve as members of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 264 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 264 of the Amended Complaint. To the extent the allegations contained in paragraph 264 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

265.    The Underwriter Defendants deny the allegations contained in the first and second sentences of paragraph 265 of the Amended Complaint and respectfully refer the Court to Item 303 of Regulation S-K referenced in paragraph 265 for the complete and accurate contents thereof.  Each Underwriter Defendant denies the allegations contained in the third sentence of paragraph 265 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 265 of the Amended Complaint. To the extent the allegations contained in paragraph 265 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the headings preceding paragraph 266 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in these headings.  To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

266.    Each Underwriter Defendant denies the allegations contained in paragraph 266 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in paragraph 266 of the Amended Complaint.  To the extent the allegations contained in paragraph 266 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

267.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 267 of the Amended Complaint and respectfully refer the Court to paragraph 15A of SFAS 107 and APB No. 28, Interim Financial Reporting, referenced in paragraph 267 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 267 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

268.    The Underwriter Defendants deny the allegations contained in paragraph 268 of the Amended Complaint and respectfully refer the Court to SOP No. 94-6 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 268 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

269.    CGMI and CGML deny the allegations contained in paragraph 269 of the Amended Complaint and respectfully refer the Court to SFAS 107, SOP 94-6, and APB No. 28, as well as to the Public Offering Materials, for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 269 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to SFAS 107, SOP 94-6, and APB No. 28, as well as to the Public Offering Materials, for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 269 of the Amended Complaint. To the extent the allegations contained in paragraph 269 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

270.    CGMI and CGML deny the allegations contained in paragraph 270 of the Amended Complaint and respectfully refer the Court to SOP 94-6 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.    The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 270 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to SOP 94-6 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 270 of the Amended Complaint. To the extent the allegations contained in paragraph 270 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 271 of the Amended Complaint.    To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.    To the extent the allegations contained in this heading state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

271.    Each Underwriter Defendant denies the allegations contained in paragraph 271 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials

with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to SFAS 5 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 271 of the Amended Complaint. To the extent the allegations contained in paragraph 271 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

No response is required to the heading preceding paragraph 272 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.   To the extent the allegations contained in this heading state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

272.    The allegations contained in paragraph 272 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 272 of the Amended Complaint and respectfully refer the Court to FIN 46(R) for the complete and accurate contents thereof.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 272 of the Amended Complaint and respectfully refer the Court to FIN 46(R) for the complete and accurate contents thereof.    To the extent the allegations contained in paragraph 272 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter

Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

No response is required to the heading preceding paragraph 273 of the Amended Complaint, including to the extent the allegations contained in this heading state a legal conclusion.

273. The Underwriter Defendants deny the allegations contained in paragraph 273 of the Amended Complaint and respectfully refer the Court to FIN 46(R), ¶ 14 and FIN 46(R) ¶ B10 referenced in paragraph 273 for the complete and accurate contents thereof. To the extent the allegations contained in the paragraph 273 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

274. CGMI and CGML (i) deny the allegations contained in the second sentence of paragraph 274 of the Amended Complaint (ii) deny the remaining allegations contained in paragraph 274 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 235 of the Amended Complaint and respectfully refer the Court to Citigroup's 2007 10-K and to FIN 46(R) referenced in paragraph 274 for the complete and accurate contents thereof. Each remaining Underwriter Defendant (i) denies the allegations contained in paragraph 274 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to

the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 235 of the Amended Complaint and respectfully refer the Court to Citigroup's 2007 10-K and to FIN 46(R) referenced in paragraph 274 for the complete and accurate contents thereof.  To the extent the allegations contained in the paragraph 274 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

275.    CGMI and CGML deny the allegations contained in paragraph 275 of the Amended Complaint and respectfully refer the Court to Citigroup's financial statements and to FIN 46(R) referenced in paragraph 275 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 275 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 275 of the Amended Complaint and respectfully refer the Court to Citigroup's financial statements and FIN 46(R) referenced in paragraph 275 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 275 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

276.   CGMI and CGML deny the allegations contained in paragraph 276 of the Amended Complaint and respectfully refer the Court to Citigroup's financial statements and SFASs No. 115 and 157 referenced in paragraph 276 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 276 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to Citigroup's financial statements and SFASs No. 115 and 157 referenced in paragraph 276 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 276 of the Amended Complaint.  To the extent the allegations contained in paragraph 276 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

No response is required to the heading preceding paragraph 277 of the Amended Complaint, including to the extent the allegations contained in this heading state a legal conclusion.

