USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
:
IN RE CITIGROUP INC. BOND LITIGATION   :
:
:
:
------------------------------------------------------------x

08 Civ. 9522 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendants in this putative class action move pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 for reconsideration of the Court's Opinion & Order of July 12, 2010, which granted in part and denied in part defendants' motion to dismiss. *See In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d 568 (S.D.N.Y. 2010). Familiarity with the July 12 Opinion is presumed.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This standard is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); *see Hoffenberg v. Hoffman & Pollok*, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003).

Defendants seek reconsideration of a single issue concerning plaintiffs' standing to assert claims pursuant to Section 11 of the Securities Act of 1933 on behalf of a class of purchasers of certain Citigroup securities. In the July 12 Opinion, this Court ruled that, where an alleged misstatement is contained in a shelf registration statement and thus "common to all purchasers

from the same shelf," a plaintiff who bought securities in one incremental offering from that shelf had standing to assert Section 11 claims on behalf of the class of all purchasers of securities issued pursuant to that shelf. *In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d at 584. Another court in this district has reached the same conclusion. *See In re Am. Int'l Grp., Inc., Sec. Litig.*, 741 F. Supp. 2d 511, 537-38 (S.D.N.Y. 2010).

In the July 12 Opinion, the Court rejected defendants' contrary view that a plaintiff can only assert Section 11 claims on behalf of those purchasers whose securities can be traced to the specific incremental shelf offering to which the plaintiff's securities are traced. *See In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d at 584-85. Defendants now contend that controlling Second Circuit authority commands this conclusion. They rely on *DeMaria v. Andersen*, which states that a Section 11 "'cause of action exists for any person who purchased a security that was originally registered under the allegedly defective registration statement – so long as the security was issued under *that* statement and not another.'" 318 F.3d 170, 176 (2d Cir. 2003) (emphasis in original) (quoting *Lee v. Ernst & Young, LLP*, 294 F.3d 969, 976-77 (8th Cir. 2002)).

Defendants did not raise *DeMaria* in the briefing on their motion to dismiss, presumably for the simple reason that *DeMaria* does not address – much less control – the specific issue in controversy here. The passage from *DeMaria* on which defendants rely concerns the distinction between purchasers of securities traceable to a registration statement containing a material misrepresentation on one hand from purchasers of securities traceable to proper registrations on the other. The former have a Section 11 claim, the latter do not. This is because Section 11's coverage is available only to those "who can trace their shares to an allegedly misleading registration statement." *DeMaria*, 318 F. 3d at 178. To permit a claim by those whose shares issued from an unobjectionable registration statement would impermissibly expand the scope of

the Section 11 remedy. *See id.* at 176; *Barnes v. Osofsky*, 373 F.2d 269, 272 (2d Cir. 1967). Hence the *DeMaria* court's proper admonition that the Section 11 "cause of action exists" only for purchasers who can trace their shares to an "allegedly defective registration statement." 318 F.3d at 176. For owners of securities traceable to "another" registration statement, *id.*, i.e. an unobjectionable registration statement, no Section 11 remedy is available.

Defendants' standing argument does not rely on the distinction between purchasers that can trace their securities to a faulty registration statement and those that cannot. They rely on a different distinction: that between the particular registration statements accompanying the incremental offerings made pursuant to a common shelf registration. For the reasons set forth in the July 12 Opinion, the Court concluded that that distinction did not matter in a case, such as this one, "where the actionable part of the registration statement is alleged to be common to all purchasers from the same shelf."[1] *In re Citigroup Inc. Bond Litig.*, 723 F. Supp. 2d at 584. *DeMaria* provides no basis for the Court to alter its prior ruling.

IT IS HEREBY ORDERED that defendants' motion for reconsideration [Dkt. No. 61] is DENIED.

Dated: New York, New York
       March 29, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[1] Defendants suggest that the Court "overlooked" the issue of statutory standing and instead invoked the test for Article III standing. (Defs.' Mem. in Supp. of Mot. for Recons. at 2.) The opinion, which relied on the language of Section 11 and caselaw interpreting it, manifestly resolved the statutory standing issue. To the extent defendants see a similarity between the Court's Section 11 standing analysis and the principles of Article III standing, so be it.