> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 3/25/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE CITIGROUP INC. BOND LITIGATION | Master File No. 08 Civ. 9522 (SHS) |
|  | ECF Case |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (SHS) (S.D.N.Y.) (the "Action" or "Bond Action");

WHEREAS, (i) Bond Plaintiffs, individually and on behalf of the proposed Bond Class (as hereinafter defined), and (ii) defendants Citigroup Inc. ("Citigroup"); Citigroup Funding, Inc. ("Citigroup Funding"); Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, and Citigroup Capital XXI (the "Citigroup Trusts"); C. Michael Armstrong; Alan J.P. Belda; Sir Winfried Bischoff; Michael Conway; Gary Crittenden; George David; Kenneth T. Derr; John M. Deutch; Scott Freidenrich; James Garnett; John C. Gerspach; Ann Dibble Jordan; Klaus Kleinfeld; Sallie L. Krawcheck; Andrew N. Liveris; Dudley C. Mecum; Anne Mulcahy; Vikram Pandit; Richard D. Parsons; Charles Prince; Roberto Hernández Ramírez; Judith Rodin; Saul Rosen; Robert E. Rubin; Robert L. Ryan; Franklin A. Thomas; Eric L. Wentzel; and David Winkler (the "Individual Defendants"); and Banc of America Securities LLC; Barclays Capital Inc.; Citigroup Global Markets Inc. ("CGMI"); Citigroup Global Markets Limited ("CGML"); Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.;

Greenwich Capital Markets Inc. (n/k/a RBS Securities Inc.); JPMorgan Chase & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. Inc.; UBS Securities LLC; and Wachovia Capital Markets, LLC (n/k/a/ Wells Fargo Securities, LLC) (the "Underwriter Defendants") (collectively, the "Defendants" and, together with Bond Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated as of March 18, 2013 (the "Stipulation"), which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the Parties' proposed settlement of the Action (the "Settlement");

WHEREAS, Bond Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Bond Class for purposes of settlement only, and approving notice to the Bond Class as more fully described herein;

WHEREAS, the Court having read and considered (i) Bond Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and its exhibits, including the proposed (a) Notice; (b) Proof of Claim Form; (c) Summary Notice; and (d) Judgment, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Certification of Bond Class for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons and entities who purchased

or otherwise acquired, from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), the debt securities (including certain medium term notes), series of preferred stock and certain series of depository shares representing interests in preferred stock, in or traceable to offerings of the Bond Class Securities,[1] and were damaged thereby (the "Bond Class"). Excluded from the Bond Class are Defendants, the Tolled Underwriter Defendants, the respective affiliates of the Defendants and the Tolled Underwriter Defendants, persons who served as Officers or Directors of any of the Defendants or the Tolled Underwriter Defendants at

---

[1] "Bond Class Securities" means the following securities: (i) Citigroup Floating Rate Notes due 2011 (CUSIP 172967DL2); (ii) Citigroup Floating Rate Subordinated Notes due 2016 (CUSIP 172967DM0); (iii) Citigroup 5.850% Notes due 2013 (CUSIP 172967DP3); (iv) Citigroup 5.85% Notes due 2016 (CUSIP 172967DQ1); (v) Citigroup 6.125% Subordinated Notes due 2036 (CUSIP 172967DR9); (vi) Citigroup Floating Rate Subordinated Notes due 2036 (CUSIP 172967DS7); (vii) Citigroup 5.10% Notes due 2011 (CUSIP 172967DU2); (viii) Citigroup Floating Rate Notes due 2009 (CUSIP 172967DW8); (ix) Citigroup 5.5% Subordinated Notes due 2017 (CUSIP 172967DY4); (x) Citigroup 5.250% Notes due 2012 (CUSIP 172967DZ1); (xi) Citigroup Floating Rate Notes due 2014 (CUSIP 172967EA5); (xii) Citigroup 5.875% Notes due 2037 (CUSIP 172967EC1); (xiii) Citigroup Floating Rate Notes due 2010 (CUSIP 172967EG2); (xiv) Citigroup 6.00% Notes due 2017 (CUSIP 172967EH0); (xv) Citigroup 5.500% Notes due 2012 (CUSIP 172967EJ6); (xvi) Citigroup 5.300% Notes due 2012 (CUSIP 172967EL1); (xvii) Citigroup 6.125% Notes due 2017 (CUSIP 172967EM9); (xviii) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 6.5% Non-Cumulative Convertible Preferred Stock, Series T (CUSIP 172967598); (xix) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.125% Non-Cumulative Convertible Preferred Stock, Series AA (CUSIP 172967572); (xx) Citigroup 6.875% Notes due 2038 (CUSIP 172967EP2); (xxi) Citigroup 5.500% Notes due 2013 (CUSIP 172967EQ0); (xxii) Citigroup Depositary Shares Each Representing a 1/25th Interest in a Share of 8.40% Fixed Rate/Floating Rate Non-Cumulative Preferred Stock, Series E (CUSIP 172967ER8); (xxiii) Citigroup 6.125% Notes due 2018 (CUSIP 172967ES6); (xxiv) Citigroup Floating Rate Notes due 2018 (CUSIP 172967ET4); (xxv) Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.50% Non-Cumulative Preferred Stock, Series F (CUSIP 172967556); (xxvi) Citigroup 6.500% Notes due 2013 (CUSIP 172967EU1); (xxvii) Citigroup Funding Medium Term Notes, Series D, maturing on May 25, 2022  (CUSIP 1730T0CR8); (xxviii) Citigroup Funding Medium Term Notes, Series D, maturing on October 22, 2009 (CUSIP 1730T0EK1); (xxix) Citigroup Funding Medium Term Notes, Series D, maturing on May 7, 2010 (CUSIP 1730T0FV6); (xxx) Citigroup Funding Medium Term Notes, Series D, maturing on May 28, 2013 (CUSIP 1730T0EP0); (xxxi) Citigroup Funding Medium Term Notes, Series D, maturing on June 26, 2013 (CUSIP 1730T0GB9); (xxxii) Citigroup Capital XIV 6.875% Enhanced Trust Preferred Securities (CUSIP 17309E200); (xxxiii) Citigroup Capital XV 6.50% Enhanced Trust Preferred Securities (CUSIP 17310G202); (xxxiv) Citigroup Capital XVI 6.45% Enhanced Trust Preferred Securities (CUSIP 17310L201); (xxxv) Citigroup Capital XVII 6.35% Enhanced Trust Preferred Securities (CUSIP 17311H209); (xxxvi) Citigroup Capital XVIII 6.829% Fixed Rate/Floating Rate Enhanced Trust Preferred Securities (CUSIP 172988AB3); (xxxvii) Citigroup Capital XIX 7.250% Enhanced Trust Preferred Securities (CUSIP 17311U200); (xxxviii) Citigroup Capital XX 7.875% Enhanced Trust Preferred Securities (CUSIP 173085200); and (xxxix) Citigroup Capital XXI 8.300% Enhanced Trust Preferred Securities (CUSIP 173094AA1).

any time during the Settlement Class Period, members of their Immediate Families and their legal representatives, heirs, successors or assigns, trustees of the Citigroup Trusts, and any entity in which any Defendant or Tolled Underwriter Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Bond Class. Also excluded from the Bond Class are any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Bond Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Bond Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Bond Class; (c) the claims of Bond Plaintiffs are typical of the claims of the Bond Class; (d) Bond Plaintiffs and Bond Counsel have fairly and adequately represented and protected the interests of the Bond Class; and (e) the questions of law and fact common to the Bond Class predominate over any individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that the Bond Plaintiffs are adequate class representatives and certifies the Bond Plaintiffs as class representatives for the Bond Class. The Court also appoints Bond Counsel as class counsel for the Bond Class.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interests of Bond Plaintiffs and the other Bond Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

4

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *July 23* , 2013 at *10 : 00*.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Bond Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Bond Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Bond Class.

7.     **Retention of Claims Administrator and Manner of Notice** – The law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bond Counsel") is hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator" or "GCG") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Bond Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Citigroup, Citigroup Funding, the Citigroup Trusts, CGMI, and CGML shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Bond Plaintiffs' Counsel or the Claims Administrator) their security holders lists (consisting of names and addresses) for the Bond Class Securities during the Settlement Class Period, in electronic form;

(b)      not later than twenty (20) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Bond Class Members at the addresses set forth in the records provided by Citigroup, Citigroup Funding, the Citigroup Trusts, CGMI, and CGML, or who may otherwise be identified through reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Proof of Claim Form to be posted on a website to be developed for the Settlement, from which Bond Class Members may download copies of the Notice and Proof of Claim Form;

(d)      not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the national edition of *The Wall Street Journal*, and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) *eight (8)* calendar days prior to the Settlement Hearing, Bond Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

*S//S*

6

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Bond Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to exclude themselves from the Bond Class or object to any aspect of the proposed Settlement and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or acquired Bond Class Securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) business days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) business days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon

7

full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Bond Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Bond Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Bond Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Bond Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current

8

authority to act on behalf of the Bond Class Member must be included in the Proof of Claim Form to the satisfaction of Bond Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Bond Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Bond Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Bond Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Bond Class** – Any member of the Bond Class who wishes to exclude himself, herself or itself from the Bond Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Bond Class must be mailed or delivered such that it is received no later than ~~thirty (30)~~ twenty (20) calendar days prior to the Settlement Hearing, to: *In re Citigroup Inc. Bond Litigation*, EXCLUSIONS, c/o The Garden City Group, Inc., P.O. Box 9976, Dublin, OH 43017-5976, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests

9

exclusion from the Bond Class in *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (SHS)"; (iii) state the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired during the Settlement Class Period, as well as the dates and prices or each such purchase/acquisition; (iv) state the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion sold or disposed of during the Settlement Class Period or thereafter through the close of trading on March 18, 2013, as well as the dates and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Bond Class shall not be a Bond Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Bond Class Member who or which does not timely and validly request exclusion from the Bond Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Bond Class; (b) shall be forever barred from requesting exclusion from the Bond Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Bond Class; and (d) will be barred from

10

commencing, maintaining or prosecuting any of the Released Bond Plaintiffs' Claims against

any of the Defendants' Releasees, as more fully described in the Stipulation and Notice

16.     **Appearance and Objections at Settlement Hearing** – Any Bond Class Member

who does not request exclusion from the Bond Class may enter an appearance in the Action, at

his, her or its own expense, individually or through counsel of his, her or its own choice, by

filing with the Clerk of Court and delivering a notice of appearance to Bond Counsel and

Representative Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that

it is received no later than ~~thirty (30)~~ twenty (26) calendar days prior to the Settlement Hearing, or as the

Court may otherwise direct. Any Bond Class Member who does not enter an appearance will be

represented by Bond Counsel.

17.     Any Bond Class Member who does not request exclusion from the Bond Class

may file a written objection to any aspect of the proposed Settlement, the proposed Plan of

Allocation, and/or Bond Counsel's motion for an award of attorneys' fees and reimbursement of

Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed

Settlement, the proposed Plan of Allocation and/or Bond Counsel's motion for attorneys' fees

and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no

Bond Class Member shall be heard or entitled to contest the approval of the terms and conditions

of any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for

attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written

objection with the Court and served copies of such objection on Bond Counsel and

Representative Defendants' Counsel at the addresses set forth below such that they are received

no later than ~~thirty (30)~~ twenty (26) calendar days prior to the Settlement Hearing.

