DONALD W. GIFFIN
1000 WALNUT STREET, SUITE 1400
KANSAS CITY, MISSOURI 64106

Docket + file
(without attachment)

June 19, 2013

Honorable Sidney H. Stein
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 23A
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/13

## RESPONSE TO REPLY MEMORANDUM OF LAW IN SUPPORT OF (1) BOND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) BOND COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Re:  *In Re Citigroup, Inc. Bond Litigation*
     Master File No.: 08 civ. 9522 (shs)

Dear Judge Stein:

I have read the Reply Memorandum of Law ... [in Support of Final Approval of Class Action Settlement] and specifically pages four through eight relating to my objections. I offer the following response:

Like many class members, I have not examined the pleadings, followed the discovery, monitored the certification hearing or the various motions, nor have I followed the settlement negotiations. My claim is not big and would not economically justify such an expenditure of time and resources.

My objections[1] are based upon readings from the popular press and represent an effort to express investor outrage over exploitation by individuals seeking to personally profit by ignoring sound banking and business practices. Indeed, the proposed settlement would enable these individuals to continue such conduct undeterred in the future. It seems to me that, whatever your decision, some portion of your Memorandum and Order should address these objections in a substantive fashion so that class members will be aware that you have considered and ruled upon the public interest issues involved.

I have the following responses to Counsel for Bond Plaintiffs' Memorandum:

---

[1] The notice I received placed no limit on the basis for a class member's objection.

WA 4383143.1

DONALD W. GIFFIN

Honorable Sidney H. Stein
July 19, 2013
Page 2

    1.    I am a Bond Class Member and have standing to make objections. Attached are copies of my Proof of Claim and Release Form (dated June 10, 2013) and Confirmation Notice (dated June 20, 2013).

    2.    Whatever point Counsel for Bond Plaintiffs attempts to make by reference to the "Stock Action" eludes me. I was not a party or class member (if, indeed, it was a class action) to that litigation. My objection is not based upon "a shift of money" between securities owners.

    3.    Counsel for Bond Plaintiff's "Second" point (page six) ignores the broad discretion of the court in the approval or disapproval of class settlements. It assumes the court is powerless to consider issues of public interest and must base its determination solely upon whether compensation to class members is adequate. The Warner decision, 798 F.2d 35, 37 (2nd Cir. 1986) does not limit this court's discretion to consider issues of public interest. According to the Reply Memorandum, the Court of Appeals merely decided that within its broad discretion the district court was "not required to supervise how defendants apportion liability." The decision, however, does not foreclose consideration of the public interest.

    4.    This Court's discretion to consider issues of public interest extends not only to issues litigated under the pleadings but also to issues which might have been litigated. The Manual for Complex Litigation (Fourth), § 21.62, at 315 (2004) states:

> "Fairness calls for a comparative analysis of the treatment of class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the Settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process."

Additionally, courts should note whether "major claims or types of relief sought in the complaint have been omitted from the settlement." Id. at 317. The role of the court is that of being "a fiduciary serving as a guardian for

DONALD W. GIFFIN

Honorable Sidney H. Stein
July 19, 2013
Page 3

unrepresented class members." <u>United States v. City of Miami</u>, 614 F.2d 1322, 1331 (5th Cir. 1980).

    5.    Counsel for Bond Plaintiff's "Third" point, in my opinion, naively assumes that indemnification agreements between a corporation and its officers are enforceable when the employee has breached the duty of loyalty. While I am not a New York attorney, that is not my understanding of the law. However, even if the indemnity agreements are enforceable the absence of additional monetary recovery to class members should not forestall a public interest expression of this court. Sound banking and business practices are not <u>de minimis.</u>

    6.    Counsel for Bond Plaintiffs assert that because their complaint made no claim for injunctive relief that an objection based upon the absence of injunctive relief is inappropriate. Failure to provide for injunctive relief is a legitimate concern of the approval process. <u>Shultz v. Chicago Int'l Corp.</u>, 821 F. Supp. 520, 522 (E.D. Tenn. 1993). As previously noted, settlement approval must also consider relief which could have been granted if class members had sought it "without using the class action process." Regardless of whether the judgment of this Court will technically estop class members from later asserting injunctive claims based upon allegations included within the complaint, as a practical matter, if injunctive claims are not addressed in this action, no class member can afford to separately litigate such claims on behalf of other class members and the investing public.

    7.    Finally, counsel also seems to suggest that their view of this litigation is so myopic that they considered only claims under the Securities Act. Such a limited imagination is remarkable.

Sincerely,

Donald W. Giffin

DWG/cdc

WA 4383143.1

DONALD W. GIFFIN

Honorable Sidney H. Stein
July 19, 2013
Page 4

cc:    Clerk of Court
       United States District Court for the
          Southern District of New York
       Daniel Patrick Moynihan United States Courthouse
       500 Pearl Street
       New York, NY  10007-1312

       **Bernstein Litowitz Berger & Grossman LLP**
       Max W. Berger, Esq.
       Steven B. Singer, Esq.
       John C. Brown, Esq.
       1285 Avenue of the Americas
       38th Floor
       New York, NY  10019
       **Bond Counsel**

       **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
       Brad Karp, Esq.
       Richard A. Rosen, Esq.
       Susanna M. Buergel, Esq.
       1285 Avenue of the Americas
       New York, NY  10019-6064
       **Representative Defendants' Counsel**