```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/1/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CITIGROUP INC. BOND
LITIGATION

Master File No. 08 Civ. 9522 (SHS)

# A [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN AND PAYMENT OF LITIGATION EXPENSE

Bond Plaintiffs, on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and Bond Counsel has requested approval of payment from the Settlement Fund of a Litigation Expense not previously applied for, and the Court having considered all the materials and arguments submitted in support of the motion and request, including the Declaration of Stephen J. Cirami in Support of Bond Plaintiffs' Motion for Approval of Distribution Plan (the "Cirami Declaration"), the Declaration of Rochelle Feder Hansen in Support of Request for Approval of Payment of Litigation Expense, and the Memorandum in Support of Bond Plaintiffs' Motion for Approval of Distribution Plan and Bond Counsel's Request for Approval of Payment of Litigation Expense, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 18, 2013 (the "Stipulation") and the Cirami Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Cirami Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Bond Class Members.

3. Bond Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

(a) The administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Cirami Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B-2 to the Cirami Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as set forth in Exhibit B-3 to the Cirami Declaration are adopted;

(c) Rather than delay distribution to Authorized Claimants until the Claims-in-Process and disputed Claims are fully resolved, any distribution to Claims-in-Process[1] and disputed Claims, to the extent they ultimately may be determined to be eligible to participate in the Settlement, shall await what is defined below as the "Claims-in-Process Distribution";

(d) GCG is directed to conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting the payments previously allowed and those authorized herein, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, as set forth in paragraph 47(b) of the Cirami Declaration. Specifically, as set forth in paragraph 47(b) of the Cirami Declaration, (1) any Authorized Claimant whose Distribution Amount calculates to less than $20.00 shall not receive any payment from the Net Settlement Fund; (2) Authorized Claimants whose calculated Distribution Amount (after removing from the calculation all Claims that fall under the $20.00 minimum payment threshold) is less than $100 shall be paid their full

---

[1] The Claims-in-Process include 274 Claims for which GCG has not yet completed processing, as well as any new Claims or any adjustments to previously filed Claims that would result in an increased Recognized Claim amount that are postmarked or received through and including five (5) business days after entry of this Order (the "Claims-in-Process Cut-off Date").

2

Distribution Amount ("Claims Paid in Full") and shall not be eligible for payment in subsequent distributions of the Net Settlement Fund; and (3) after deducting the payments to the Claims Paid in Full, 90% of the remaining balance of the Net Settlement Fund shall be distributed on a *pro rata* basis to Authorized Claimants whose calculated Distribution Amount (after removing from the calculation all Claims that fall under the $20.00 minimum payment threshold) is $100 or more, with the remaining 10% held in reserve (the "Reserve") to address any contingencies that may arise, including the payment of any Claims-in-Process and disputed Claims that ultimately may be determined to be eligible to participate in the Settlement;

(e)     In order to encourage Authorized Claimants to cash their checks promptly, and to avoid or reduce future expenses relating to unpaid checks, all Initial Distribution checks (and Claims-in-Process Distribution checks issued pursuant to subparagraph (g) below) shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Bond Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in paragraph 47(b)(6) footnote 7 of the Cirami Declaration;

(f)     Authorized Claimants who do not cash their Initial Distribution checks (or, as applicable, Claims-in-Process Distribution checks) within the time allotted or on the conditions set forth in paragraph 47(b)(6) footnote 7 of the Cirami Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be redistributed to other Authorized Claimants in the Second Distribution of the Net Settlement Fund described below. Similarly, Authorized

Claimants who do not cash subsequent distributions within the time allotted or on the conditions set forth in paragraph 47(b)(6) footnote 7 of the Cirami Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(g) When GCG has completed the processing of the Claims-in-Process and disputed Claims, Bond Plaintiffs shall move the Court for approval of GCG's determinations with respect to those Claims; and upon entry of an order approving the Claims-in-Process and/or disputed Claims for payment (if any), GCG shall make a distribution to any Claimants whose Claims-in-Process and/or disputed Claims are accepted for payment that will bring them into parity with the Claimants approved for payment pursuant to this Order (the "Claims-in-Process Distribution");

(h) After GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution and Claims-in-Process Distribution checks (as set forth in paragraph 47(b)(6) footnote 7 of the Cirami Declaration), but no earlier than nine (9) months after the Claims-in-Process Distribution, GCG shall conduct a second distribution (the "Second Distribution") of the Net Settlement Fund, pursuant to which any amount remaining in the Net Settlement Fund after the Initial Distribution and the Claims-in-Process Distribution (including the Reserve and the funds for all void stale-dated checks), after deducting GCG's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs of the Claims-in-Process Distribution and the estimated costs of such Second Distribution), and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants from the Initial Distribution and Claims-in-Process Distribution who (1) were not Claims Paid in Full; (2) cashed their Initial

Distribution check or Claims-in-Process Distribution check; and (3) would receive at least $20.00 from such distribution;

(i) In order to allow a final distribution of any funds remaining in the Net Settlement Fund after completion of the Second Distribution, whether by reason of uncashed checks, returned funds, tax refunds, or otherwise:

(1) If cost effective, not less than six (6) months after the Second Distribution is conducted, GCG shall conduct a further distribution of the Net Settlement Fund, pursuant to which the funds remaining in the Net Settlement Fund after the Second Distribution, after deducting GCG's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such distribution), and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to Authorized Claimants who cashed their Second Distribution checks and who would receive at least $20.00 from such redistribution, with additional redistributions thereafter in six-month intervals, subject to the conditions previously noted, until Bond Counsel, in consultation with GCG, determines that further redistribution is not cost effective; and

(2) At such time as Bond Counsel, in consultation with GCG, determines that the redistribution of funds remaining in the Net Settlement Fund is not cost effective, any otherwise valid Claims received or adjusted after the Claims-in-Process Cut-off Date shall be paid in accordance with subparagraph (j) below. If any funds shall remain in the Net Settlement Fund after payment of any such late or late adjusted Claims, the remaining balance of the Net Settlement Fund shall be

5

contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) recommended by Bond Counsel and approved by the Court;

(j) No further Proofs of Claim may be accepted, and no further adjustments to Proofs of Claim that would result in an increased Recognized Claim amount may be made for any reason, after the Claims-in-Process Cut-off Date, subject to the following exception. If Proofs of Claim are received or modified after that date that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received then, at the time that Bond Counsel, in consultation with GCG, determines that a redistribution is not cost effective as provided in subparagraph (i)(2) above, such Claimants, at the discretion of Bond Counsel, may be paid their Distribution Amounts or additional Distribution Amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(k) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Bond Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Bond Plaintiffs, Bond Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Bond Plaintiffs or Bond Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to Authorized Claimants;

(l) All of GCG's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit C to the Cirami Declaration are approved, and Bond Counsel are directed to pay $974,335.83 out of the Settlement Fund to GCG for the unpaid balance of such fees and expenses; and

(m) Unless otherwise ordered by the Court, one year after the Second Distribution, GCG shall destroy the paper copies of the Proofs of Claim and all supporting documentation and, one year after all funds in the Net Settlement Fund have been distributed, GCG shall destroy electronic copies of the same.

4. Payment from the Settlement Fund of the outstanding Litigation Expense not previously applied for in the amount of $129,855 is hereby approved.

5. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York
       August 1, 2014

_____
SIDNEY H. STEIN
United States District Judge

#802113