277.   The allegations contained in paragraph 277 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 277 of the Amended Complaint  and respectfully refer the Court to FIN 46(R) for the complete and accurate contents

thereof.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 277 of the Amended Complaint and respectfully refer the Court to FIN 46(R) for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 277 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

278.  The allegations contained in paragraph 278 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 278 of the Amended Complaint and respectfully refer the Court to FIN 46(R) for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 278 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

279.  The allegations contained in paragraph 279 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 279 of the Amended Complaint and respectfully refer the Court to FSP FIN 46(R)-5, *Implicit Variable Interests under FASB Interpretation No. 46* for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 279 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

280.    The allegations contained in paragraph 280 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 280 of the Amended Complaint and respectfully refer the Court to FSP FIN 46(R)-5 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 280 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

281.    The allegations contained in paragraph 281 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 281 of the Amended Complaint and respectfully refer the Court to FIN 46(R) and the *Bloomberg* article referenced in paragraph 281 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 281 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

282.    The allegations contained in paragraph 282 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.   To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 282 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter

Defendants (i) deny the allegations contained in paragraph 282 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 282 of the Amended Complaint.  To the extent the allegations contained in paragraph 282 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

283.   The allegations contained in paragraph 283 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML (i) deny the allegations contained in the first and third sentences of paragraph 283 of the Amended Complaint, (ii) deny the allegations contained in the second sentence of paragraph 283 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup Form 10-Qs and Form 10-Ks referenced in paragraph 283, FIN 46(R) and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 283 of the Amended Complaint.  Each remaining Underwriter Defendant (i) denies the allegations contained in paragraph 283 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and

respectfully refers the Court to the Citigroup Form 10-Qs and Form 10-Ks referenced in paragraph 283, FIN 46(R) and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 283 of the Amended Complaint.  To the extent the allegations contained in paragraph 283 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

284.    The allegations contained in paragraph 284 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 284 of the Amended Complaint and respectfully refer the Court to FIN 46(R) and FSP FIN 46(R)-5, Citigroup's third quarter 2007 Form 10-Q referenced in paragraph 284, as well as the Public Offering Materials, for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 284 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to FIN 46(R) and FSP FIN 46(R)-5, Citigroup's third quarter 2007 Form 10-Q referenced in paragraph 284, as well as the Public Offering Materials, for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 284 of the Amended Complaint.  To the extent the

allegations contained in paragraph 284 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

285.    The allegations contained in paragraph 285 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations contained in paragraph 285 of the Amended Complaint and respectfully refer the Court to the Citigroup financial statements referenced in paragraph 285 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 285 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup financial statements referenced in paragraph 285 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 285 of the Amended Complaint.  To the extent the allegations contained in paragraph 285 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

286.    The allegations contained in paragraph 286 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant denies the allegations contained in paragraph 286 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with

respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 286 of the Amended Complaint.

No response is required to the headings preceding paragraph 287 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in these headings.

287.   CGMI and CGML deny the allegations contained in paragraph 287 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 287 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 287 of the Amended Complaint.  To the extent the allegations contained in paragraph 287 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

288.   CGMI and CGML (i) deny the allegations contained in the first sentence of paragraph 288 of the Amended Complaint and (ii) deny knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in paragraph 288 of the Amended Complaint and respectfully refer the Court to FAS No. 115 for the complete and accurate contents thereof.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 288 of the Amended Complaint and respectfully refer the Court to FAS No. 115 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 288 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

289.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 289 of the Amended Complaint and respectfully refer the Court to Citigroup's financial statements referenced in paragraph 289 for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph 289 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

290.     The Underwriter Defendants deny the allegations contained in paragraph 290 of the Amended Complaint and respectfully refer the Court to SFAS No. 157 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 290 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

291.     The Underwriter Defendants deny the allegations contained in paragraph 291 of the Amended Complaint and respectfully refer the Court to SFAS No. 157 for the complete and accurate contents thereof.   To the extent the allegations contained in paragraph 291 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

292.     Each Underwriter Defendant denies the allegations contained in paragraph 292 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that

Offering and respectfully refers the Court to the Citigroup 2006 Form 10-K referenced in paragraph 292 and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 292 of the Amended Complaint. To the extent the allegations contained in paragraph 292 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

293. CGMI and CGML deny the allegations contained in paragraph 293 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 293 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 293 of the Amended Complaint. To the extent the allegations contained in paragraph 293 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

294. CGMI and CGML deny the allegations contained in paragraph 294 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining

Underwriter Defendants (i) deny the allegations contained in paragraph 294 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 294 of the Amended Complaint.

295.    CGMI and CGML deny the allegations contained in paragraph 295 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 295 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 295 of the Amended Complaint.