11

|                           |                           |
|---------------------------|---------------------------|
| **Bond Counsel**          | **Representative**        |
|                           | **Defendants' Counsel**   |
|                           |                           |
| **Bernstein Litowitz Berger** | **Paul, Weiss, Rifkind, Wharton** |
| **& Grossmann LLP**       | **& Garrison LLP**        |
| Max W. Berger, Esq.       | Brad Karp, Esq.           |
| Steven B. Singer, Esq.    | Richard A. Rosen, Esq.    |
| John C. Browne, Esq.      | Susanna M. Buergel, Esq.  |
| 1285 Avenue of the Americas | 1285 Avenue of the Americas |
| New York, NY 10019        | New York, NY 10019-6064   |

18.     Any objections, filings and other submissions by the objecting Bond Class Member (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Bond Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Bond Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Bond Class, including the number of each Bond Class Security (in terms of shares or face value of notes) that the objecting Bond Class Member purchased/acquired during the Settlement Class Period, as well as sales of such securities during the Settlement Class Period or thereafter through the close of trading on March 18, 2013, along with the dates and prices of each such purchase and sale.

19.     Any Bond Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Bond Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being

heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court enjoins Bond Plaintiffs and all other Bond Class Members from commencing or prosecuting any and all of the Released Bond Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying Bond Class Members of the Settlement as well as administering the Settlement shall *except that any such costs in excess of $5 million shall be paid only upon* ~~SHS~~ be paid as set forth in the Stipulation ~~without~~ further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent) ~~shall be deemed and considered to be in~~ *SHS* ~~custodia legis of the Court, and~~ shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Bond Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of Bond Plaintiffs, the other Bond Class Members and

13

Defendants, and the Parties shall be deemed to have reverted to their respective status in this Action immediately prior to January 25, 2013, as provided in the Stipulation. Within three (3) business days after joint written notification of termination is sent by counsel for Citigroup-Related Defendants and Bond Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including any accrued interest thereon and any funds received by Bond Counsel consistent with ¶ 21 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Citigroup. In the event that the funds received by Bond Counsel consistent with ¶ 21 of the Stipulation have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Citigroup immediately upon their deposit into the Escrow Account consistent with ¶ 21 of the Stipulation.

25.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), nor its negotiation, nor any proceedings taken pursuant to them (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Bond Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; (b) shall be offered against any of the Bond Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Bond Plaintiffs' Releasees, in any civil, criminal or

14

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor (d) shall they be construed against Bond Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

26.   **Supporting Papers** – Bond Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days prior to the Settlement Hearing; and Bond Counsel's and Defendants' reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing. *SHS*

27.   The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ___25th___ day of ___March___, 2013.

_____
The Honorable Sidney H. Stein
United States District Judge

15

# Exhibit 1

**UNITED STATES DISTRICT COURT**　　　　　　　　　　　　　**Exhibit 1**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP INC. BOND LITIGATION | Master File No. 08 Civ. 9522 (SHS)<br><br>ECF Case |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action" or "Bond Action") if you purchased or otherwise acquired, from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), any of the Bond Class Securities (as defined in paragraph 1 below) issued by Citigroup Inc. ("Citigroup") or certain of its affiliates, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that Bond Plaintiffs, on behalf of themselves and the Bond Class (as defined in paragraph 30 below), have reached a proposed settlement of the Action for $730,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Bond Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Citigroup, any other Defendants in the Action, or their counsel. All questions should be directed to Bond Counsel or the Claims Administrator (see ¶ 88 below).**

　　　1.　　**Description of the Action and the Bond Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants[2] violated the federal Securities Act of 1933 (the "Securities Act") because the public offering

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 18, 2013 (the "Stipulation"), which is available at www._____.com.

[2] "Defendants" are Citigroup; Citigroup Funding, Inc. ("Citigroup Funding"); Citigroup Capital XIV, Citigroup Capital XV, Citigroup Capital XVI, Citigroup Capital XVII, Citigroup Capital XVIII, Citigroup Capital XIX, Citigroup Capital XX, and Citigroup Capital XXI (the "Citigroup Trusts"); C. Michael Armstrong; Alan J.P. Belda; Sir Winfried Bischoff; Michael Conway; Gary Crittenden; George David; Kenneth T. Derr; John M. Deutch; Scott Freidenrich; James Garnett; John C. Gerspach; Ann Dibble Jordan; Klaus Kleinfeld; Sallie L. Krawcheck; Andrew N. Liveris; Dudley C. Mecum; Anne Mulcahy; Vikram Pandit; Richard D. Parsons; Charles Prince; Roberto Hernández Ramírez; Judith Rodin; Saul

materials for each of the Bond Class Securities contained material misrepresentations or omissions concerning Citigroup's exposure to mortgage-related and other assets, the value of those assets and their impact on Citigroup's financial condition.   A more detailed description of the Action is set forth in paragraphs 14-29 below.   The Bond Class Securities are:

**Citigroup Depositary Shares Representing Interests in Preferred Stock ("Citigroup Preferred Securities")**

Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 6.5% Non-Cumulative Convertible Preferred Stock, Series T (CUSIP 172967598)

Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.125% Non-Cumulative Convertible Preferred Stock, Series AA (CUSIP 172967572)

Citigroup Depositary Shares Each Representing a 1/25th Interest in a Share of 8.40% Fixed Rate/Floating Rate Non-Cumulative Preferred Stock, Series E (CUSIP 172967ER8)

Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.50% Non-Cumulative Preferred Stock, Series F (CUSIP 172967556)

**Citigroup Notes**

Citigroup Floating Rate Notes due 2011 (CUSIP 172967DL2)

Citigroup Floating Rate Subordinated Notes due 2016 (CUSIP 172967DM0)

Citigroup 5.850% Notes due 2013 (CUSIP 172967DP3)

Citigroup 5.85% Notes due 2016 (CUSIP 172967DQ1)

Citigroup 6.125% Subordinated Notes due 2036 (CUSIP 172967DR9)

Citigroup Floating Rate Subordinated Notes due 2036 (CUSIP 172967DS7)

Citigroup 5.10% Notes due 2011 (CUSIP 172967DU2)

Citigroup Floating Rate Notes due 2009 (CUSIP 172967DW8)

Citigroup 5.5% Subordinated Notes due 2017

**Citigroup Notes (cont'd)**

Citigroup 5.300% Notes due 2012 (CUSIP 172967EL1)

Citigroup 6.125% Notes due 2017 (CUSIP 172967EM9)

Citigroup 6.875% Notes due 2038 (CUSIP 172967EP2)

Citigroup 5.500% Notes due 2013 (CUSIP 172967EQ0)

Citigroup 6.125% Notes due 2018 (CUSIP 172967ES6)

Citigroup Floating Rate Notes due 2018 (CUSIP 172967ET4)

Citigroup 6.500% Notes due 2013 (CUSIP 172967EU1)

Citigroup Funding Medium Term Notes, Series D, maturing on May 25, 2022  (CUSIP 1730T0CR8)

Citigroup Funding Medium Term Notes, Series D, maturing on October 22, 2009 (CUSIP 1730T0EK1)

Citigroup Funding Medium Term Notes, Series D, maturing on May 7, 2010 (CUSIP 1730T0FV6)

Citigroup Funding Medium Term Notes, Series D, maturing on May 28, 2013  (CUSIP 1730T0EP0)

Citigroup Funding Medium Term Notes, Series D, maturing on June 26, 2013 (CUSIP 1730T0GB9)

**Citigroup Capital Enhanced Trust Preferred Securities ("Citigroup Capital E-TRUPS")**

Citigroup Capital XIV 6.875% Enhanced Trust Preferred Securities (CUSIP 17309E200)

Citigroup Capital XV 6.50% Enhanced Trust Preferred Securities (CUSIP 17310G202)

Citigroup Capital XVI 6.45% Enhanced Trust Preferred Securities (CUSIP 17310L201)

Citigroup Capital XVII 6.35% Enhanced Trust Preferred Securities (CUSIP 17311H209)

---

Rosen; Robert E. Rubin; Robert L. Ryan; Franklin A. Thomas; Eric L. Wentzel; and David Winkler (the "Individual Defendants"); and Banc of America Securities LLC; Barclays Capital Inc.; Citigroup Global Markets Inc.; Citigroup Global Markets Limited; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; Greenwich Capital Markets Inc. (n/k/a RBS Securities Inc.); JPMorgan Chase & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. Inc.; UBS Securities LLC; and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities LLC) (the "Underwriter Defendants").

    (CUSIP 172967DY4)

Citigroup 5.250% Notes due 2012 (CUSIP 172967DZ1)

Citigroup Floating Rate Notes due 2014
    (CUSIP 172967EA5)

Citigroup 5.875% Notes due 2037 (CUSIP 172967EC1)

Citigroup Floating Rate Notes due 2010
    (CUSIP 172967EG2)

Citigroup 6.00% Notes due 2017 (CUSIP 172967EH0)

Citigroup 5.500% Notes due 2012 (CUSIP 172967EJ6)

Citigroup Capital XVIII 6.829% Fixed Rate/Floating Rate
    Enhanced Trust Preferred Securities
    (CUSIP 172988AB3)

Citigroup Capital XIX 7.250% Enhanced Trust Preferred
    Securities (CUSIP 17311U200)

Citigroup Capital XX 7.875% Enhanced Trust Preferred
    Securities (CUSIP 173085200)

Citigroup Capital XXI 8.300% Enhanced Trust Preferred
    Securities (CUSIP 173094AA1)

The proposed Settlement, if approved by the United States District Court for the Southern District of New York (the "Court"), will settle claims of the Bond Class, as defined in paragraph 30 below.

2.  **Statement of the Bond Class's Recovery:**  Subject to Court approval, and as described more fully below, Bond Plaintiffs, on behalf of themselves and the Bond Class, have agreed to settle all claims based on the purchase or other acquisition of Bond Class Securities during the Settlement Class Period in exchange for a settlement payment of $730,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Bond Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3.  **Estimate of Average Amount of Recovery Per Share or Note:**  Based on Bond Plaintiffs' damages expert's estimates of the number of Bond Class Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Bond Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of Citigroup Preferred Securities is $0.63; per eligible Citigroup Note is $3.25; and per share of eligible Citigroup Capital E-TRUPS is $0.55. Bond Class Members should note, however, that the foregoing average recovery per share or note is only an estimate.  Some Bond Class Members may recover more or less than these estimated amounts depending on, among other factors, which Bond Class Securities they purchased, when and at what prices they purchased/acquired or sold their Bond Class Securities, and the total number of valid claim forms submitted. Distributions to Bond Class Members will be made based on the Plan of Allocation set forth herein (see pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share or Note:**  The Parties do not agree on the average amount of damages per share or note that would be recoverable if Bond Plaintiffs were to prevail in the Action. Among other things, Defendants deny that any of the offering materials for the Bond Class Securities contained materially false or misleading statements or omitted material information.  Defendants also assert that they were prepared to establish that the prices of the Bond Class Securities declined in value for reasons not related to the disclosure of any allegedly false or misleading statements in the offering materials for the securities.  The Parties also disagree on the appropriate methodology for determining damages, if liability were established.  In sum, Defendants do not agree with the assertion that they engaged in any actionable misconduct under the

federal securities laws or that any damages were suffered by any members of the Bond Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Bond Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2008, have not received any payment of attorneys' fees for their representation of the Bond Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Bond Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Bond Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  In addition, Bond Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $10.5 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Bond Plaintiffs directly related to their representation of the Bond Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Bond Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share or note of Bond Class Securities, if the Court approves Bond Counsel's fee and expense application, are $0.13 per eligible share of Citigroup Preferred Securities; $0.70, per eligible Citigroup Note; and $0.12 per eligible share of Citigroup Capital E-TRUPS..