296.    The Underwriter Defendants deny the allegations contained in paragraph 296 of the Amended Complaint and respectfully refer the Court to the 40-100 TABX values as of the dates indicated in the table included in paragraph 296 of the Amended Complaint.

297.    CGMI and CGML deny the allegations contained in paragraph 297 of the Amended Complaint, including the footnote thereto, and respectfully refer the Court to the historical levels of the TABX indices and to Public Offering Materials for the complete and

accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 297 of the Amended Complaint, including the footnote thereto, to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the historical levels of the TABX indices and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 297 of the Amended Complaint, including the footnote thereto.

298.    CGMI and CGML deny the allegations contained in paragraph 298 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 298 of the Amended Complaint with respect to the contents of the publication entitled *A General Review of CDO Valuation Methods* and respectfully refer the Court to that publication and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 298 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 298 of the Amended Complaint and respectfully refer the Court to the

116

publication entitled *A General Review of CDO Valuation Methods* for the complete and accurate contents thereof.

299.    CGMI and CGML deny the allegations contained in paragraph 299 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 299 of the Amended Complaint relating to statements by Defendant Crittenden.    The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 299 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 299 of the Amended Complaint.

No response is required to the heading preceding paragraph 300 of the Amended Complaint.    To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

300.    CGMI and CGML deny the allegations contained in paragraph 300 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.    The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 300 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and

respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 300 of the Amended Complaint. To the extent the allegations contained in paragraph 300 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

301. CGMI and CGML deny the allegations contained in paragraph 301 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 301 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 301 of the Amended Complaint. To the extent the allegations contained in paragraph 301 of the Amended Complaint state a legal conclusion or relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

302. CGMI and CGML deny the allegations contained in paragraph 302 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 302 of the Amended

Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 302 of the Amended Complaint.  To the extent the allegations contained in paragraph 302 of the Amended Complaint state a legal conclusion or relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

303.   CGMI and CGML deny the allegations contained in paragraph 303 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 303 of the Amended Complaint with respect to Citigroup's November 19, 2008 announcement, and respectfully refer the Court to that announcement and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 303 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 303 of the Amended Complaint and respectfully refer the Court to Citigroup's November 19, 2008 announcement for the complete and accurate contents thereof.  To the extent the allegations contained in paragraph

303 of the Amended Complaint state a legal conclusion or relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

No response is required to the heading preceding paragraph 304 of the Amended Complaint. To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

304.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 304 of the Amended Complaint, except admit that Plaintiffs purport to bring Securities Act claims on behalf of the investors indicated therein. To the extent the allegations contained in paragraph 304 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

305.    The Underwriter Defendants deny the allegations contained in paragraph 305 of the Amended Complaint and respectfully refer the Court to the applicable regulations and Form S-3 for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 305 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

306.    The Underwriter Defendants deny the allegations contained in paragraph 306 of the Amended Complaint and respectfully refer the Court to the Shelf Registration Statements for the complete and accurate contents thereof.

307.    Each Underwriter Defendant denies the allegations contained in paragraph 307 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the prospectus and/or prospectus supplement as well

as the SEC filings referenced in paragraph 307 for the complete and accurate contents thereof as of the time of the respective Offerings.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 307 of the Amended Complaint.   To the extent the allegations contained in paragraph 307 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

308.    The Underwriter Defendants deny the allegations contained in paragraph 308 of the Amended Complaint and respectfully refer the Court to the SEC filings referenced in paragraph 308 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, except admit that Plaintiffs purport to refer to the Shelf Registration Statement, the prospectus or pricing supplement for each Offering, and all SEC filings incorporated therein collectively as the "Public Offering Materials."

309.    The Underwriter Defendants deny the allegations contained in paragraph 309 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof.

No response is required to the heading preceding paragraph 310 of the Amended Complaint.   To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

310.    Each Underwriter Defendant denies the allegations contained in paragraph 310 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the prospectus and/or prospectus supplement as well as the Citigroup Form 10-Q for the first quarter of 2006 referenced in paragraph 310 for the

complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 310 of the Amended Complaint. To the extent the allegations contained in paragraph 310 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

311.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 311 of the Amended Complaint and respectfully refer the Court to the Citigroup press releases referenced in paragraph 311 for the complete and accurate contents thereof.

312.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 312 of the Amended Complaint and respectfully refer the Court to the Citigroup press releases referenced in paragraph 312 for the complete and accurate contents thereof.