6.     **Identification of Attorneys' Representatives:**   Bond Plaintiffs and the Bond Class are represented by Steven B. Singer, Esq. and John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

7.     **Reasons for the Settlement:**  Bond Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Bond Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2013.** | This is the only way to be eligible to receive a payment from the Settlement.  If you are a Bond Class Member and you remain in the Bond Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Bond Plaintiffs' Claims (defined in ¶ 66 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 67 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE BOND CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you exclude yourself from the Bond Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Bond Plaintiffs' Claims. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Bond Class Member and do not exclude yourself from the Bond Class. |
| **GO TO A HEARING ON _____, 2013 AT \_:\_\_ \_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | Filing a written objection and notice of intention to appear by _____, 2013 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Bond Class and you do not submit a Claim Form by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Bond Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ........................................................................ Page \_\_

What Is This Case About? .......................................................................... Page \_\_

How Do I Know If I Am Affected By The Settlement? ................................ Page \_\_

What Are Bond Plaintiffs' Reasons For The Settlement? ........................... Page \_\_

What Might Happen If There Were No Settlement? ................................... Page \_\_

How Much Will My Payment Be? ............................................................... Page \_\_

How Are Bond Class Members Affected By The Action And The Settlement? ...... Page \_\_

What Payment Are The Attorneys For The Bond Class Seeking?  How Will The
   Lawyers Be Paid? ................................................................................... Page \_\_

How Do I Participate In The Settlement?  What Do I Need To Do? ........... Page \_\_

What If I Do Not Want To Be A Member Of The Bond Class?
   How Do I Exclude Myself? ..................................................................... Page \_\_

When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't
   Like The Settlement? .............................................................................. Page \_\_

What If I Bought Shares On Someone Else's Behalf? ............................... Page \_\_

Can I See The Court File?  Whom Should I Contact If I Have Questions?                    Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Bond Class Securities (defined in paragraph 1 above) during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Bond Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Bond Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      In a class action lawsuit, the court appoints one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court-appointed representatives for the Bond Class include Louisiana Sheriffs' Pension and Relief Fund, City of Tallahassee Retirement System, City of Philadelphia Board of Pensions and Retirement, Miami Beach Employees' Retirement Plan, Southeastern Pennsylvania Transportation Authority, American European Insurance Company, and Arkansas Teacher Retirement System, and the Court has approved Bond Plaintiffs' selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bond Counsel") to serve as class counsel for the Bond Class.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thereby allowing for the efficient and consistent resolution of the claims of all class members in a single proceeding.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any persons or entities who choose to exclude themselves from the class.  (For more information on excluding yourself from the Bond Class, please read "What If I Do Not Want To Be A Member Of The Bond Class?  How Do I Exclude Myself?," on page __ below.)

10.      The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known *In re Citigroup Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (SHS).  The Judge presiding over this case is the Hon. Sidney H. Stein, United States District Judge.  The persons and entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims in the Action by Bond Class Members against Defendants and will bring the Action to an end.

11.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Bond Class if you wish to so do.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Bond Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Fairness Hearing").

12.      The Settlement Fairness Hearing will be held on _____, 2013 at _:___ _.m., before the Honorable Sidney H. Stein at the United States District Court for the Southern District of New York, Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, to determine:

(a)     whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation;

(c)     whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court;

(d)     whether Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and

(e)     any other relief the Court deems necessary to effectuate the terms of the Settlement.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

14.     This case is a securities class action that asserts claims arising under the Securities Act based on allegations that there were materially untrue statements and omissions of material facts in the registration statements for 48 public offerings by Citigroup, Inc. ("Citigroup") of bonds and preferred securities between May 2006 and August 2008 (the "Offerings").  Citigroup and the other Defendants are being sued for violations of the federal securities laws based on the alleged misrepresentations in the Offering Materials.

15.     In September and October of 2008, plaintiffs, represented by Bond Counsel, filed two actions in New York State Supreme Court asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of investors in certain of the debt securities, preferred stock and certain depository shares representing interests in preferred stock issued by Citigroup or its affiliates in the Offerings.

16.     In November 2008, these two actions were removed to the United States District Court for the Southern District of New York and, pursuant to a Stipulation and Order entered on December 10, 2008 (the "Consolidation Order"), were consolidated and renamed *In re Citigroup, Inc. Bond Litigation*, Master File No. 08 Civ. 9522 (SHS).  The Consolidation Order appointed Bernstein Litowitz Berger & Grossmann LLP as "Bond Counsel" and the Court subsequently directed Bond Plaintiffs to file a consolidated complaint in the Bond Action on or before January 15, 2009.

17.     On January 15, 2009, certain of the Bond Plaintiffs filed the Consolidated Amended Class Action Complaint (the "Complaint").  The Complaint alleges that the public offering materials for each Offering of Bond Class Securities, including the registration statements and the documents incorporated therein, misrepresented Citigroup's exposure to mortgage-related assets, the value of those assets, and their impact on Citigroup's publicly-reported financial condition.  Specifically, the Complaint alleges that the offering materials (a) misstated or omitted the amount of Citigroup's exposure to approximately $66 billion of collateralized debt

obligations ("CDOs") backed by subprime mortgage-related assets; (b) misrepresented the value of Citigroup's CDO holdings; (c) misrepresented Citigroup's exposure to $100 billion in structured investment vehicles ("SIVs") that purchased a wide variety of subprime mortgage-related securities, and failed to properly value the SIVs' assets; (d) reported materially understated loan loss reserves for Citigroup's portfolio of residential mortgage loans; (e) contained misstatements relating to Citigroup's exposure to illiquid auction rate securities ("ARS"); and (f) contained misstatements that Citigroup was "well-capitalized."  The Complaint further alleges that investors in the Offerings did not learn the full truth about Citigroup's financial condition until November 2008, when the government extended $326 billion in aid to Citigroup.

18.     The Complaint alleges that class members who purchased or otherwise acquired Bond Class Securities pursuant or traceable to the Offerings were damaged as a result of the allegedly untrue statements and omissions of material facts in the registration statements.

19.     On March 13, 2009, all Defendants moved to dismiss the Complaint.  The motions were fully briefed by May 13, 2009.  On July 12, 2010, the Court issued an Opinion and Order that granted in part, and denied in part, Defendants' motions to dismiss.  Specifically, the Court sustained Bond Plaintiffs' claims with respect to allegations of material misstatements or omissions regarding (a) Citigroup's CDO holdings, (b) the credit quality of Citigroup's SIV holdings once those holdings were consolidated in December 2007, (c) Citigroup's loan loss reserves, (d) Citigroup's "well capitalized" status, and (e) Citigroup's compliance with GAAP.  The Court granted Defendants' motions to dismiss with respect to Bond Plaintiffs' Section 12(a)(2) claims and Bond Plaintiffs' Section 11 claims insofar as they alleged misstatements respecting (a) Citigroup's exposure to its SIV holdings before those holdings were consolidated in December 2007, and (b) Citigroup's exposure to ARS.

20.     On July 26, 2010, Defendants moved for reconsideration of that portion of the Court's opinion which held that Bond Plaintiffs had standing to pursue the claims of all class members.  Bond Plaintiffs opposed the motion and Defendants filed reply papers in further support of their motion on August 16, 2010.  On March 29, 2011, the Court issued an opinion and order denying Defendants' motion.

21.     On October 8, 2010, Defendants answered the Complaint.  Defendants denied the claims in their entirety and asserted a number of defenses to liability.

22.     On March 11, 2011, Bond Plaintiffs moved for class certification and appointment of class representatives and class counsel.  After extensive class certification discovery, Defendants filed their opposition to the motion on May 13, 2011.  Bond Plaintiffs filed reply papers in further support of their motion on June 10, 2011.  The motion was pending before the Court at the time the Settlement was reached.

23.     On October 27, 2011, Defendants moved for judgment on the pleadings under Rule 12(c), contending that that certain allegations should be dismissed under the Second Circuit's decision in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011).  Bond Plaintiffs opposed this motion, contending, among other things, that it was premature and should not be addressed until the close of discovery.  On November 23, 2011, the Court issued an order holding that Defendants' Rule 12(c) motion was premature, and dismissing the motion with leave to renew following the close of discovery.

24.     The Parties and their counsel have vigorously pursued discovery in this case.  Fact discovery commenced in August 2010, and during the course of the litigation, among other things, Bond Counsel

reviewed more than 40 million pages of documents and participated in approximately 70 depositions, including taking the depositions of numerous current and former senior officers of Citigroup.

25.     In early 2012, while discovery was ongoing, Bond Counsel and Citigroup-Related Defendants' Counsel began discussing a potential resolution of the Bond Action.   Although those parties engaged in numerous discussions, a resolution was not achieved at that time and discovery continued into the fall of 2012. In late 2012, near the close of the fact discovery period, those parties agreed to engage the Honorable Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma.   In 2012 and early January 2013, those parties continued their settlement negotiations under the auspices of Judge Phillips.   Judge Phillips ultimately made a mediator's recommendation, which those parties later accepted.

26.     Counsel for Citigroup-Related Defendants and Bond Counsel, on behalf of their respective clients, subsequently entered into a term sheet (the "Term Sheet") setting forth, among other things, the agreement to settle and release all claims asserted against all Defendants in the Action in return for a cash payment of $730,000,000 by Citigroup for the benefit of the Bond Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

27.     Based upon its investigation, prosecution and mediation of the case, Bond Counsel has concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to the Bond Plaintiffs and the other members of the Bond Class, and in their best interests.   Based on Bond Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Bond Counsel, each of the Bond Plaintiffs has agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial financial benefit that Bond Plaintiffs and the other members of the Bond Class will receive under the proposed Settlement, (b) the significant risks of continued litigation and trial, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.   The fact that Bond Plaintiffs have agreed to settle the Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Bond Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' affirmative defenses to liability have any merit.

28.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Defendants' Releasees (defined in ¶ 67 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted.   Defendants expressly deny that Bond Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

29.     On _____, 2013, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Bond Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|

30.     If you are a member of the Bond Class, you are subject to the Settlement, unless you timely request to be excluded.  The Bond Class consists of:

> all persons and entities who purchased or otherwise acquired, from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), the debt securities (including certain medium term notes), series of preferred stock and certain series of depository shares representing interests in preferred stock, in or traceable to the offerings of the Bond Class Securities[3], and were damaged thereby.

Excluded from the Bond Class are Defendants, the Tolled Underwriter Defendants, the respective affiliates of the Defendants and the Tolled Underwriter Defendants, persons who served as Officers or Directors of any of the Defendants or the Tolled Underwriter Defendants at any time during the Settlement Class Period, members of their Immediate Families and their legal representatives, heirs, successors or assigns, trustees of the Citigroup Trusts, and any entity in which any Defendant or Tolled Underwriter Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Bond Class.[4]  Also excluded from the Bond Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What if I Do Not Want To Be A Member Of The Bond Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A BOND CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A BOND CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

| WHAT ARE BOND PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

31.     The principal reason for Bond Plaintiffs' consent to the Settlement is that it provides the immediate and substantial recovery for the benefit of the Bond Class of $730 million in cash.  The benefit of the Settlement must be compared to the risk that no recovery or a lesser recovery might be achieved after summary judgment motions, a contested trial and likely appeals, possibly years into the future.

32.     Bond Plaintiffs and Bond Counsel believe that the claims asserted against Defendants in the Action have merit.  They also recognize, however, that the claims involve numerous complex legal and factual issues that may be difficult to prove at trial.  If the litigation were to continue through dispositive motions and

---

[3] The Bond Class Securities are listed on page ___ of this Notice.