313.    Each Underwriter Defendant denies the allegations contained in paragraph 313 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials as well as the SEC filings referenced in paragraph 313 for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 313 of the Amended Complaint. To the extent the allegations contained in paragraph 313 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 314 of the Amended Complaint. To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

314. Each Underwriter Defendant denies the allegations contained in paragraph 314 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 314 of the Amended Complaint. To the extent the allegations contained in paragraph 314 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

315. CGMI and CGML deny the allegations set forth in paragraph 315 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 315 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 315 of the Amended Complaint. To the extent the allegations contained in paragraph 315 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

316.    The allegations contained in paragraph 316 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML deny the allegations set forth in paragraph 316 of the Amended Complaint and respectfully refer the Court to Citigroup's Pre-November 4, 2007 Filings and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 316 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to Citigroup's Pre-November 2004 Filings and the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 316 of the Amended Complaint.  To the extent the allegations contained in paragraph 316 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

317.    Each Underwriter Defendant denies the allegations contained in paragraph 317 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in paragraph 317 of the Amended Complaint. To the extent the allegations contained in paragraph 317 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

318. CGMI and CGML deny the allegations set forth in paragraph 318 of the Amended Complaint and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 318 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 318 of the Amended Complaint. To the extent the allegations contained in paragraph 318 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

319. Each Underwriter Defendant denies the allegations contained in paragraph 319 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials and the SEC filings referenced in paragraph 319 for the complete and accurate contents thereof as of the time of the respective Offerings. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 319 of the Amended Complaint. To the extent the allegations contained in paragraph 319 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

320.    Each Underwriter Defendant denies the allegations contained in paragraph 320 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials and the SEC filings referenced in paragraph 320 for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 320 of the Amended Complaint.  To the extent the allegations contained in paragraph 320 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

321.    Each Underwriter Defendant denies the allegations contained in paragraph 321 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials and the SEC filings referenced in paragraph 321 for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 321 of the Amended Complaint.  To the extent the allegations contained in paragraph 321 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 322 of the Amended Complaint.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in this heading.

322.    Each Underwriter Defendant denies the allegations contained in paragraph 322 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the October 1, 2007 Form 8-K referenced in paragraph 322 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 322 of the Amended Complaint.  To the extent the allegations contained in paragraph 322 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

323.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 323 of the Amended Complaint and respectfully refer the Court to the Citigroup press release referenced in paragraph 323 for the complete and accurate contents thereof.

324.    CGMI and CGML deny the allegations set forth in the first sentence of paragraph 324 of the Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 324 of the Amended Complaint.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 324 of the Amended Complaint.

325.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 325 of the Amended

Complaint and respectfully refer the Court to the Citigroup November 5, 2007 Form 10-Q referenced in paragraph 325 for the complete and accurate contents thereof.

326.   CGMI and CGML deny the allegations contained in paragraph 326 of the Amended Complaint and respectfully refer the Court to the Citigroup November 5, 2007 Form 10-Q referenced in paragraph 326 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 326 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup November 5, 2007 Form 10-Q referenced in paragraph 326 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 326 of the Amended Complaint.  To the extent the allegations contained in paragraph 326 of the Amended Complaint state a legal conclusion or relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

327.   The allegations contained in paragraph 327 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, CGMI and CGML (i) deny the allegations contained in the third sentence of paragraph 327 of the Amended Complaint, (ii) deny the remaining allegations contained in paragraph 327 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that

Offering and respectfully refer the Court to the Citigroup November 5, 2007 Form 10-Q referenced in paragraph 327 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 327 of the Amended Complaint.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 327 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup November 5, 2007 Form 10-Q referenced in paragraph 327 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 327 of the Amended Complaint.  To the extent the allegations contained in paragraph 327 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

328.    Each Underwriter Defendant denies the allegations contained in paragraph 328 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 328 of the Amended Complaint.  To the extent the

allegations contained in paragraph 328 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

329.    Each Underwriter Defendant denies the allegations contained in paragraph 329 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup November 5, 2007 Form 10-Q and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.  The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 329 of the Amended Complaint.   To the extent the allegations contained in paragraph 329 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

330.    CGMI and CGML deny the allegations contained in paragraph 330 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 330 of the Amended Complaint with respect to the contents of the December 14, 2007 Form 8-K, and respectfully refer the Court to the Citigroup December 14, 2007 Form 8-K referenced in paragraph 330 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 330 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup December 14,

2007 Form 8-K referenced in paragraph 330 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 330 of the Amended Complaint.  To the extent the allegations contained in paragraph 330 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

      331.    CGMI and CGML deny the allegations set forth in the last sentence of paragraph 331 of the Amended Complaint, and respectfully refer the Court to the Citigroup January 15, 2008 earnings announcement referenced in paragraph 331 for the complete and accurate contents thereof.  The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 331 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 331 of the Amended Complaint and respectfully refer the Court to the Citigroup January 15, 2008 earnings announcement referenced in paragraph 331 for the complete and accurate contents thereof.