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant or Tolled Underwriter Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but in which the Defendant or Tolled Underwriter Defendant or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

trial, Bond Plaintiffs would have to overcome significant defenses asserted by Defendants.  Indeed, the Parties disagree about fundamental issues such as whether the registration statements at issue contained any material misstatements or omissions regarding the matters alleged in the Complaint.  The Parties also disagree as to whether certain of the misstatements alleged in the Complaint were statements of "opinion," which, if so, would require Bond Plaintiffs to prove that those statements were contrary to Defendants' "honestly held belief" -- a difficult standard to satisfy.  Furthermore, even if liability is established, the Parties disagree on the appropriate calculation of damages under the securities laws, as Defendants have argued that declines in the prices of the Bond Class Securities were caused by factors unrelated to the misstatements and omissions alleged in the Complaint.  In particular, Defendants have contended that most or all of the decline in the prices of the Bond Class Securities was due to a global economic crisis and resultant sharp declines in the financial markets, and accordingly Bond Plaintiffs are entitled to minimal or no recovery under the securities laws.  Each of these issues would have been vigorously disputed in dispositive motions and at any trial of this action.  Moreover, due to the many disputed issues surrounding liability and damages, Bond Plaintiffs are confident that even if a jury were to find Defendants liable and award damages to the Bond Class, Defendants would appeal the verdict with the attendant risk that the verdict could be overturned in its entirety or the damage award could be reduced. This Settlement enables the Bond Class to recover without incurring any additional risk or costs.

33.    In light of the risks associated with a trial of this Action, the monetary amount of the Settlement and the immediacy of this recovery to the Bond Class, Bond Plaintiffs and Bond Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Bond Class.  Bond Plaintiffs and Bond Counsel believe that the Settlement provides a substantial benefit to the Bond Class, namely $730 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals.

34.    Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also continue to believe that the claims asserted against them in the Action are without merit.  Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden and expense of further protracted litigation

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

35.    If there were no Settlement and Bond Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Bond Plaintiffs nor the other members of the Bond Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Bond Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

36.    At this time, it is not possible to make any determination as to how much any individual Bond Class Member may receive from the Settlement.

37.    Pursuant to the Settlement, Citigroup, on behalf of all Defendants, has agreed to pay seven hundred thirty million dollars ($730,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the

Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Bond Class Members and administering the Settlement on behalf of Bond Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Bond Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.     Only Bond Class Members, *i.e.*, persons and entities purchased or otherwise acquired Bond Class Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, and who are not excluded from the Bond Class by definition or pursuant to request, will be eligible to share in the distribution of the Net Settlement Fund.  The only securities that are included in the Settlement are the Bond Class Securities.

42.     Each Bond Class Member wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Claim Form establishing membership in the Bond Class, and including all required documentation, postmarked on or before _____, 2013 to the address set forth in the Claim Form that accompanies this Notice.

43.     Unless the Court otherwise orders, any Bond Class Member who fails to submit a Claim Form postmarked on or before _____, 2013 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Bond Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Bond Class Member releases the Released Bond Plaintiffs' Claims (as defined in ¶ 66 below) against the Defendants' Releasees (as defined in ¶ 67 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Bond Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Bond Class Member submits a Claim Form.

44.     Information Required on the Claim Form:  Among other things, each Claim Form must state and provide sufficient documentation for each Claimant's transactions in Bond Class Securities during the Settlement Class Period as well as any sales or dispositions following the Settlement Class Period through March 18, 2013 and the Claimant's closing position in the Bond Class Securities on March 18, 2013.

45.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Bond Class Member.

46.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

47.     Persons and entities that are excluded from the Bond Class by definition or that exclude themselves from the Bond Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

48.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Bond Class Members who suffered losses as a result of the conduct alleged in the Complaint.  The calculations made pursuant to the Plan of Allocation, which has been developed by Bond Plaintiffs' damages expert, are not intended to be estimates of, nor indicative of, the amounts that Bond Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Bond Class Members pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Bond Class Members against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

49.     The claims asserted against Defendants relate to each of the public offerings of Bond Class Securities that occurred during the Settlement Class Period (the "Offerings").

50.     Consistent with the foregoing, and as detailed below, the Net Settlement Fund will be distributed on a *pro rata* basis to all eligible Authorized Claimants based on net recognized losses calculated on their Settlement Class Period purchases/acquisitions of the Bond Class Securities.

## CALCULATION OF SPECIFIC RECOGNIZED LOSS OR GAIN AMOUNTS

51.     A "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated as set forth below for each purchase or other acquisition of the Bond Class Securities during the Settlement Class Period (*i.e.*, from May 11, 2006 through and including November 28, 2008) that is listed in the Claim Form and for which adequate documentation is provided.  The calculation of Recognized Loss or Gain Amounts will depend upon several factors, including (i) which Bond Class Securities were purchased or otherwise acquired, and in what amounts; (ii) when the Bond Class Securities were purchased or otherwise acquired; and (iii) whether the Bond Class Securities were sold, and if so, when they were sold, and for what amounts.

52.     The "value" of a security on the date on which a complaint was first filed alleging claims under Section 11 of the Securities Act is relevant for purposes of calculating damages for securities still held as of that date under Section 11(e).  Most often, "value" is interpreted as meaning the closing price on the date the complaint was filed for purposes of Section 11.  However, in this Action, Bond Plaintiffs have alleged that additional misrepresentations had not fully been revealed as of the date the initial complaint was filed (9/30/08), nor by the date the amended complaint was filed (10/28/08) and thus, in this instance, "value" is best measured by the closing price on November 28, 2008, which is the last day of the Settlement Class Period.  As a result, in order to fairly allocate the Net Settlement Fund, the November 28, 2008 Closing Price shall be utilized in measuring the "value" of the Bond Class Securities as of the dates on which the initial and amended complaints were filed.

13

53.     Attached hereto as Table A is a listing of the relevant issue prices (the "Issue Price")[5] and closing prices (the "Closing Price") on November 28, 2008 for all Bond Class Securities.  Table A also sets forth information such as the conversion date and conversion price for those Bond Class Securities that were eligible to be converted to common stock, to be called by Citigroup, or were subject to a repurchase option between November 29, 2008 and March 18, 2013.  The conversion prices set forth in Table A shall be treated as the deemed sale price for Bond Class Securities that were converted, called or repurchased.

54.     Additionally, because the overwhelming majority of Bond Class Securities subsequently recovered in price since the dates that the complaints were filed, the Plan of Allocation takes into account the current value of the Bond Class Securities that are still held in allocating the Net Settlement Fund.  As a result, in the event that a Claimant still held a Bond Class Security as of March 18, 2013, the date the Stipulation of Settlement was executed, a discount of 90% shall be applied to the Recognized Loss Amount for that Bond Class Security.

55.     Taking the above-referenced principles into account, Recognized Loss Amounts or Recognized Gain Amounts for each Bond Class Security shall be calculated as follows:

I.     For each Bond Class Security purchased or otherwise acquired from May 11, 2006 through and including the close of trading on November 28, 2008, and:

A.     Sold at a loss[6] prior to the close of trading on November 28, 2008, a Recognized Loss Amount shall be calculated, which shall be the purchase or acquisition price, not to

---

[5]   Certain Bond Class Securities were issued pursuant to multiple offerings during the Settlement Class Period.  For Citigroup Floating Rate Notes due 2011 (CUSIP 172967DL2), Citigroup Floating Rate Subordinated Notes due 2016 (CUSIP 172967DM0), Citigroup 5.85% Notes due 2016 (CUSIP 172967DQ1), Citigroup 6.125% Subordinated Notes due 2036 (CUSIP 172967DR9), Citigroup 5.10% Notes due 2011 (CUSIP 172967DU2), Citigroup 5.250% Notes due 2012 (CUSIP 172967DZ1), and Citigroup 6.00% Notes due 2017 (CUSIP 172967EH0) – each of which was issued pursuant to an initial offering and one supplemental offering during the Settlement Class Period – the Issue Price shall be determined as follows:  (a) for purchases/acquisitions that occurred prior to the supplemental offering date, the Issue Price shall be the offering price of the initial offering (or "initial offering price"), as shown on Table A; (b) for purchases/acquisitions that occurred on or within seven days following the supplemental offering date, the Issue Price shall be the offering price of the supplemental offering (the "supplemental offering price"), as shown on Table A; and (c) for purchases/acquisitions that occurred after the seven day period following the supplemental offering date, the Issue Price shall be the weighted average offering price of the initial offering price and the supplemental offering price, as shown on Table A.  For Citigroup Floating Rate Subordinated Notes due 2036 (CUSIP 172967DS7), which was issued pursuant to an initial offering and two supplemental offerings during the Settlement Class Period, the applicable Issue Price shall be determined as follows: (a) for purchases/acquisitions that occurred prior to the first supplemental offering date, the Issue Price shall be the offering price of the initial offering, as shown on Table A; (b) for purchases/acquisitions that occurred on or within seven days following either the first or second supplemental offering date, the Issue Price shall be offering price of the applicable supplemental offering, as shown on Table A; and (c) for purchases/acquisitions that occurred after the seven day period following the first supplemental offering date but prior to the second supplemental offering date, the Issue Price shall be the weighted average offering price of the initial offering price and the first supplemental offering price, as shown on Table A, and (d) for purchases/acquisitions that occurred after the seven day period following the second supplemental offering date, the Issue Price shall be the weighted average offering price of the initial offering price, the first supplemental offering price, and the second supplemental offering price, as shown on Table A.

[6]   "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

14

exceed the Issue Price of the security as set forth on Table A, *minus* the sale price.  If this calculation results in a negative number, then the Recognized Loss Amount shall be zero.

B.  Sold for a gain[7] prior to the close of trading on November 28, 2008, a Recognized Gain Amount shall be calculated, which shall be the sale price *minus* the purchase/acquisition price.

C.  Still held as of the close of trading on November 28, 2008, but sold or converted[8] prior to the close of trading on March 18, 2013 at a loss, a Recognized Loss Amount shall be calculated which shall be the purchase or acquisition price, not to exceed the Issue Price of the security as set forth on Table A, *minus the greater of*: (x) the sale price or Conversion Price; or (y) the Closing Price on November 28, 2008, as set forth on Table A.

D.  Still held as of the close of trading on November 28, 2008, but sold or converted[9] prior to the close of trading on March 18, 2013 at a gain, a Recognized Gain Amount shall be calculated which shall be the sale price or Conversion Price *minus* the purchase/acquisition price.

E.  Still held as of the close of trading on March 18, 2013, a Recognized Loss Amount shall be calculated which shall be the purchase or acquisition price, not to exceed the Issue Price of the security as set forth on Table A, *minus* the Closing Price on November 28, 2008, as set forth on Table A, and this difference then multiplied by 10%.  If this calculation results in a negative number, then the Recognized Loss Amount shall be zero.

F.  Still held as of the close of trading on March 18, 2013, and the purchase/acquisition price is less than the Closing Price on November 28, 2008, as set forth on Table A, a Recognized Gain Amount shall be calculated which shall be the Closing Price on November 28, 2008 *minus* the purchase/acquisition price.