      332.    Each Underwriter Defendant denies the allegations contained in paragraph 332 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the 2007 Form 10-K referenced in paragraph 332 and to the Public Offering Materials for the complete and accurate contents thereof as of the time

of the respective Offerings.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 332 of the Amended Complaint.

333.     CGMI and CGML deny the allegations contained in paragraph 333 of the Amended Complaint and respectfully refer the Court to the Citigroup 2007 Form 10-K referenced in paragraph 333 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 333 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Citigroup 2007 Form 10-K referenced in paragraph 333 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 333 of the Amended Complaint.   To the extent the allegations contained in paragraph 333 of the Amended Complaint state a legal conclusion or relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

334.     Each Underwriter Defendant denies the allegations contained in paragraph 334 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Citigroup 2007 Form 10-K and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.   The Underwriter Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations contained in paragraph 334 of the Amended Complaint. To the extent the allegations contained in paragraph 334 of the Amended Complaint state a legal conclusion, no responsive pleading is required and the Underwriter Defendants respectfully refer the Court to GAAP for the complete and accurate provisions thereof.

335. CGMI and CGML (i) deny the allegations set forth in the last sentence of paragraph 335 of the Amended Complaint, (ii) deny the remaining allegations contained in paragraph 335 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof, and (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 335 of the Amended Complaint and respectfully refer the Court to the April 18, 2008, Citigroup press release and May 2, 2008 Citigroup Form 10-Q for the complete and accurate contents thereof. The remaining Underwriter Defendants (i) deny the allegations contained in paragraph 335 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which they served as a member of the syndicate involved in that Offering and respectfully refer the Court to the Public Offering Materials for the complete and accurate contents thereof and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 335 of the Amended Complaint and respectfully refer the Court to the April 18, 2008, Citigroup press release and May 2, 2008 Citigroup Form 10-Q for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 335 of the Amended

Complaint state a legal conclusion or relate to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, no responsive pleading is required.

336.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 336 of the Amended Complaint and respectfully refer the Court to the Citigroup July 18, 2008 earnings report and Form 10-Q for the second quarter of 2008 referenced in paragraph 336 and to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings.

337.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 337 of the Amended Complaint, except CGMI and CGML admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public statements and filings describing those arrangements for their actual language, and complete and accurate contents.  To the extent the allegations contained in paragraph 337 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

338.    CGMI and CGML deny the allegations set forth in paragraph 338 of the Amended Complaint, except admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 338 of the Amended Complaint.

339.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 339 of the Amended Complaint and respectfully refer the Court to Citigroup's November 17, 2008 announcement referenced in paragraph 339 for the complete and accurate contents thereof.

340.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 340 of the Amended Complaint and respectfully refer the Court to Citigroup's November 19, 2008 announcement referenced in paragraph 340 for the complete and accurate contents thereof.

341.    The Underwriter Defendants deny the allegations contained in paragraph 341 of the Amended Complaint.  To the extent the allegations contained in paragraph 341 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

342.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 342 of the Amended Complaint, except CGMI and CGML admit that, during this time period, Citigroup Inc. entered into certain financial arrangements with the U.S. federal government, and respectfully refer the Court to Citigroup's public disclosures describing those arrangements for their actual language, and complete and accurate contents.

No response is required to the heading preceding paragraph 343 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny the allegations in this heading.

343.    The Underwriter Defendants deny the allegations contained in paragraph 343 of the Amended Complaint, except admit that Plaintiffs purport to bring this action on behalf of the putative Class defined in paragraph 343 of the Amended Complaint.  To the extent the

135

allegations contained in paragraph 343 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

344.    The Underwriter Defendants deny the allegations contained in paragraph 344 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 344 of the Amended Complaint.  To the extent the allegations contained in paragraph 344 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

345.    The Underwriter Defendants deny the allegations contained in paragraph 345 of the Amended Complaint.  To the extent the allegations contained in paragraph 345 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

346.    The Underwriter Defendants deny the allegations contained in paragraph 346 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Amended Complaint with respect to the competence or experience of Plaintiffs' counsel.  To the extent the allegations contained in paragraph 346 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

347.    The Underwriter Defendants deny the allegations contained in paragraph 347 of the Amended Complaint.  To the extent the allegations contained in paragraph 347 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

348.    The Underwriter Defendants deny the allegations contained in paragraph 348 of the Amended Complaint.  To the extent the allegations contained in paragraph 348 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the heading preceding paragraph 349 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny the allegations in the heading. To the extent the allegations contained in the heading state a legal conclusion, no responsive pleading is required.