II.  For each Bond Class Security purchased or otherwise acquired from May 11, 2006 through and including the close of trading on November 28, 2008, that was still held at its Maturity Date, as set forth in Table A, prior to March 18, 2013, there shall be no Recognized Loss Amount as it will be deemed to have been sold at the Par Value as set forth on Table A.  However, in the event that the Bond Class Security was purchased at a price below the Issue Price and was still held at its Maturity Date, as set forth in Table A, prior to March 18, 2013, a Recognized Gain Amount shall be calculated which shall be the Par Value as set forth on Table A *minus* the purchase/acquisition price.

---

[7]  "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

[8]  Following the Settlement Class Period, certain of the Bond Class Securities were eligible for conversion into common stock, to be called by Citigroup or were subject to a repurchase option.  In each of these instances, if the security was converted, called or repurchased, for purposes of the Plan of Allocation, these transactions will be treated as sales on the Conversion Date at the Conversion Price as set forth on Table A.

[9]  See footnote 8 above.

## **ADDITIONAL PROVISIONS**

56.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below in paragraph 60 below) is $20.00 or greater.

57.     If a Bond Class Member has more than one purchase/acquisition or sale of a Bond Class Security, all purchases/acquisitions and sales of like securities shall be matched on a First In, First Out ("FIFO") basis, such that sales will be matched against purchases/acquisitions of the same security in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

58.     For each Bond Class Security, a "Net Recognized Loss" shall be calculated for each Claimant by totaling all of the Claimant's Recognized Loss Amounts resulting from purchases and acquisitions of that Bond Class Security during the Settlement Class Period and subtracting from that total the sum of all Recognized Gain Amounts resulting from purchases and acquisitions of the same Bond Class Security during the Settlement Class Period.  If this calculation results in a positive number, that figure will be the Claimant's Net Recognized Loss for that Bond Class Security; if this calculation results in a negative number, the Claimant's Net Recognized Loss for that Bond Class Security shall be zero.

59.     A Claimant's Recognized Claim shall be the sum of his, her or its Net Recognized Losses for all of the Bond Class Securities.

60.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

61.     Purchases or acquisitions and sales of Bond Class Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Bond Class Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Bond Class Securities for the calculation of a Claimant's Recognized Loss or Gain Amounts, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Bond Class Securities unless (i) the donor or decedent purchased or otherwise acquired such Bond Class Securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bond Class Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.     To the extent that any monies remain in the Net Settlement Fund after the Claims Administrator has caused the initial distribution to be made to Authorized Claimants, whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund nine (9) months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $20.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.

Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional re-distributions may occur thereafter if Bond Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Bond Counsel and approved by the Court.

63.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Bond Plaintiffs, Bond Plaintiffs' Counsel, Bond Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Defendants' Releasees, or the Claims Administrator or other agent designated by Bond Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Bond Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

64.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Bond Plaintiffs and Bond Counsel after consultation with their experts.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Bond Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www._____.com.

## HOW ARE BOND CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

65.    If you are a Bond Class Member and you do not exclude yourself from the Bond Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Bond Plaintiffs and all other Bond Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, will fully and finally release as against Defendants and the other Defendants' Releasees (as defined in ¶ 67 below), all Released Bond Plaintiffs' Claims (as defined in ¶ 66 below), and shall forever be enjoined from prosecuting any or all of the Released Bond Plaintiffs' Claims against any of Defendants' Releasees.

66.    "Released Bond Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local or foreign statutory law or common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Bond Plaintiffs or any other member of the Bond Class (a) asserted in the Action, or (b) could have asserted against any of the Defendants' Releasees in any forum that (i) arise out of, are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and (ii) arise out of or are based upon the purchase or other acquisition, sale or holding of Bond Class Securities during the Settlement Class

Period.  Released Bond Plaintiffs' Claims do not include, release, bar, or waive: (i) any claims asserted in *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS) (S.D.N.Y.); and (ii) any claims of any Person that submits a request for exclusion that is accepted by the Court.  For the sake of clarity, no claims are being released with respect to securities not covered by the Bond Class definition.  Additionally, Released Bond Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement.

67.   "Defendants' Releasees" means the Defendants, Tolled Underwriter Defendants, and their respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives and assigns of each of them, in their capacity as such.

68.   "Unknown Claims" means any Released Claims which Bond Plaintiffs or any other Bond Class Member, each of the Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Bond Plaintiffs and each of the Defendants shall expressly waive, and each of the other Bond Class Members and each of the other Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Bond Plaintiffs and each of the Defendants acknowledge, and each of the other Bond Class Members and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE BOND CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

---

69.   Bond Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Bond Class, nor have Bond Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Bond Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Fund.  At the same time, Bond Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $10,500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Bond Plaintiffs directly related to their representation of the Bond Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Bond Class Members are not personally liable for any such fees or expenses.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

70.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Bond Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2013**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www._____.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-___-___-____.  Please retain all records of your ownership of and transactions in Bond Class Securities, as they may be needed to document your Claim.  If you request exclusion from the Bond Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

71.     As a Bond Class Member you are represented by Bond Plaintiffs and Bond Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

72.     If you are a Bond Class Member and do not wish to remain a Bond Class Member, you may exclude yourself from the Bond Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Bond Class?  How Do I Exclude Myself?," below.

73.     If you are a Bond Class Member and you wish to object to the Settlement, the Plan of Allocation, or Bond Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Bond Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE BOND CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

74.     Each Bond Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Bond Class, addressed to *In re Citigroup Inc. Bond Litigation*, EXCLUSIONS, c/o The Garden City Group, Inc., P.O. Box ____, _____, __ _____.  The exclusion request must be ***received*** no later than _____, 2013.  You will not be able to exclude yourself from the Bond Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the Bond Class in *In re Citigroup Inc. Bond Litigation*, Master  File No. 08 Civ. 9522 (SHS)"; (c) state the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired during the Settlement Class Period (*i.e.*, from May 11, 2006 through and including November 28, 2008), as well as the dates and prices of each such purchase/acquisition; (d) state the number of each Bond Class Security (in terms of shares and face value of notes) that the person or entity requesting exclusion sold or disposed of during the Settlement Class Period or thereafter through the close of trading on March 18, 2013, as well as the dates and prices of each such sale; and (e) be signed by such person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

75.     If you do not want to be part of the Bond Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Bond Plaintiffs' Claim against any of the Defendants' Releasees.

76.     If you ask to be excluded from the Bond Class, you will not be eligible to receive any payment out of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

77.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Bond Class in an amount that exceeds an amount agreed to by Bond Plaintiffs and Defendants.

> WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
> SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
> MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

78.     **Bond Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Bond Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

79.     The Settlement Fairness Hearing will be held on _____, 2013 at _:__ _.m. before the Honorable Sidney H. Stein, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 23A, New York, NY 10007-1312.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Bond Class.

80.     Any Bond Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2013.  You must also serve the papers on Bond Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2013.

| **Clerk's Office** | **Bond Counsel** | **Representative Defendants' Counsel** |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger &** | **Paul, Weiss, Rifkind,** |
| Southern District of New York | **Grossmann LLP** | **Wharton & Garrison LLP** |
| Clerk of the Court | Max W. Berger, Esq. | Brad Karp, Esq. |
| Daniel Patrick Moynihan | Steven B. Singer, Esq. | Richard A. Rosen, Esq. |
| United States Courthouse | John C. Browne, Esq. | Susanna M. Buergel, Esq. |
| 500 Pearl Street | 1285 Avenue of the Americas | 1285 Avenue of the Americas |
| New York, NY  10007-1312 | New York, NY  10019 | New York, NY 10019-6064 |

81.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Bond Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Bond Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Bond Class, including the number (in terms of shares or face value of notes) of each Bond Class Security that the objecting Bond Class Member purchased/acquired during the Settlement Class Period (*i.e.*, from May 11, 2006 through and including November 28, 2008), as well as sales of such securities during the Settlement Class Period or thereafter through the close of trading on March 18, 2013, along with the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Bond Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Bond Class or if you are not a member of the Bond Class.

82.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

83.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Bond Counsel and Representative Defendants' Counsel at the addresses set forth above so that it is ***received*** on or before _____, 2013.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

84.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Bond Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 80 above so that the notice is ***received*** on or before _____, 2013.

85.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Bond Class.  If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Bond Counsel.

86.     **Unless the Court orders otherwise, any Bond Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Bond Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Bond Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

87.     If you purchased or otherwise acquired any of the Bond Class Securities (listed in paragraph 1 of this Notice) from May 11, 2006 through and including November 28, 2008 for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) business days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) business days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Citigroup Inc. Bond Litigation*, c/o The Garden City Group, Inc., P.O. Box _____, _____, __ _____-____. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www._____.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

88.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www._____.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re Citigroup Inc. Bond Litigation*
c/o The Garden City Group, Inc.
P.O. Box _____,
_____, __ _____-____
www._____.com
and/or

Steven B. Singer, Esq.
John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496
blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL  REGARDING THIS NOTICE.**