349. The Underwriter Defendants deny the allegations contained in paragraph 349 of the Amended Complaint and respectfully refer the Court to the text of the statutory safe harbor to which Plaintiffs refer for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 349 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

350. The Underwriter Defendants deny the allegations contained in paragraph 350 of the Amended Complaint and respectfully refer the Court to the text of the statutory safe harbor to which Plaintiffs refer for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 350 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

351. The Underwriter Defendants deny the allegations contained in paragraph 351 of the Amended Complaint and respectfully refer the Court to the text of the statutory safe harbor to which Plaintiffs refer for the complete and accurate contents thereof. To the extent the allegations contained in paragraph 351 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

The headings preceding paragraph 352 of the Amended Complaint are directed at other Defendants and, accordingly, no response is required. To the extent a response is required, the Underwriter Defendants deny these headings. To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required.

## COUNT I

### For Violations Of Section 11 Of The Securities
### Act Against The Citigroup Defendants

352.    The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

353.    The allegations contained in paragraph 353 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 353 of the Amended Complaint.  To the extent the allegations contained in paragraph 353 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

354.    The allegations contained in paragraph 354 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 354 of the Amended Complaint.  To the extent the allegations contained in paragraph 354 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

355.    The allegations contained in paragraph 355 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 355 of the Amended Complaint.  To the extent the allegations contained in paragraph 355 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

356.    The allegations contained in paragraph 356 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph

356 of the Amended Complaint. To the extent the allegations contained in paragraph 356 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

357. The allegations contained in paragraph 357 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 357 of the Amended Complaint. To the extent the allegations contained in paragraph 357 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

358. The allegations contained in paragraph 358 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 358 of the Amended Complaint. To the extent the allegations contained in paragraph 358 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

359. The allegations contained in paragraph 359 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 359 of the Amended Complaint. To the extent the allegations contained in paragraph 359 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

360. The allegations contained in paragraph 360 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 360 of the Amended Complaint. To the extent the allegations contained in paragraph 360 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

361.    The allegations contained in paragraph 361 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 361 of the Amended Complaint.  To the extent the allegations contained in paragraph 361 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

The headings preceding paragraph 362 of the Amended Complaint are directed at other Defendants and, accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in these headings.  To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required.

## COUNT II

### For Violations Of Section 11 Of The Securities
### Act Against The Individual Defendants Other Than Crittenden and Krawcheck

362.    The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

363.    The allegations contained in paragraph 363 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant (i) denies the allegations contained in paragraph 363 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 363 of the Amended Complaint.  To the extent the

allegations contained in paragraph 363 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

364.    The allegations contained in paragraph 364 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant (i) denies the allegations contained in paragraph 364 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 364 of the Amended Complaint.  To the extent the allegations contained in paragraph 364 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

365.    The allegations contained in paragraph 365 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant (i) denies the allegations contained in paragraph 365 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 365 of the Amended Complaint.  To the extent the

allegations contained in paragraph 365 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

366.    The allegations contained in paragraph 366 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 366 of the Amended Complaint.  To the extent the allegations contained in paragraph 366 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

367.    The allegations contained in paragraph 367 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 367 of the Amended Complaint.  To the extent the allegations contained in paragraph 367 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

368.    The allegations contained in paragraph 368 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, each Underwriter Defendant (i) denies the allegations contained in paragraph 368 of the Amended Complaint to the extent such allegations relate to the Public Offering Materials with respect to any Offering in which it served as a member of the syndicate involved in that Offering and respectfully refers the Court to the Public Offering Materials for the complete and accurate contents thereof as of the time of the respective Offerings and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 368 of the Amended Complaint.  To the extent the

allegations contained in paragraph 368 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

369.     The allegations contained in paragraph 369 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 369 of the Amended Complaint.  To the extent the allegations contained in paragraph 369 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

370.     The allegations contained in paragraph 370 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 370 of the Amended Complaint.  To the extent the allegations contained in paragraph 370 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

371.     The allegations contained in paragraph 371 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 371 of the Amended Complaint.  To the extent the allegations contained in paragraph 371 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

372.     The allegations contained in paragraph 372 of the Amended Complaint are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 372 of the Amended Complaint.  To the extent the allegations contained in paragraph 372 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

No response is required to the headings preceding paragraph 373 of the Amended Complaint, but to the extent a response is required, the Underwriter Defendants deny the allegations in these headings. To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required.