Dated: _____, 2013
 

By Order of the Court
United States District Court
Southern District of New York

**Table A**

| Security | Security Description | Issue Date | Maturity Date | Issue Price | Par Amount | Closing Price on November 28, 2008 (or Latest Prior Closing Price Available) | Conversion / Call / Redemption Date (if any) | Conversion/Call / Redemption Price |
|---|---|---|---|---|---|---|---|---|
| 172967998 | 6.5% Non-Cumulative Convertible Preferred Stock, Series T | 1/23/2008 | Perpetual | $50.00 | $50.00 | $25.70 | 7/24/2009 | $35.70 * |
| 172967572 | 8.125% Non-Cumulative Preferred Stock, Series AA | 1/25/2008 | Perpetual | $25.00 | $25.00 | $14.00 | 7/24/2009 | $19.95 * |
| 172967E88 | 8.4% Fixed Rate/Floating Rate Non-Cumulative Preferred Stock, Series E | 4/28/2008 | Perpetual | $1,000.00 | $1,000.00 | $886.04 | 7/24/2009 | $798.00 * |
| 172967S56 | 8.5% Non-Cumulative Preferred Stock, Series F | 5/13/2008 | Perpetual | $25.00 | $25.00 | $16.60 | 7/24/2009 | $19.95 * |
| 172967DL2 | Floating Rate Notes due 2011 (Purchased prior to 6/30/2006) | 5/15/2006 | 5/18/2011 | $998.79 | $1,000.00 | $881.87 | | |
| 172967DL2 | Floating Rate Notes due 2011 (Purchased between 6/30/2006 and 7/7/2006, inclusive) | 6/30/2006 | 5/18/2011 | $999.83 | $1,000.00 | $881.87 | | |
| 172967DL2 | Floating Rate Notes due 2011 (Purchased on or after 7/8/2006) | Multiple | 5/18/2011 | $1,000.00 | $1,000.00 | $881.87 | | |
| 172967DM0 | Floating Rate Subordinated Notes due 2016 (Purchased prior to 2/9/2007) | 6/9/2006 | 6/9/2016 | $1,000.00 | $1,000.00 | $610.00 | | |
| 172967DM0 | Floating Rate Subordinated Notes due 2016 (Purchased between 2/9/2007 and 2/16/2007, inclusive) | 2/9/2007 | 6/9/2016 | $1,002.17 | $1,000.00 | $610.00 | | |
| 172967DM0 | Floating Rate Subordinated Notes due 2016 (Purchased on or after 2/17/2007) | Multiple | 6/9/2016 | $1,001.21 | $1,000.00 | $610.00 | | |
| 172967DV0 | 5.85% Notes due 2013 | 6/28/2006 | 7/2/2013 | $998.74 | $1,000.00 | $911.94 | | |
| 172967DQ1 | 5.85% Notes due 2016 (Purchased prior to 10/31/2006) | 8/2/2006 | 8/2/2016 | $999.40 | $1,000.00 | $884.41 | | |
| 172967DQ1 | 5.85% Notes due 2016 (Purchased between 10/31/2006 and 11/7/2006, inclusive) | 10/31/2006 | 8/2/2016 | $1,035.47 | $1,000.00 | $884.41 | | |
| 172967DQ1 | 5.85% Notes due 2016 (Purchased on or after 11/8/2006) | Multiple | 8/2/2016 | $1,004.10 | $1,000.00 | $884.41 | | |
| 172967DP3 | 6.125% Notes due 2036 (Purchased prior to 1/10/2007) | 8/25/2006 | 8/25/2036 | $998.09 | $1,000.00 | $760.49 | | |
| 172967DP3 | 6.125% Notes due 2036 (Purchased between 1/10/2007 and 1/17/2007, inclusive) | 1/10/2007 | 8/25/2036 | $1,048.42 | $1,000.00 | $760.49 | | |
| 172967DP3 | 6.125% Notes due 2036 (Purchased on or after 1/18/2007) | Multiple | 8/25/2036 | $1,010.67 | $1,000.00 | $760.49 | | |
| 172967D57 | Floating Rate Subordinated Notes due 2036 | 8/25/2006 | 8/25/2036 | $993.03 | $1,000.00 | $620.00 | | |
| 172967D57 | Floating Rate Subordinated Notes due 2036 (Purchased between 12/13/2006 and 12/20/2006, inclusive) | 12/13/2006 | 8/25/2036 | $1,001.41 | $1,000.00 | $620.00 | | |
| 172967D57 | Floating Rate Subordinated Notes due 2036 (Purchased between 12/21/2006 and 5/22/2007, inclusive) | Multiple | 8/25/2036 | $996.48 | $1,000.00 | $620.00 | | |
| 172967D57 | Floating Rate Subordinated Notes due 2036 (Purchased between 5/23/2007 and 5/30/2007, inclusive) | 5/23/2007 | 8/25/2036 | $1,005.59 | $1,000.00 | $620.00 | | |
| 172967D57 | Floating Rate Subordinated Notes due 2036 (Purchased on or after 5/31/2007) | Multiple | 8/25/2036 | $998.21 | $1,000.00 | $620.00 | | |
| 172967EA5 | Floating Rate Senior Notes due 2014 | 5/29/2007 | 5/29/2037 | $1,000.00 | $1,000.00 | $620.00 | | |
| 172967FC1 | 5.875% Notes due 2037 | 5/29/2007 | 5/29/2037 | $986.81 | $1,000.00 | $748.56 | | |
| 172967FC1 | Floating Rate Notes due 2010 | 8/13/2007 | 8/13/2010 | $999.16 | $1,000.00 | $974.42 | | |
| 172967EG2 | 6% Notes due 2017 (Purchased prior to 9/6/2007) | 8/15/2007 | 8/15/2017 | $996.44 | $1,000.00 | $906.49 | 9/14/2012 | $1,111.39 * |
| 172967EH0 | 6% Notes due 2017 (Purchased between 9/6/2007 and 9/13/2007, inclusive) | 9/6/2007 | 8/15/2017 | $1,016.68 | $1,000.00 | $906.49 | 9/14/2012 | $1,111.39 * |
| 172967EH0 | 6% Notes due 2017 (Purchased on or after 9/14/2007) | Multiple | 8/15/2017 | $1,001.50 | $1,000.00 | $906.49 | 9/14/2012 | $1,111.39 * |
| 172967FE9 | 5.5% Subordinated Notes Due 2017 | 8/27/2007 | 2/15/2017 | $995.23 | $1,000.00 | $805.00 | | |
| 172967EB3 | 5.25% Notes due 2012 (Purchased prior to 9/6/2007) | 2/27/2007 | 2/27/2012 | $997.31 | $1,000.00 | $934.84 | | |
| 172967ED9 | 5.25% Notes due 2012 (Purchased between 9/6/2007 and 9/13/2007, inclusive) | 9/6/2007 | 2/27/2012 | $997.62 | $1,000.00 | $934.84 | | |
| 172967EP2 | 5.25% Notes due 2012 (Purchased on or after 9/14/2007) | Multiple | 2/27/2012 | $998.38 | $1,000.00 | $934.84 | 2/27/2012 | $1,000.00 * |
| 172967EP2 | Floating Rate Senior Notes due 2014 | 3/5/2008 | 3/7/2014 | $993.22 | $1,000.00 | $748.56 | | |
| 172967EQ0 | 5.5% Senior Notes due 2013 | 4/11/2008 | 4/11/2013 | $994.92 | $1,000.00 | $774.40 | | |
| 172967E66 | 6.125% Senior Notes due 2018 | 5/12/2008 | 5/15/2018 | $996.45 | $1,000.00 | $921.98 | 9/14/2012 | $1,123.65 * |
| 172967FE4 | Floating Rate Senior Notes due 2018 | 5/13/2008 | 5/15/2018 | $999.99 | $1,000.00 | $921.96 | | |
| 172967EU1 | 6.5% Senior Notes due 2018 | 8/19/2008 | 8/19/2013 | $999.41 | $1,000.00 | $907.50 | 12/21/2012 | $1,007.95 * |
| 17301DCR8 | Medium-Term Senior Notes, Series D due 2022 | 5/25/2007 | 5/25/2022 | $1,000.00 | $1,000.00 | $796.02 | 5/25/2009 | $1,000.00 * |
| 17301DEK1 | Medium-Term Senior Notes, Series D due 2009 | 10/22/2007 | 10/22/2009 | $1,000.00 | $1,000.00 | $964.08 | | |
| 17301DEV6 | Medium-Term Senior Notes, Series D due 2018 | 5/7/2008 | 5/7/2018 | $1,000.00 | $1,000.00 | $720.00 | | |
| 17301DEU8 | Medium-Term Senior Notes, Series D due May 2013 | 5/29/2008 | 5/29/2013 | $1,000.00 | $1,000.00 | $957.00 | | |
| 17301DGB9 | Medium-Term Senior Notes, Series D due June 2013 | 6/26/2008 | 6/26/2013 | $1,000.00 | $1,000.00 | $990.46 | | |
| 17309D200 | 6.875% E-TRUPS, Citigroup Capital XIV | 6/30/2006 | 6/30/2066 | $25.00 | $25.00 | $13.76 | 7/24/2009 | $19.95 * |
| 17310G202 | 6.5% E-TRUPS, Citigroup Capital XV | 9/15/2006 | 9/15/2066 | $25.00 | $25.00 | $13.80 | 7/24/2009 | $19.95 * |
| 17310L201 | 6.45% E-TRUPS, Citigroup Capital XVI | 11/22/2006 | 12/31/2066 | $25.00 | $25.00 | $13.44 | 7/24/2009 | $19.95 * |
| 17311L209 | 6.35% E-TRUPS, Citigroup Capital XVII | 3/6/2007 | 3/15/2067 | $25.00 | $25.00 | $13.15 | 7/24/2009 | $19.95 * |
| 172988AB3 | 6.829% Fixed Rate/Floating Rate E-TRUPS, Citigroup Capital XVIII | 6/28/2007 | 6/28/2067 | $2,001.13 | $2,001.30 | $877.69 | 7/24/2009 | $1,142.58 * |
| 173111L200 | 7.25% E-TRUPS, Citigroup Capital XIX | 8/15/2007 | 12/15/2067 | $25.00 | $25.00 | $14.29 | 8/15/2012 | $25.00 |
| 173085200 | 7.875% E-TRUPS, Citigroup Capital XX | 11/27/2007 | 12/15/2067 | $25.00 | $25.00 | $17.14 | 12/17/2012 | $25.00 |
| 172094AA1 | 8.3% E-TRUPS, Citigroup Capital XXI | 12/21/2007 | 12/21/2057 | $997.59 | $1,000.00 | $757.83 | 7/16/2012 | $1,000.00 |

Source: Bloomberg.

Notes:
* Denotes partial conversion/call/redemption.

All per-share/note prices are in terms of 1 share/note. Issue Prices for securities with multiple offerings (i.e., securities with multiple offerings not purchased within 7 days of a follow-on offering) are a weighted average of the multiple offerings.

Prices for 6.829% Fixed Rate/Floating Rate E-TRUPS, Citigroup Capital XVIII have been converted to USD from GBP.

Conversion / Call / Redemption Prices for securities converted on 7/24/2009 refer to the value of the Common Stock conversion using the closing price of Citi stock on 7/24/2009, the date at which the exchange offer expired.

# Exhibit 2

**Exhibit 2**

**In re Citigroup Inc. Bond Litigation**
**c/o The Garden City Group, Inc.**
**P.O. Box _____**
**_____, __ _____-____**
**www._____.com**

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2013**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|

**PART I – CLAIMANT INFORMATION**

**PART II – GENERAL INSTRUCTIONS**

**PART III – SCHEDULE OF TRANSACTIONS IN BOND CLASS SECURITIES**
     **A.  CITIGROUP DEPOSITARY SHARES**
       **REPRESENTING INTERESTS IN PREFERRED STOCK**
     **B.  CITIGROUP CAPITAL ENHANCED TRUST PREFERRED SECURITIES**
     **C.  CITIGROUP NOTES AND CITIGROUP FUNDING NOTES**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

> Questions? Call 1-___-___-____  or visit www._____.com
>
> **Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

## PART I – CLAIMANT INFORMATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Four Digits of the Beneficial Owner's Employer's Identification Number or Social Security Number [1]

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Trust/Other Entity (If Claimant Is Not an Individual)

Contact Person (If Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

-

Foreign Province

Foreign Country

Foreign Zip Code

Telephone Number (Day)

(          )          -

Telephone Number (Night)

(          )          -

Email Address (*Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.*)

IDENTITY OF CLAIMANT (check only one box)
- ○ Individual   ○ Joint Owners   ○ Estate   ○ Corporation   ○ Trust   ○ Partnership   ○ Private Pension Fund
- ○ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian)   ○ Legal Representative   ○ Other (specify, describe on separate sheet)

---

[1]  The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

Page 2
Questions? Call 1-____-____-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Bond Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who purchased or otherwise acquired any of the Bond Class Securities (listed on page __ of the Notice and on pages __, __, and __ of this Claim Form) from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period"), and were damaged thereby (the "Bond Class").  Please note that the Bond Class Securities do not include Citigroup common stock.