## COUNT III

### For Violations Of Section 11 Of The Securities Act Against The Underwriter Defendants

373. The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

374. The Underwriter Defendants deny the allegations contained in paragraph 374 of the Amended Complaint. To the extent the allegations contained in paragraph 374 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

375. The Underwriter Defendants deny the allegations contained in paragraph 375 of the Amended Complaint. To the extent the allegations contained in paragraph 375 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

376. The Underwriter Defendants deny the allegations contained in paragraph 376 of the Amended Complaint. To the extent the allegations contained in paragraph 376 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

377. The Underwriter Defendants deny the allegations contained in paragraph 377 of the Amended Complaint. To the extent the allegations contained in paragraph 377 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

378. The Underwriter Defendants deny the allegations contained in paragraph 378 of the Amended Complaint. To the extent the allegations contained in paragraph 378 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

379.     The Underwriter Defendants deny the allegations contained in paragraph 379 of the Amended Complaint.   To the extent the allegations contained in paragraph 379 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

380.     The Underwriter Defendants deny the allegations contained in paragraph 380 of the Amended Complaint.   To the extent the allegations contained in paragraph 380 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

381.     The Underwriter Defendants deny the allegations contained in paragraph 381 of the Amended Complaint.   To the extent the allegations contained in paragraph 381 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

382.     The Underwriter Defendants deny the allegations contained in paragraph 382 of the Amended Complaint.   To the extent the allegations contained in paragraph 382 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

383.     The Underwriter Defendants deny the allegations contained in paragraph 383 of the Amended Complaint.   To the extent the allegations contained in paragraph 383 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

The headings preceding paragraph 384 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.   To the extent a response is required, the Underwriter Defendants deny the allegations in the headings.

## COUNT IV

### For Violations Of Section 12(a)(2) Of The Securities Act Against The Citigroup Defendants

384.     The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

145

385.    The allegations contained in paragraph 385 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 385 of the Amended Complaint.  To the extent the allegations contained in paragraph 385 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

386.    The allegations contained in paragraph 386 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 386 of the Amended Complaint.  To the extent the allegations contained in paragraph 386 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

387.    The allegations contained in paragraph 387 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 387 of the Amended Complaint.  To the extent the allegations contained in paragraph 387 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

388.    The allegations contained in paragraph 388 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July

12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 388 of the Amended Complaint. To the extent the allegations contained in paragraph 388 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

389. The allegations contained in paragraph 389 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 389 of the Amended Complaint. To the extent the allegations contained in paragraph 389 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

390. The allegations contained in paragraph 390 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 390 of the Amended Complaint. To the extent the allegations contained in paragraph 390 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

391. The allegations contained in paragraph 391 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations

147

contained in paragraph 391 of the Amended Complaint.  To the extent the allegations contained in paragraph 391 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

392.    The allegations contained in paragraph 392 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 392 of the Amended Complaint.  To the extent the allegations contained in paragraph 392 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

393.    The allegations contained in paragraph 393 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and are directed at other defendants and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 393 of the Amended Complaint.  To the extent the allegations contained in paragraph 393 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

The headings preceding paragraph 394 of the Amended Complaint are directed solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010 and, accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in these headings.  To the extent the allegations contained in these headings state a legal conclusion, no responsive pleading is required.

## COUNT V

### For Violations Of Section 12(a)(2) Of The Securities
### Act Against The Underwriter Defendants

394.    The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

395.    The allegations contained in paragraph 395 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 395 of the Amended Complaint.  To the extent the allegations contained in paragraph 395 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

396.    The allegations contained in paragraph 396 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 396 of the Amended Complaint.  To the extent the allegations contained in paragraph 396 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

397.    The allegations contained in paragraph 397 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 397 of the Amended Complaint.  To the extent the allegations contained in paragraph 397 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

398.    The allegations contained in paragraph 398 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  In addition, the allegations contained in paragraph 398 of the Amended Complaint state a legal conclusion to which no responsive pleading is required.

399.    The allegations contained in paragraph 399 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 399 of the Amended Complaint.  To the extent the allegations contained in paragraph 399 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

400.    The allegations contained in paragraph 400 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 400 of the Amended Complaint.  To the extent the allegations contained in paragraph 400 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

401.    The allegations contained in paragraph 401 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 401 of the Amended Complaint.  To the extent the allegations contained in paragraph 401 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

402.     The allegations contained in paragraph 402 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 402 of the Amended Complaint.  To the extent the allegations contained in paragraph 402 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

403.     The allegations contained in paragraph 403 of the Amended Complaint relate solely to one of the claims that the Court dismissed pursuant to its Opinion and Order dated July 12, 2010, and, accordingly, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in paragraph 403 of the Amended Complaint.  To the extent the allegations contained in paragraph 403 of the Amended Complaint state a legal conclusion, no responsive pleading is required.