3.      Excluded from the Bond Class by definition are:  Defendants, the Tolled Underwriter Defendants, the respective affiliates of the Defendants and the Tolled Underwriter Defendants, persons who served as Officers or Directors of any of the Defendants or the Tolled Underwriter Defendants at any time during the Settlement Class Period, members of their Immediate Families and their legal representatives, heirs, successors or assigns, trustees of the Citigroup Trusts, and any entity in which any Defendant or Tolled Underwriter Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Bond Class.  Also excluded from the Bond Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

4.      IF YOU ARE NOT A BOND CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE BOND CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A BOND CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE BOND CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Bond Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a valid request for exclusion that is received by _____, 2013.  As described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Bond Plaintiffs' Claims against any of the Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Bond Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of**

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

the Settlement.  **The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

8.     Use Part III of this Claim Form entitled "SCHEDULES OF TRANSACTIONS IN BOND CLASS SECURITIES" to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Bond Class Securities.  On these schedules, please provide all of the requested information with respect to your purchases, acquisitions, sales, conversions, and holdings of the Bond Class Securities, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

9.     **Please note**:  Only purchases or acquisitions of Bond Class Securities from May 11, 2006 through and including November 28, 2008 (the "Settlement Class Period") are eligible under the Settlement.  However, information concerning purchase, acquisitions, sales, or conversions of Bond Class Securities from November 29, 2008 through March 18, 2013 must also be provided.  Shares or notes of Bond Class Securities purchased or acquired after the Settlement Class Period will be used for purposes of matching sales to acquisitions and must be included in this Claim Form but will not be eligible for recovery under the Settlement.  In addition, shares or notes of Bond Class Securities which were sold after the Settlement Class Period, depending upon their sales price, may be used for purposes of calculating your Recognized Loss or Gain Amount pursuant to the Plan of Allocation.  Thus, information concerning such trades must also be provided.  However, certain shares or bonds of the Bond Class Securities were eligible for conversion, to be called by Citigroup or were subject to a repurchase option.  In the event that a Bond Class Security that you held was converted, called or repurchased, these transactions will be treated as sales on the date of conversion, their being called or repurchased (the "Conversion Date").  Additionally, certain Bond Class Securities matured prior to March 18, 2013.   In the event that a Bond Class Security that you held was converted or matured prior to March 18, 2013, it is unnecessary to search for or provide any additional documentation after the conversion/maturity date for that particular security.  A list of the conversion/maturity dates can be found at Table A of the Notice.

10.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Bond Class Securities set forth in the Schedules of Transactions in Part III of this form.  Documentation may consist of copies of brokerage confirmations or monthly statements.  The Parties and the Claims Administrator do not independently have information about your investments in the Bond Class Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

Page 4
Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

12.    All joint beneficial owners must each sign this Claim Form.  If you purchased or otherwise acquired the Bond Class Securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you held, purchased or otherwise acquired the Bond Class Securities during the relevant time periods and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bond Class Securities; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

    (a)    own(ed) the Bond Class Securities you have listed in the Claim Form; or

    (b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process could take substantial time to complete fully and fairly.  Please be patient.

17.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his/her/its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, The Garden City Group, Inc., at the above address or by toll-free phone at 1-___-___-____, or you may download the documents from www._____.com.

19.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of

Page 5
Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____.com or you may email the Claims Administrator's electronic filing department at _____@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at _____@_____.com to inquire about your file and confirm it was received and acceptable.


## PART III – SCHEDULE OF TRANSACTIONS IN BOND CLASS SECURITIES

Failure to provide proof of all purchases/acquisitions, sales, conversions, and ending holdings information requested below will impede proper processing of your claim and may result in the rejection of your claim.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  *Please do not provide any information regarding securities that are* not *included in the Bond Class Securities (e.g., Citigroup common stock).*

**A.**   **Citigroup Depositary Shares Representing Interests in Preferred Stock**

The securities for this section consist of the following Citigroup Depositary Shares Representing Interests in Preferred Stock ("Citigroup Preferred Securities"):

| BOX A | | | | | |
|---|---|---|---|---|---|
| Security Code | Security Description | Initial Offering Date | CUSIP Number | Conversion Date | Conversion Price |
| A | Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 6.5% Non-Cumulative Convertible Preferred Stock, Series T | 1/23/2008 | 172967598 | 7/24/2009 | $35.70 |
| B | Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.125% Non-Cumulative Convertible Preferred Stock, Series AA | 1/25/2008 | 172967572 | 7/24/2009 | $19.95 |
| C | Citigroup Depositary Shares Each Representing a 1/25th Interest in a Share of 8.40% Fixed Rate/Floating Rate Non-Cumulative Preferred Stock, Series E | 4/28/2008 | 172967ER8 | 7/24/2009 | $798.00 |
| D | Citigroup Depositary Shares Each Representing a 1/1,000th Interest in a Share of 8.50% Non-Cumulative Preferred Stock, Series F | 5/13/2008 | 172967556 | 7/24/2009 | $19.95 |

Questions? Call 1-____-____-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel**
**with questions regarding the Settlement or this Claim Form.**

| 1.  **Purchases/Acquisitions in the Settlement Class Period**– Separately list each and every purchase/acquisition, including free receipts, of the Citigroup Preferred Securities listed in Box A above **from May 11, 2006 through the close of trading on November 28, 2008**.  Please be sure to include the Security Code for each security purchased/acquired. | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Security Code (See Box A above) | Date of purchase/acquisition (List chronologically) MM     DD     YYYY | Number of shares purchased/acquired | Purchase/acquisition price per share (excluding taxes, commissions and fees) | Proof of purchase/ acquisition enclosed |
|  | /          / |  | $ | ○ Y    ○ N |
|  | /          / |  | $ | ○ Y    ○ N |
|  | /          / |  | $ | ○ Y    ○ N |
|  | /          / |  | $ | ○ Y    ○ N |
|  | /          / |  | $ | ○ Y    ○ N |

2.  **Purchases/Acquisitions after the Settlement Class Period**– State the total number of shares of each of the Citigroup Preferred Securities (listed by codes in Box A above) that were purchased or acquired, including through free receipts, **from November 29, 2008 through the close of trading on March 18, 2013**.[2]  If none, write "0" or "zero."

**A** _____ shares    **B** _____ shares    **C** _____ shares    **D** _____ shares

| 3.  **Sales and Conversions** – Separately list each and every sale, including free deliveries, and conversion of Citigroup Preferred Securities listed in Box A above **from May 11, 2006 through the close of trading on March 18, 2013**.  Please be sure to include the Security Code for each security sold or converted. | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Security Code (See Box A above) | Date of sale/conversion (List chronologically) MM     DD     YYYY | Number of shares sold/converted | Sale/conversion[3] price per share (excluding taxes, commissions and fees) | Proof of sale/conversion enclosed |
|  | /          / |  | $ | ○ Y    ○ N |
|  | /          / |  | $ | ○ Y    ○ N |
|  |  |  |  | ○ Y    ○ N |

---

[2]  **Please note:**  Information requested with respect to your purchases/acquisitions of Citigroup Preferred Securities from November 29, 2008 through the close of trading on March 18, 2013 is needed in order to balance your claim; however, purchases/acquisitions after November 28, 2008 are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.  If a security that you held was converted prior to March 18, 2013, there is no need to search for, produce or list any trading records following the date of the conversion.

[3] The conversion price for each of the Citigroup Preferred Securities is set forth in Box A above.

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

| | | | $ | |
|---|---|---|---|---|
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |

| **4.  Ending Holdings** – State the number of shares of Citigroup Preferred Securities you held that you held **as of the close of trading on March 18, 2013**.  If none, write "zero" or "0". | |
|---|---|

| Security Code (See Box A above) | Number of Shares Held | Proof of holding enclosed |
|---|---|---|
| A | _____ shares | ○ Y   ○ N |
| B | _____ shares | ○ Y   ○ N |
| C | _____ shares | ○ Y   ○ N |
| D | _____ shares | ○ Y   ○ N |

Page 8
Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

**B.**   **Citigroup Capital Enhanced Trust Preferred Securities ("Citigroup Capital E-TRUPS")**

The securities for this section consist of the following Citigroup Capital Enhanced Trust Preferred Securities ("Citigroup Capital E-TRUPS"):

| Box B | | | | | |
|---|---|---|---|---|---|
| Security Code | Security Description | Initial Offering Date | CUSIP Number | Conversion Date | Conversion Price |
| E | Citigroup Capital XIV 6.875% Enhanced Trust Preferred Securities | 6/30/2006 | 17309E200 | 7/24/2009 | $19.95 |
| F | Citigroup Capital XV 6.50% Enhanced Trust Preferred Securities | 9/15/2006 | 17310G202 | 7/24/2009 | $19.95 |
| G | Citigroup Capital XVI 6.45% Enhanced Trust Preferred Securities | 11/22/2006 | 17310L201 | 7/24/2009 | $19.95 |
| H | Citigroup Capital XVII 6.35% Enhanced Trust Preferred Securities | 3/6/2007 | 17311H209 | 7/24/2009 | $19.95 |
| I | Citigroup Capital XVIII 6.829% Fixed Rate/Floating Rate Enhanced Trust Preferred Securities | 6/28/2007 | 172988AB3 | 7/24/2009 | $1,142.58 |
| J | Citigroup Capital XIX 7.250% Enhanced Trust Preferred Securities | 8/15/2007 | 17311U200 | 8/15/2012 | $25.00 |
| K | Citigroup Capital XX 7.875% Enhanced Trust Preferred Securities | 11/27/2007 | 173085200 | 12/17/2012 | $25.00 |
| L | Citigroup Capital XXI 8.300% Enhanced Trust Preferred Securities | 12/21/2007 | 173094AA1 | 7/18/2012 | $1,000.00 |

| **1. Purchases/Acquisitions in the Settlement Class Period**– Separately list each and every purchase/acquisition, including free receipts, of the Citigroup Capital E-TRUPS listed in Box B above **from May 11, 2006 through the close of trading on November 28, 2008**. Please be sure to include the Security Code for each security purchased/acquired. | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Security Code (See Box B above) | Date of purchase/acquisition (List chronologically) MM    DD    YYYY | Number of shares purchased/acquired | Purchase/acquisition price per share (excluding taxes, commissions and fees) | Proof of purchase/ acquisition enclosed |
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

| | | | | |
|---|---|---|---|---|
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |

**2.  Purchases/Acquisitions after the Settlement Class Period**– State the total number of shares of any of the Citigroup Capital E-TRUPS (listed by codes in Box B above) that were purchased or acquired, including through free receipts, **from November 29, 2008 through the close of trading on March 18, 2013**. [4]

| Security Code (See Box B above) | Number of shares purchased or acquired |
|---|---|
| | _____ shares |
| | _____ shares |
| | _____ shares |
| | _____ shares |

**3.  Sales and Conversions** – Separately list each and every sale, including free deliveries, and conversion of Citigroup Capital E-TRUPS listed in Box B above **from May 11, 2006 through the close of trading on March 18, 2013**.  Please be sure to include the Security Code for each security sold or converted.

**IF NONE, CHECK HERE**

○

| Security Code (See Box B above) | Date of sale/conversion (List chronologically) MM     DD     YYYY | Number of shares Sold/converted | Sale/conversion[5] price per share (excluding taxes, commissions and fees) | Proof of sale/conversion enclosed |
|---|---|---|---|---|
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |
| | /          / | | $ | ○ Y   ○ N |

---

[4]   **Please note:**  Information requested with respect to your purchases/acquisitions of Citigroup Capital E-TRUPS from November 29, 2008 through the close of trading on March 18, 2013 is needed in order to balance your claim; however, purchases/acquisitions after November 28, 2008 are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.  If a security that you held was converted prior to March 18, 2013, there is no need to search for, produce or list any trading records following the date of the conversion.

[5] The conversion price for each of the Citigroup Capital E-TRUPS is set forth in Box B above.