The headings preceding paragraph 404 of the Amended Complaint are directed at other Defendants and, accordingly, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in the heading.  To the extent the allegations contained in the heading state a legal conclusion, no responsive pleading is required.

### <u>COUNT VI</u>

<u>For Violations Of Section 15 Of The Securities Act</u>
<u>Against Citigroup</u>

404.     The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

405.     The allegations contained in paragraph 405 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

406. The allegations contained in paragraph 406 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

407. The allegations contained in paragraph 407 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

408. The allegations contained in paragraph 408 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

409. The allegations contained in paragraph 409 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

The headings preceding paragraph 410 of the Amended Complaint are directed at other Defendants and, accordingly, no response is required.

## COUNT VII

### For Violations Of Section 15 Of The Securities Act
### Against The Individual Defendants

410. The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein.

411. The allegations contained in paragraph 411 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

412.     The allegations contained in paragraph 412 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

413.     The allegations contained in paragraph 413 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

414.     The allegations contained in paragraph 414 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

415.     The allegations contained in paragraph 415 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

416.     The allegations contained in paragraph 416 of the Amended Complaint are directed at other defendants and not incorporated by reference in the remaining claims against the Underwriter Defendants and, accordingly, no responsive pleading is required.

## ANSWER TO PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs are entitled to relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.  The Underwriter Defendants further deny that this action is appropriate for class action treatment.

\*      \*      \*

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Underwriter Defendants assert the following affirmative and other defenses with respect to the claims Plaintiffs purport to assert in the Amended Complaint:[2]

## FIRST AFFIRMATIVE DEFENSE

The claims asserted against the Underwriter Defendants under Section 11 of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims against the Underwriter Defendants with particularity.

## THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs lack standing to assert some or all of their Section 11 claims against the Underwriter Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of Plaintiffs' claims against the Underwriter Defendants are barred by the applicable statues of limitations.

---

[2]   In the Affirmative Defenses, the term "Plaintiffs" refers generally to the named plaintiffs and any member of the putative plaintiff class.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of any registration statements challenged in the Amended Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or valuation of an expert, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the registration statements became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or that such part of the registration statements did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert or public official document.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the registration statements challenged in the Amended Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the registration statements became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or extract from the public official document.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, with regard to any part of any registration statements challenged in the Amended Complaint (1) not purporting to be made on the authority of an expert, (2) not purporting to be a copy of or an extract from a report or valuation of an expert, and (3) not purporting to be made on authority of a public official document or statement, the Underwriter Defendants, after reasonable investigation, had reasonable grounds to believe and did believe, at the time such part of the registration statements became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of the alleged damages are not recoverable because some or all of the alleged damages represent other than the depreciation in value of the Bond Class Securities resulting from such part of the registration statements, with respect to which the Underwriter Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## NINTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any loss or diminution in value of the Bond Class Securities, or any alleged damages or injuries suffered by Plaintiffs, are not the result of any alleged misrepresentations or omissions in the Public Offering Materials, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities or an intervening and independent cause other than the

Underwriter Defendants and unrelated to any act or omission on the part of the Underwriter Defendants.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent the Amended Complaint is based on any forward-looking statement, the claims asserted in the Amended Complaint are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because, at the time Plaintiffs acquired the Bond Class Securities, Plaintiffs knew or should have known of any alleged untrue statement of a material fact in the registration statements or of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs are not entitled to any recovery from the Underwriter Defendants because they did not acquire the Bond Class Securities relying on any alleged untrue statement of a material fact in the registration statements or relying upon the registration statements and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that they are not liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific Bond Class Securities underwritten and distributed by each Underwriter Defendant were offered for sale.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that this case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE the Underwriter Defendants demand judgment dismissing the Amended Complaint, requiring Plaintiffs to post an undertaking for the payment of the costs of this suit,

awarding attorneys' fees and costs and other, further and different relief as the Court deems just and proper.

DATED:       New York, New York
               October 8, 2010

                                       Respectfully submitted,

                                    /s/ Jay B. Kasner

                                    Jay B. Kasner
                                    (jay.kasner@skadden.com)
                                    George A. Zimmerman
                                    (george.zimmerman@skadden.com)
                                    SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for the Underwriter Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney duly admitted to practice law before this Court, hereby

certifies under penalty of perjury that on October 8,2010, I caused a true and correct copy of the

***Underwriter Defendants' Answer and Affirmative Defenses to the Consolidated Amended***

***Class Action Complaint*** to be filed electronically and served electronically on all counsel of

record.  This document is available for viewing and downloading from the ECF system.


DATED:      New York, New York
              October 8, 2010

                               /s/ Gary J. Hacker_____
                               Gary J. Hacker