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

| 4.  **Ending Holdings** – State the number of shares of any Citigroup Capital E-TRUPS you held as of **the close of trading on March 18, 2013**.  Please be sure to include the Security Code for each security held. | | |
|---|---|---|
| Security Code (See Box B above) | Number of Shares Held | Proof of holding enclosed |
| | _____ shares | ○ Y   ○ N |
| | _____ shares | ○ Y   ○ N |
| | _____ shares | ○ Y   ○ N |
| | _____ shares | ○ Y   ○ N |

Questions? Call 1-____-____-_____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

C.   **Citigroup Notes**

The securities for this section consist of the following Citigroup Notes:

| Box C | | | | | |
|---|---|---|---|---|---|
| Security Code | Security Description | Offering Date(s) | CUSIP Number | Conversion Date or applicable Maturity Date (if any) | Conversion Price |
| N1 | Citigroup Floating Rate Notes due 2011 | 5/18/2006 6/30/2006 | 172967DL2 | 5/18/2011 | N/A |
| N2 | Citigroup Floating Rate Subordinated Notes due 2016 | 6/9/2006 2/9/2007 | 172967DM0 | None | N/A |
| N3 | Citigroup 5.850% Notes due 2013 | 6/28/2006 | 172967DP3 | None | N/A |
| N4 | Citigroup 5.85% Notes due 2016 | 8/2/2006 10/31/2006 | 172967DQ1 | None | N/A |
| N5 | Citigroup 6.125% Subordinated Notes due 2036 | 8/25/2006 1/10/2007 | 172967DR9 | None | N/A |
| N6 | Citigroup Floating Rate Subordinated Notes due 2036 | 8/25/2006 12/13/2006 5/23/2007 | 172967DS7 | None | N/A |
| N7 | Citigroup 5.10% Notes due 2011 | 9/29/2006 10/31/2006 | 172967DU2 | 9/29/2011 | N/A |
| N8 | Citigroup Floating Rate Notes due 2009 | 12/28/2006 | 172967DW8 | 12/28/2009 | N/A |
| N9 | Citigroup 5.5% Subordinated Notes due 2017 | 2/12/2007 | 172967DY4 | None | N/A |
| N10 | Citigroup 5.250% Notes due 2012 | 2/27/2007 9/6/2007 | 172967DZ1 | 2/27/2012 | N/A |
| N11 | Citigroup Floating Rate Notes due 2014 | 3/7/2007 | 172967EA5 | None | N/A |
| N12 | Citigroup 5.875% Notes due 2037 | 5/29/2007 | 172967EC1 | None | N/A |
| N13 | Citigroup Floating Rate Notes due 2010 | 8/13/2007 | 172967EG2 | 8/13/2010 | N/A |
| N14 | Citigroup 6.00% Notes due 2017 | 8/15/2007 9/6/2007 | 172967EH0 | 9/14/2012 | $1,111.39 |
| N15 | Citigroup 5.500% Notes due 2012 | 8/27/2007 | 172967EJ6 | 8/27/2012 | N/A |

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

| N16 | Citigroup 5.300% Notes due 2012 | 10/17/2007 | 172967EL1 | 2/27/2012 (conversion) 10/17/2012 (maturity) | $1,000.00 |
| N18 | Citigroup 6.125% Notes due 2017 | 11/21/2007 | 172967EM9 | None | N/A |
| N19 | Citigroup 6.875% Notes due 2038 | 3/5/2008 | 172967EP2 | None | N/A |
| N20 | Citigroup 5.500% Notes due 2013 | 4/11/2008 | 172967EQ0 | None | N/A |
| N21 | Citigroup 6.125% Notes due 2018 | 5/12/2008 | 172967ES6 | 9/14/2012 | $1,123.65 |
| N22 | Citigroup Floating Rate Notes due 2018 | 5/13/2008 | 172967ET4 | None | N/A |
| N23 | Citigroup 6.500% Notes due 2013 | 8/19/2008 | 172967EU1 | 12/21/2012 | $1,007.95 |
| N24 | Citigroup Funding Medium Term Notes, Series D, maturing on May 25, 2022 | 5/25/2007 | 1730T0CR8 | 5/25/2009 | $1,000.00 |
| N25 | Citigroup Funding Medium Term Notes, Series D, maturing on October 22, 2009 | 10/22/2007 | 1730T0EK1 | 10/22/2009 | N/A |
| N26 | Citigroup Funding Medium Term Notes, Series D, maturing on May 7, 2010 | 5/7/2008 | 1730T0FV6 | 5/7/2010 | N/A |
| N27 | Citigroup Funding Medium Term Notes, Series D, maturing on May 28, 2013 | 5/28/2008 | 1730T0EP0 | None | N/A |
| N28 | Citigroup Funding Medium Term Notes, Series D, maturing on June 26, 2013 | 6/26/2008 | 1730T0GB9 | None | N/A |

| **1. Purchases/Acquisitions in the Settlement Class Period**– Separately list each and every purchase/acquisition, including free receipts, of the Citigroup Notes listed in Box C above **from May 11, 2006 through the close of trading on November 28, 2008**.  Please be sure to include the Security Code for each Citigroup Note purchased/acquired. | **IF NONE, CHECK HERE** ○ |
|---|---|

| Security Code (See Box C above) | Date of purchase/acquisition (List chronologically) MM      DD      YYYY | Face Value purchased/acquired | Purchase/acquisition price per note (excluding taxes, commissions and fees) | Proof of purchase/ acquisition enclosed |
|---|---|---|---|---|
|  | /          / |  | $ | ○ Y   ○ N |
|  | /          / |  | $ | ○ Y   ○ N |
|  | /          / |  | $ | ○ Y   ○ N |

Page 13

| | | | | |
|---|---|---|---|---|
| | /         / | | $ | ○ Y   ○ N |
| | /         / | | $ | ○ Y   ○ N |

Questions? Call 1-___-___-____ or visit www._____.com

**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

**2. Purchases/Acquisitions after the Settlement Class Period**– State the total face value of any the Citigroup Notes (listed in Box C above) that were purchased or acquired, including through free receipts, **from November 29, 2008 through the close of trading on March 18, 2013**.[6]  Please be sure to include the Security Code for each Citigroup Note purchased/acquired.

| Security Code (See Box C above) | Face Value purchased or acquired |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

| **3. Sales and Conversions** – Separately list each and every sale, including free deliveries, and conversion of the Citigroup Notes listed in Box C above **from May 11, 2006 through the close of trading on March 18, 2013**.  Please be sure to include the Security Code for each security sold or converted. | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Security Code (See Box C above) | Date of sale/conversion (List chronologically) MM     DD     YYYY | Face Value sold/converted | Sale/conversion[7] price per note (excluding taxes, commissions and fees) | Proof of sale/conversion enclosed |
| | /         / | | $ | ○ Y   ○ N |
| | /         / | | $ | ○ Y   ○ N |
| | /         / | | $ | ○ Y   ○ N |
| | /         / | | $ | ○ Y   ○ N |
| | /         / | | $ | ○ Y   ○ N |

---

[6]  **Please note:**  Information requested with respect to your purchases/acquisitions of Citigroup Notes from November 29, 2008 through the close of trading on either March 18, 2013 is needed in order to balance your claim; however, purchases/acquisitions after November 28, 2008 are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.  If a security that you held matured or was converted prior to March 18, 2013, there is no need to search for, produce or list any trading records following the maturity date or date of the conversion (set forth in Box C above).

[7]  The conversion price for each of the Citigroup Notes that was converted, called by Citigroup or was subject to a repurchase option is set forth in Box C above.

Page 15
Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

| **4.  Ending Holdings –** State the face value of Citigroup Notes you held as **of the close of trading on March 18, 2013**.  If none, write "zero" or "0".  Please be sure to include the Security Code for each security held. | | |
|---|---|---|
| Security Code (See Box C above) | Face Value Held | Proof of holding enclosed |
|  | $ | ○ Y   ○ N |
|  | $ | ○ Y   ○ N |
|  | $ | ○ Y   ○ N |
|  | $ | ○ Y   ○ N |

**IF YOU REQUIRE ADDITIONAL SPACE FOR ANY OF THE SCHEDULES ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX ▫**

Questions? Call 1-____-____-_____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I, (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates, and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Bond Plaintiffs' Claim (as defined in the Stipulation) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all of the Released Bond Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Bond Class Member(s), as defined in the Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded by definition from the Bond Class as set forth in the Notice and in paragraph 3 on page __ of this Claim Form;

3.      that the claimant has **not** submitted a request for exclusion from the Bond Class;

4.      that I (we) own(ed) the Bond Class Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Bond Class Securities and knows of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Bond Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel with questions regarding the Settlement or this Claim Form.**

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she or he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                          Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                                    Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                        Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page ____ of this Claim Form.)

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-8__-___-____.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or toll-free at 1-8__-___-____, or visit www._____.com.  Please DO NOT call Citigroup, any other Defendants or their counsel with questions regarding your claim.


THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2013**, ADDRESSED AS FOLLOWS:

*In re Citigroup Inc. Bond Litigation*
c/o The Garden City Group, Inc.
P.O. Box ____
_____, __ _____

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2013 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#705507

Questions? Call 1-___-___-____ or visit www._____.com
**Do not call Citigroup or any of the other Defendants in the Action or their counsel
with questions regarding the Settlement or this Claim Form.**

# Exhibit 3

UNITED STATES DISTRICT COURT                                              Exhibit 3
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CITIGROUP INC. BOND LITIGATION          Master File No. 08 Civ. 9522 (SHS)

                                              ECF Case

---

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who, from May 11, 2006 through and including November 28, 2008, purchased
or otherwise acquired any of the Bond Class Securities, which are certain debt securities (including
certain medium term notes), series of preferred stock, and series of depository shares representing
interests in preferred stock issued by Citigroup Inc. ("Citigroup") and certain of its affiliates between
May 2006 and August 2008,[1] and were damaged thereby (the "Bond Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS
ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.
PLEASE DO NOT CONTACT CITIGROUP, ANY OTHER DEFENDANTS OR THEIR COUNSEL
REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO
PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO BOND COUNSEL OR THE CLAIMS
ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW, RATHER THAN TO
CITIGROUP OR THE COURT.

        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an
Order of the United States District Court for the Southern District of New York, that the above-captioned litigation
(the "Action") has been certified as a class action on behalf of the Bond Class, except for certain persons and
entities who are excluded from the Bond Class by definition as set forth in the Stipulation and Agreement of
Settlement dated March 18, 2013 (the "Stipulation").

        YOU ARE ALSO NOTIFIED that Bond Plaintiffs in the Action have reached a proposed settlement of the
Action for $730,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

        A hearing will be held on _____, 2013 at _:__ _.m before the Honorable Sidney H. Stein at the United
States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse,
500 Pearl Street, Courtroom 23A, New York, NY 10007-1312, to determine (i) whether the proposed Settlement

---

[1]  A complete list of the Bond Class Securities is available at www._____.com. and is set forth in the full printed
notice of the settlement referred to below.  Please note that Citigroup common stock is not included in this Action.

should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Bond Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

If you are a member of the Bond Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.  If you have not yet received the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Citigroup Inc. Bond Litigation*, c/o The Garden City Group, Inc., P.O. Box _____, _____, __ _____-____, 1-___-___-____.  Copies of the Notice and Proof of Claim Form can also be downloaded from the website maintained by the Claims Administrator, http://www._____com.

If you are a member of the Bond Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form *postmarked* no later than _____, 2013.  If you are a Bond Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Bond Class and wish to exclude yourself from the Bond Class, you must submit a request for exclusion such that it is *received* no later than _____, 2013, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Bond Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Bond Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Bond Counsel and Representative Defendants' Counsel such that they are *received* no later than _____, 2013, in accordance with the instructions set forth in the Notice.

Inquiries, other than requests for the Notice and Proof of Claim Form, may be made to Bond Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Steven B. Singer, Esq.
John C. Browne, Esq.
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496
blbg@blbglaw.com

Requests for the Notice and Proof of Claim Form should be made to:

*In re Citigroup Inc. Bond Litigation,*
c/o The Garden City Group, Inc.
P.O. Box _____
_____, __ ____

(\_\_\_) \_\_\_-\_\_\_\_
www._____.com


By Order of the Court